FRANK S. MOORE, SBN 158029
Law Offices of Frank S. Moore, APC
SUZY C. MOORE, SBN 151502
Law Offices of Suzy C. Moore
1374 Pacific Avenue
San Francisco, California 94109
Telephone:    (415) 292-6091
Facsimile:    (415) 292-6694

Attorneys for Defendant
ROSA RIVERA KEEL

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OM FINANCIAL SERVICES COMPANY, | No. C07-04723 MHP |
| Plaintiff, | **DEFENDANT ROSA RIVERA KEEL'S NOTICE OF SPECIAL MOTION TO STRIKE PLAINTIFF'S COMPLAINT PURSUANT TO CALIFORNIA'S ANTI-SLAPP STATUTE** |
| vs. | |
| ROSA RIVERA KEEL AND DOES 1 through 10, INCLUSIVE, | [Cal. Code of Civ.Proc., 425.16] |
| Defendant. | Date:   January 14, 2008<br>Time:   2:00 p.m.<br>Place:  Courtroom 15, 18th Floor |

Honorable Marilyn Hall Patel

TO: THE CLERK OF THE COURT AND PLAINTIFF OM FINANCIAL SERVICES COMPANY. PLEASE TAKE NOTICE THAT on January 14, 2008, at 2:00 p.m., or as soon thereafter as the matter may be heard in Courtroom 15, 18th Floor, of the above-captioned Court, defendant, ROSA RIVERA KEEL, will seek an Order from the Court striking the complaint, with prejudice and without leave to amend, pursuant to California Code of Civil Procedure section 425.16, on the grounds that the complaint is a "reactive declaratory action" designed to chill defendant Rosa Rivera Keel's protected conduct covered by California Code of Civil Procedure section 425.16, subdivisions (e)(1) and (2).

DATED: December 3, 2007          /s/ signature on file
                                 Frank S. Moore
                                 Attorney for defendant Rosa Rivera Keel

1  FRANK S. MOORE, SBN 158029
   Law Offices of Frank S. Moore, APC
2  SUZY C. MOORE, SBN 151502
   Law Offices of Suzy C. Moore
3  1374 Pacific Avenue
   San Francisco, California 94109
4  Telephone:    (415) 292-6091
   Facsimile:    (415) 292-6694
5
   Attorneys for Defendant
6  ROSA RIVERA KEEL

7

8

9              IN THE UNITED STATES DISTRICT COURT

10            FOR THE NORTHERN DISTRICT OF CALIFORNIA

11 OM FINANCIAL SERVICES COMPANY,    )    No. C07-04723 MHP
                                     )
12                                   )    **DEFENDANT ROSA RIVERA KEEL'S**
              Plaintiff,             )    **MEMORANDUM OF POINTS AND**
13                                   )    **AUTHORITIES IN SUPPORT OF SPECIAL**
         vs.                         )    **MOTION TO STRIKE PLAINTIFF'S**
14                                   )    **COMPLAINT PURSUANT TO**
   ROSA RIVERA KEEL AND DOES 1 through )  **CALIFORNIA'S ANTI-SLAPP STATUTE**
15 10, INCLUSIVE,                    )
                                     )       [Cal. Code of Civ.Proc., 425.16]
16                                   )
              Defendant.             )    Date:   January 14, 2008
17 _____ /    Time:   2:00 p.m.
                                          Place:  Courtroom 15, 18th Floor
18
                                               Honorable Marilyn Hall Patel
19

20

21

22

23

24

25

26

27

28

1
2

# **TABLE OF CONTENTS**

3
TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

4
INTRODUCTION AND SUMMARY OF RELIEF SOUGHT . . . . . . . . . . . . . . . . . . . . . . . . . 1

5
STATEMENT OF RELEVANT FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

6
ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

7
      A.    California's Anti-SLAPP Statute . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

8
      B.    The Applicability of California's Anti-SLAPP Statute in Federal Court . . . . . . . . . 4

9
      C.    California's Anti-SLAPP Statute Applies to Plaintiff's Claims Brought
             Pursuant to Diversity Jurisdiction Under the Declaratory Judgment Act . . . . . . . . . 5

10
11
      D.    Plaintiff's Declaratory Relief Complaint Arises Under Defendant's First
             Amendment Conduct and Defendant Can Prove a *Prima Facie*
             Application of California's Anti-SLAPP Statute . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

12
      E.    Plaintiff Cannot Prevail in Its Declaratory Relief Complaint . . . . . . . . . . . . . . . . . . 9

13
14
            1.    Defendant's Conduct Giving Rise to Plaintiff's Claim of "a Case or
                 Controversy" is Absolutely Privileged . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

15
            2.    Defendant Cannot Allege an Injury in Fact to Establish "a Case or
                 Controversy" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

16
17
                 a.    Defendant Cannot Allege an Injury "Traceable" to Defendant's
                       Acts or Omissions to Establish a Case or Controversy . . . . . . . . . . . 13

18
                 b.    Defendant Cannot Allege a Substantial Likelihood for
                       Redress to Establish a Case or Controversy . . . . . . . . . . . . . . . . . . . 13

19
20
            3.    Various Abstention and Primary Jurisdiction Doctrines Can Prevent
                 Plaintiff's Suit as an End-Run Around the California Department of
                 Insurance's Regulatory Powers . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

21
22
                 a.    The California Department of Insurance's Regulatory Power
                       Over Consumer Complaints . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

23
                 b.    The Discretionary Nature of the District Court's Jurisdiction
                     Militates Against Maintaining Jurisdiction of This Action . . . . . . . . 16

24
25
                 c.    "<u>Younger</u>" Abstention Provides Another Basis to Avoid
                     Federal Court Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

26
                     i.    A State Administrative Proceeding Was Pending
                       When Plaintiff Filed the Federal Action . . . . . . . . . . . . . . 18

27
28
                     ii.    The Department of Insurance's Administrative
                       Proceeding Implicates Important State Interests . . . . . . . . . 19

*OM FINANCIAL SERVICES COMPANY v. ROSA RIVERA KEEL, et al.*       Case No. C07-04723 MHP
DEFENDANT ROSA RIVERA KEEL'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S
COMPLAINT PURSUANT TO CALIFORNIA'S ANTI-SLAPP STATUTE            i

iii.    Plaintiff's Claim Does Not Raise a Federal Question and Plaintiff Has Adequate Judicial Review of the Department of Insurance's Administrative Proceeding . . . . . 19

iv.    The Policies Behind the <u>Younger</u> Abstention Doctrine Are Implicated by the Action Plaintiff Has Requested of the Federal Court . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

d.    "<u>Burford</u>" Abstention Provides Yet Another Basis to Avoid Federal Court Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

e.    The "Exhaustion of Administrative Remedies" and/or the "Primary Jurisdiction" Doctrines Provide Another Basis to Avoid Federal Court Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*OM FINANCIAL SERVICES COMPANY v. ROSA RIVERA KEEL, et al.*        Case No. C07-04723 MHP

DEFENDANT ROSA RIVERA KEEL'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO CALIFORNIA'S ANTI-SLAPP STATUTE        ii

1

## TABLE OF AUTHORITIES

2

**Federal Cases:**

3

Aetna Life Ins. Co. v. Haworth,
    300 U.S. 227 (1937) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

4

Alabama Pub. Serv. Comm'n v. Southern R.R. Co.,

5

    341 U.S. 341 (1951) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

6

Allen v. Wright ,
    468 U.S. 737 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

7

AmerisourceBergen Corp. v. Roden,

8

    495 F.3d 1143 (9th Cir.2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

9

Batzel v. Smith,
    333 F.3d 1018 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

10

Bradley Lumber Co. of Arkansas v. N.L.R.B.,

11

    84 F.2d 97 (5th Cir. 1936) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

12

Brillhart v. Excess Ins. Co. of America,
    316 U.S. 491 (1942) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

13

Budget Rent-A-Car v. Crawford,

14

    108 F.3d 1075 (9th Cir.1997), *overruled on other grounds in* 133 F.3d 1220 . . . . . . . . . . . 16

15

Bullfrog Films, Inc. v. Wick,
    847 F.2d 502 (9th Cir.1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

16

Burford v. Sun Oil Co.,

17

    319 U.S. 315 (1943) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

18

California Ass'n of Emp. v. Building and Const. Trades Council of Reno, Nev. and Vicinity,
    178 F.2d 175 (9th Cir. 1950) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

19

Canatella v. California,

20

    404 F.3d 1106 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

21

Chamberlain v. Allstate Ins. Co.,
    931 F.2d 1361 (9th Cir.1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 17

22

CTS Corp. v. Dynamics Corp. of Am.,

23

    481 U.S. 69 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

24

DaimlerChrysler Corp. v. Cuno,
    __ U.S. __, 126 S.Ct. 1854 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

25

Employers Reinsurance Corp. v. Karussos,

26

    65 F.3d 796 (9th Cir.1995), *overruled on other grounds in* 133 F.3d 1220 . . . . . . . . . . . . . 16

27

Erie v. Tompkins,
    304 U.S. 64 (1938) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

28

*OM FINANCIAL SERVICES COMPANY v. ROSA RIVERA KEEL, et al.*         Case No. C07-04723 MHP
DEFENDANT ROSA RIVERA KEEL'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S
COMPLAINT PURSUANT TO CALIFORNIA'S ANTI-SLAPP STATUTE         iii

Eureka Federal Sav. & Loan Ass'n of San Francisco v. Flynn,
    534 F.Supp. 479 (N.D. Cal. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Far East Confer. v. United States,
    342 U.S. 570 (1952) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Fletes-Mora v. Brownell,
    231 F.2d 579 (9th Cir.1955) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Gibson v. Berryhill,
    411 U.S. 564 (1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Gilbertson v. Albright,
    381 F.3d 965 (9th Cir.2004) (en banc) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Gladstone Realtors v. Village of Bellwood,
    441 U.S. 91 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Government Employees Insurance v. Dizol,
    133 F.3d 1220 (9th Cir.1998) (en banc) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Gully v. Interstate Natural Gas Co.,
    82 F.2d 145 (5th Cir. 1936) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Intellectual Property Develop., Inc. v. TCI Cablevision of Calif., Inc.,
    248 F.3d 1333 (DC Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Kenneally v. Lungren,
    967 F.2d 329 (9th Cir.1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Lujan v. Defenders of Wildlife,
    504 U.S. 555 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12, 13

Lutge v. Eskanos & Adler, P.C.,
    2007 WL 1521551 (N.D.Cal. May 24, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

M & A Gabaee v. Community Redevelop. Agency of City of Los Angeles,
    419 F.3d 1036 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Meredith v. Oregon,
    321 F.3d 807 (9th Cir.2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Middlesex County Ethics Committee v. Garden State Bar Ass'n,
    457 U.S. 423 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Mitcheson v. Harris,
    955 F.2d 235 (4th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

New Orleans Pub. Serv., Inc. v. Council of New Orleans,
    491 U.S. 350 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19, 20

Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc.,
    477 U.S. 619 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Paramount Pictures Corp. v. Replay TV,
    298 F.Supp.2d 921 (CD Cal. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*OM FINANCIAL SERVICES COMPANY v. ROSA RIVERA KEEL, et al.*        Case No. C07-04723 MHP
DEFENDANT ROSA RIVERA KEEL'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S
COMPLAINT PURSUANT TO CALIFORNIA'S ANTI-SLAPP STATUTE        iv

*Pennzoil Co. v. Texaco, Inc.*,
    481 U.S. 1 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18, 19

*Public Service Comm'n v. Wycoff Co.*,
    344 U.S. 237 (1952) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 17

*Rogers v. Home Shopping Network, Inc.*,
    57 F.Supp.2d 973 (CD CA 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Samuels v. Mackell*,
    401 U.S. 66 (1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Smith v. California Dept. of Corrections*,
    2006 WL 3518257 (E.D.Cal.2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Sonoma Foods, Inc. v. Sonoma Cheese Factory, LLC*,
    2007 WL 2122638 (N.D.Cal. Jul 23, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Steel Co. v. Citizens for a Better Environment*,
    523 U.S. 83 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Thomas v. Fry's Electronics, Inc.*,
    400 F.3d 1206 (9th Cir.2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. City of Las Cruces*,
    289 F.3d 1170 (10th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*United States v. Culliton*,
    328 F.3d 1074 (9th Cir.2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*United States ex rel. Newsham v. Lockheed Missiles & Space Co.*,
    190 F.3d 963 (9th Cir.1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 8

*Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*,
    454 U.S. 464 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Verizon Delaware, Inc. v. Covad Communications Co.*,
    377 F.3d 1081 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Vermont Agency of Natural Resources v. United States ex rel. Stevens*,
    529 U.S. 765 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Wilton v. Seven Falls Co.*,
    515 U.S. 277 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Younger v. Harris*,
    401 U.S. 37 (1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18, 19, 20

**California Cases:**

*Bixby v. Pierno*,
    4 Cal.3d 130 (1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Braun v. Chronicle Publ'g Co.*,
    52 Cal.App.4th 1036 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Bunnett v. Regents of Univ. of Cal.,
    35 Cal.App.4th 843 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Dowling v. Zimmerman,
    85 Cal.App.4th 1400 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Church of Scientology v. Wollersheim,
    42 Cal.App.4th 628 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Dove Audio, Inc. v. Rosenfeld, Meyer & Susman,
    47 Cal.App.4th 777 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

DuPont Merck Pharmaceutical Co. v. Superior Court,
    78 Cal.App.4th 562 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Equilon Enters., LLC v. Consumer Cause, Inc.,
    29 Cal.4th 53 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Farmers Ins. Exchange v. Superior Court,
    2 Cal.4th 377 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21, 22, 23

Governor Gray Davis v. American Taxpayers Alliance,
    102 Cal.App.4th 449 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Hagberg v. California Federal Bank,
    32 Cal.4th 350 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Jonathan Neil & Associates v. Jones,
    33 Cal.4th 917 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Lafayette Morehouse, Inc. v. Chronicle Publ'g Co.,
    37 Cal.App.4th 855 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 8

Maloney v. Rhode Island Ins. Co.,
    115 Cal.App.2d 238 (1953) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Mann v. Quality Old Time Service, Inc.,
    120 Cal.App.4th 90 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Navellier v. Sletten,
    29 Cal.4th 82 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 10

Paul for Council v. Hanyecz,
    85 Cal.App.4th 1356 (2001), *overruled on other grounds in* 29 Cal.4th 53 (2002) . . . . . . . . 9

Pollock v. Superior Court,
    229 Cal.App.3d 26 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Rubin v. Green,
    4 Cal.4th 1187 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Silberg v. Anderson,
    50 Cal.3d 205 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*OM FINANCIAL SERVICES COMPANY v. ROSA RIVERA KEEL, et al.*    Case No. C07-04723 MHP
DEFENDANT ROSA RIVERA KEEL'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S
COMPLAINT PURSUANT TO CALIFORNIA'S ANTI-SLAPP STATUTE    vi

<u>Simmons v. Allstate Ins. Co.</u>,
    92 Cal.App.4th 1068 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 9

<u>20th Century Ins. Co. v. Quackenbush</u>,
    64 Cal.App.4th 135 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 19

<u>Wilcox v. Superior Court</u>,
    27 Cal.App.4th 809 (1994), *overruled on other grounds in* 29 Cal.4th 53 (2002) . . . . . . . . 8

**<u>Docketed Cases</u>:**

    San Francisco County Superior Court
        Case No. CGC 06-457269 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 6, 13, 14

**<u>Statutes and Rules</u>:**

    Declaratory Judgment Act

        28 U.S.C. Section 1332 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
        28 U.S.C. Section 2201 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 10, 11, 12, 16

    Federal Rules of Civil Procedure

        Rule 15(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
        Rule 57 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

    California Civil Code

        Section 47(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11, 23
        Section 47(b)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
        Section 47(b)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

    California Code of Civil Procedure

        Section 1094.5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19
        Section 425.16 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7, 9
        Section 425.16(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
        Section 425.16(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 9
        Section 425.16(e)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 23
        Section 425.16(e)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 23

    California Insurance Code

        Section 12921, *et seq.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19, 21
        Section 12921.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 14
        Section 12921.3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15
        Section 12921.3(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
        Section 12921.3(b)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
        Section 12921.4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
        Section 12921.4(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
        Section 12921.5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
        Section 12921.9 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
        Section 12922 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

    California Code of Regulations

*OM FINANCIAL SERVICES COMPANY v. ROSA RIVERA KEEL, et al.*        Case No. C07-04723 MHP
DEFENDANT ROSA RIVERA KEEL'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S
COMPLAINT PURSUANT TO CALIFORNIA'S ANTI-SLAPP STATUTE        vii

Title 10, Section 2694 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Title 10, Section 2695.7(b)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

1

## INTRODUCTION AND SUMMARY OF RELIEF SOUGHT

2      Plaintiff OM FINANCIAL SERVICES COMPANY ("Om Financial") filed a one count

3  claim under the Declaratory Judgment Act (28 U.S.C. § 2201) against defendant ROSA RIVERA

4  KEEL concerning a life insurance policy her deceased husband had arranged to purchase through

5  Om Financial's agent, Family Direct Insurance Services, Inc.  Plaintiff seeks an Order from this

6  Court to declare that defendant is not entitled to the benefits under the policy, that it properly

7  cancelled the policy and that its declaratory relief action was "brought in good faith." (See Prayer to

8  Complaint, ¶¶1-3 – Exhibit "A" to the Declaration of Frank S. Moore in Support of Request for

9  Judicial Notice ["RJN"] filed concurrently herewith.)

10      The plaintiff filed this action after defendant Rosa Rivera Keel voluntarily dismissed her

11  lawsuit filed in San Francisco Superior Court against its agents, Patrice Ann Pfitzer and Family

12  Direct Insurance Services, Inc., and after initiating a consumer complaint with the California

13  Department of Insurance regarding these agents' failure to arrange for direct withdrawal of the

14  premium payments from her husband's bank account.  Defendant, a widow, had the indignity of

15  losing her husband to a senseless car-jacking and then found herself without a $620,000 death

16  benefit her husband thought he had arranged  to pay off their mortgage in the event of his death.

17  Defendant Keel lost her house as a result of the denial of policy benefits.

18      After initiating her lawsuit against the plaintiff's agents, defendant Rosa Rivera Keel

19  discovered through that action that her husband had omitted pertinent information from his

20  application for the life insurance policy regarding treatment he had received for drug abuse.  As a

21  result of the discovery of this information, defendant chose to voluntarily dismiss her lawsuit against

22  Patrice Ann Pfitzer and Family Direct Insurance Services, Inc., rather than continue to litigate given

23  the probability that the principal, Om Financial, would likely assert a rescission of the insurance

24  policy in question and its agents would be able to rely on such assertion as a defense to the lawsuit.

25      Nevertheless, defendant Rosa Rivera Keel decided that, because she considered an injustice

26  had been done, she would pursue a consumer complaint with the California Department of Insurance

27  pursuant to California Insurance Code section 12921.1 against Family Direct Insurance Services, Inc.

28  Rather than accept the jurisdiction over such matters by the California Department of Insurance and

*OM FINANCIAL SERVICES COMPANY v. ROSA RIVERA KEEL, et al.*      Case No. C07-04723 MHP
DEFENDANT ROSA RIVERA KEEL'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S
COMPLAINT PURSUANT TO CALIFORNIA'S ANTI-SLAPP STATUTE      1

1    cooperate in the investigation, plaintiff chose to initiate this action in order to cause defendant to

2    incur attorneys' fees and costs she cannot afford.  The lawsuit has no purpose other than to chill

3    defendant's protected conduct and is a class strategic lawsuit against public participation.

4                              **STATEMENT OF RELEVANT FACTS**

5           Plaintiff's complaint contains a incomplete, false and misleading statement of facts in its

6    attempt to state a "case of actual controversy."  Plaintiff omitted from its pleading the undisputed

7    fact that defendant Rosa Rivera Keel had filed suit last year against her deceased husband's broker,

8    Patrice Ann Pfitzer and  Family Direct Insurance Services, Inc., in San Francisco County Superior

9    Court (Case No. CGC 06-457269) alleging negligence in the procurement of a life insurance policy

10   but dismissed it on February 27, 2007, after learning through that litigation that her husband had

11   omitted from his insurance application treatment for substance abuse. (See Declaration of Rosa

12   Rivera Keel and Exhibits "C" and "D" to the RJN.)  Also omitted from plaintiff's complaint is the

13   undeniable fact that defendant initiated a consumer complaint against Family Direct Insurance

14   Services, Inc., with the Department of Insurance pursuant to California Insurance Code section

15   12921.1 which involved inquiry into plaintiff's and its agents' practices which is pending and

16   ongoing. (See Keel Decl., ¶6 and Exhibit "F" to the RJN.)

17          In its complaint, plaintiff alleges that defendant is a beneficiary of a life insurance policy

18   issued to her late husband, Sean Kenneth Keel, which was cancelled due to alleged failure to make

19   the premium payment.  (Complaint, ¶1 – Exhibit "A" to RJN.)  Plaintiff admits that Mr. Keel filled

20   out an application for the policy and that he designated defendant Rosa Rivera Keel as the

21   beneficiary of the policy.  (Complaint, ¶8 – Exhibit "A" to RJN.)  Plaintiff falsely asserts that Mr.

22   Keel elected the option to make quarterly  premium payments. (Id.)[1]  Yet, plaintiff admits that it

23   issued Policy L0531119. (Complaint, ¶9 – Exhibit "A" to RJN.)

24          Plaintiff alleged that Mr. Keel did not pay the initial quarterly premium in the amount of

25   $378.30 when the policy was issued. (Complaint, ¶11 – Exhibit "A" to RJN.)  Omitted from

26   _____

27          [1]    As demonstrated herein, this is one of three materially false allegations contradicted by
     the allegations of the suit defendant filed against plaintiff's agents in San Francisco County Superior
28   Court, Case No. CGC 06-457269 (Keel Complaint – Exhibit "C" to RJN.)

plaintiff's complaint is the fact that defendant Rosa Rivera Keel, as the plaintiff in San Francisco County Superior Court, Case No. CGC 06-457269, had alleged facts, along with supporting evidence, that Mr. Keel had opted to accept the option offered by Om Financial's agent, Patrice Ann Pfitzer and Family Direct Insurance Services, Inc., of arranging direct withdrawal payments by providing them a check for $97.47, which would pay for the first month after the policy was issued and future payments would be drawn from his checking account. (Keel Complaint, ¶¶9a-11 – Exhibit "C" to RJN.)

Plaintiff alleges that it provided Mr. Keel notice of not receiving the initial premium payment and cancellation of the policy. (Complaint, ¶¶12-15 – Exhibit "A" to RJN.)  Defendant Rosa Rivera Keel acknowledged in her complaint that the policy was delivered with a notice to pay the initial premium payment but that the policy also contained indication that the automatic withdrawal option for premium payments had been arranged.  Indeed, omitted from plaintiff's complaint is the fact that defendant Rosa Rivera Keel, as the plaintiff in San Francisco County Superior Court, Case No. CGC 06-457269, had alleged that plaintiff's agent, Patrice Ann Pfitzer, had certified on behalf of Family Direct Insurance Services, Inc., that, if the initial premium was paid with the application, she had remitted it to the insurer and had delivered a Conditional Receipt to the Owner, that Ms Pfitzer had delivered a letter to Mr. Keel enclosing Policy L0531119 with a certificate of life insurance issued by Om Financial's predecessor and bound with  Policy L0531119 a copy of the check for $97.78 with the word "VOID" written across it. (Keel Complaint, ¶¶12-15 – Exhibit "C" to RJN.)

Plaintiff alleges that it received a check for $378.00 on January 26, 2006, "which was purportedly sent to OM Life by Mr. Keel." (Complaint, ¶18 – Exhibit "A" to RJN.)  This allegation is then used to characterize defendant Rosa Rivera Keel as committing a fraud by "contending" that the  $378.30 was paid by her deceased husband.  Nothing could be further from the truth.  As she alleged in her complaint in San Francisco Superior Court Case No. CGC 06-457269, it was she who paid the plaintiff the check. (Keel Complaint, ¶18 – Exhibit "C" to RJN ["On January 22, 2006, plaintiff (Rosa Rivera Keel) made payment of $378.30 as the premium for Policy No. L0531119"].)

Nowhere in the Keel Complaint is there any "contention" that defendant's decedent husband paid the $378.30 premium as alleged in plaintiff's complaint (Complaint, ¶18 – Exhibit "A" to RJN).

1  Rather, the opposite is alleged:

2      18.    Shortly after learning of her husband's death, plaintiff ROSA RIVERA KEEL
               consulted Policy No. L0531119 (Exhibit "E" hereto) and arranged to have a
3              friend who worked for an insurance company review it.  Plaintiff's friend
               informed her that it appeared that the policy was in effect because an original
4              policy had been delivered to decedent.  On January 22, 2006, plaintiff made
               payment of $378.30 as the premium for Policy No. L0531119 (Exhibit "E"
5              hereto).  A true and correct copy of the bank transaction reflecting said
               payment is attached hereto as Exhibit "F."
6
   (Keel Complaint, ¶18 – Exhibit "C" to RJN.)
7
                                        **ARGUMENT**
8
   **A.    California's Anti-SLAPP Statute**
9
           "SLAPP" stands for Strategic Lawsuit Against Public Participation. <u>Governor Gray Davis v.</u>
10
   <u>American Taxpayers Alliance</u>, 102 Cal.App.4th 449, 454 n. 1 (2002).  "SLAPP litigation, generally,
11
   is litigation without merit filed to dissuade or punish the exercise of First Amendment rights of
12
   defendants." <u>Id.</u> (quoting <u>Lafayette Morehouse, Inc. v. Chronicle Publ'g Co.</u>, 37 Cal.App.4th 855,
13
   858 (1995), *superceded by statute on other grounds*).  The anti-SLAPP statute specifies that it should
14
   be "construed broadly" (Cal. Code Civ. Proc., § 425.16(a)), and allows a defendant to move to strike
15
   a plaintiff's complaint if the complaint stems "from any act of that person in furtherance of the
16
   person's right of petition or free speech under the United States or California Constitution in
17
   connection with a public issue." Cal. Code Civ. Proc., § 425.16(b)(1).
18
   **B.    The Applicability of California's Anti-SLAPP Statute in Federal Court**
19
           California anti-SLAPP motions to strike and entitlement to fees and costs are available to
20
   litigants proceeding in federal court, and these provisions do not conflict with the Federal Rules of
21
   Civil Procedure. <u>Thomas v. Fry's Electronics, Inc.</u>, 400 F.3d 1206, 1207 (9th Cir.2005); <u>United States</u>
22
   <u>ex rel. Newsham v. Lockheed Missiles & Space Co.</u>, 190 F.3d 963 (9th Cir.1999).  When state
23
   statutes authorize fee awards to litigants in a particular class of cases such as California's anti-
24
   SLAPP statute, the statutes are substantive for purposes of  <u>Erie v. Tompkins</u>, 304 U.S. 64 (1938) if
25
   there is no "direct collision" with the Federal Rules. See, *e.g.,* <u>United States ex rel. Newsham v.</u>
26
   <u>Lockheed Missiles & Space Co.</u>, 190 F.3d 963, 971-73 (9th Cir.1999) (concluding that California
27
   anti-SLAPP statute's provision allowing attorneys' fees to party successfully striking suit under
28
   statute could be applied in diversity cases).

1   These particular provisions have been held "substantive" for Erie [Railroad Co. v. Tompkins,

2   304 U.S. 64 (1938)] doctrine purposes because they are not in conflict with the Federal Rules and

3   advance the purposes of Erie by adopting the California procedural rules: "Plainly, if the anti-SLAPP

4   provisions are held not to apply in federal court, a litigant interested in bringing meritless SLAPP

5   claims would have a significant incentive to shop for a federal forum." United States ex rel.

6   Newsham v. Lockheed Missile & Space Co., Inc., supra, 190 F.3d at 973.  The more specific state

7   anti-SLAPP procedure is treated as "substantive" for Erie purposes and thus recognized in diversity

8   cases in federal court. Batzel v. Smith, 333 F.3d 1018, 1025-1026 (9th Cir. 2003).

9       [A] SLAPP motion, like a summary judgment motion, pierces the pleadings and
        requires an evidentiary showing.  [T]he test applied to a SLAPP motion is similar to
10      that of a motion for summary judgment. . . . [Citation.]  Evidence is considered, but
        not weighed.  If the initial evidentiary burden is met by the moving party, the burden
11      shifts to the party opposing the motion to avoid dismissal of the action. [Citation.]

12   Simmons v. Allstate Ins. Co., 92 Cal.App.4th 1068, 1073 (2001).

13   However, where an anti-SLAPP motion challenges the legal sufficiency of the complaint,

14   federal (not state) pleading standards apply: i.e., the complaint must be read broadly, all well-pleaded

15   allegations are accepted as true, and leave to amend is readily granted. Verizon Delaware, Inc. v.

16   Covad Communications Co., 377 F.3d 1081, 1091  (9th Cir. 2004)  ("granting a defendant's

17   anti-SLAPP motion to strike a plaintiff's initial complaint without granting the plaintiff leave to

18   amend would directly collide with FRCP 15(a)'s policy favoring liberal amendment"; Rogers v.

19   Home Shopping Network, Inc., 57 F.Supp.2d 973, 982-983 (CD CA 1999).  Nevertheless, fees and

20   costs may be awarded pursuant to the anti-SLAPP statute (Code Civ.Proc., § 425.16). Rogers v.

21   Home Shopping Network, Inc., supra, 57 F.Supp.2d at 983.

22  **C.    California's Anti-SLAPP Statute Applies to Plaintiff's Claims Brought Pursuant to
           Diversity Jurisdiction Under the Declaratory Judgment Act**

23      Although the anti-SLAPP statute applies to state law claims brought in federal court, it does

24   not apply to federal question claims because such application would frustrate substantive federal

25   rights. See Smith v. California Dept. of Corrections, 2006 WL 3518257 (E.D.Cal.2006) and cases

26   cited therein.  Here, plaintiff pleads no federal question. Plaintiff specifically alleges diversity as the

27   basis of this Court's jurisdiction pursuant to 28 U.S.C. § 1332. (Complaint, ¶2 – Exhibit "A" to

28   RJN.)  Plaintiff does not allege a state law claim and seeks only a declaratory judgment under the

1    Declaratory Judgment Act.  The Declaratory Judgment Act merely enlarges the range of remedies

2    available in federal courts.  It does not afford an independent basis for federal jurisdiction.

3    Fletes-Mora v. Brownell, 231 F.2d 579, 581 (9th Cir.1955).

4        Plaintiff's sole purpose in requesting declaratory relief is to establish a defense to a California

5    Department of Insurance inquiry initiated by defendant as a consumer complaint.  This sort of

6    litigation tactic cannot establish federal question jurisdiction. Eureka Federal Sav. & Loan Ass'n of

7    San Francisco v. Flynn, 534 F.Supp. 479 (N.D. Cal. 1982).  The Supreme Court has stated:

8        Where the complaint in an action for declaratory judgment seeks in essence to assert a
         defense to an impending or threatened state court action, it is the character of the
9        threatened action, and not of the defense, which will determine whether there is
         federal-question jurisdiction.

10

11   Public Service Comm'n v. Wycoff Co., 344 U.S. 237 (1952).

12   **D.    Plaintiff's Declaratory Relief Complaint Arises Under Defendant's First Amendment
           Conduct and Defendant Can Prove a *Prima Facie* Application of California's Anti-
13         SLAPP Statute**

14       A defendant filing an anti-SLAPP motion to strike "must make an initial *prima facie* showing

15   that the plaintiff's suit arises from an act in furtherance of defendant's right of petition or free

16   speech." Braun v. Chronicle Publ'g Co., 52 Cal.App.4th 1036, 1042-43 (1997). The defendant need

17   not show that plaintiff's suit was brought with the intention to chill defendant's speech; the

18   plaintiff's "intentions are ultimately beside the point." Equilon Enters., LLC v. Consumer Cause,

19   Inc., 29 Cal.4th 53, 67 (2002).

20       Here, plaintiff's complaint asserts that a "controversy" arises out of defendant's "contention"

21   that the initial premium payment was made on the insurance policy and that she is entitled to the

22   benefits of the policy,  without identifying where and how that "contention" was made. (Complaint,

23   ¶¶21-22 – Exhibit "A" to RJN.)  There are only two sources of such a "contention," both of which

24   are protected under the First Amendment to the United States Constitution.

25       The first source of any such "contention" is the complaint filed by defendant in San Francisco

26   Superior Court Case No. CGC 06-457269[2] wherein she alleged that her husband's broker failed to

27   _____

28       [2]    While we know that the protected conduct plaintiff's declaratory relief cause of action
                                                                                    (continued...)

1   properly set-up monthly automatic deductions from his bank account for his policy premiums or,

2   alternatively, failed to inform him that his attempt to arrange for such a service was not properly

3   executed. (Keel Complaint – Exhibit "C" to RJN.)   Defendant alleged that her husband had

4   submitted a check to brokers Patrice Ann Pfitzer and Family Direct Insurance Services, Inc., for

5   $97.47 on or about September 10, 2005 (Check No. 93), payable to "F&G 20/20 ROP" (plaintiff's

6   prior fictitious business name) to set up monthly automatic deductions from his bank account. (Keel

7   Complaint, ¶11 – Exhibit "C" to RJN.)

8       As demonstrated above, nowhere in the Keel Complaint is there any "contention" that

9   defendant's decedent husband paid the $378.30 premium as alleged in plaintiff's complaint

10  (Complaint, ¶18 – Exhibit "A" to RJN) and that the opposite is alleged (Keel Complaint, ¶18 –

11  Exhibit "C" to RJN).  The actual source of the "contention" that gives rise to plaintiff's false

12  assertion in its complaint is the consumer complaint defendant made to the DOI. (Exhibit "E" to

13  RJN.)  In that complaint, defendant complained that her husband took out a life insurance policy and

14  was subsequently killed as a result of a car-jacking and that the plaintiff was refusing to pay the

15  benefits under the policy. (Id.)  Moreover, defendant informed the DOI that she was choosing this

16  method of redress because, based on the advice of counsel, it was the most cost-effective method of

17  doing so. (Id.)  Defendant requested the remedy that the insurance company, plaintiff, honor the

18  policy because her husband had completed the paperwork and submitted the premium. (Id.)  Again,

19  nowhere in the consumer complaint is there any "contention" that defendant's decedent husband paid

20  the $378.30 premium. (Exhibit "E" to RJN.)

21      Consequently, the only focus that may properly be placed upon the defendant's "contention"

22  is her protected conduct.  Defendant's "contention" embraces both subdivisions (e)(1) and (2) of

23  section 425.16 of the Code of Civil Procedure which expressly defines the First Amendment activity

24  from which a cause of action must arise in order to be the proper subject of a special motion to strike

25

26  ²(...continued)

27  "arises from" is defendant's consumer complaint with the DOI through plaintiff's counsel's admission
    (Exhibit "B" to RJN), this other source of protected conduct is relevant to a potential alternative source
    for the purported "contention" and whether plaintiff has a means of amending its complaint to state a

28  cause of action against defendant for declaratory relief.

1    under the anti-SLAPP statute. <u>Dowling v. Zimmerman</u>, 85 Cal.App.4th 1400 (2001) (citing <u>Church</u>

2    <u>of Scientology v. Wollersheim</u>, 42 Cal.App.4th 628, 647 (1996), *overruled on other grounds*).

3         Plaintiff's lawsuit "masquerade[s] as [an] ordinary lawsuit[]" but is brought to deter common

4    citizens from exercising their political or legal rights or to punish them for doing so. <u>Wilcox v.</u>

5    <u>Superior Court</u>, 27 Cal.App.4th 809, 816 (1994), *overruled on other grounds by* <u>Equilon Enter. v.</u>

6    <u>Consumer Cause, Inc.</u>, *supra,* 29 Cal.4th 53 (2002).  "The hallmark of a SLAPP suit is that it lacks

7    merit, and is brought with the goals of obtaining an economic advantage over a citizen party by

8    increasing the cost of litigation to the point that the citizen party's case will be weakened or

9    abandoned, and of deterring future litigation." <u>United States ex rel. Newsham v. Lockheed Missiles</u>

10   <u>& Space Co.</u>, *supra,* 190 F.3d at 970-71 (citing <u>Wilcox v. Superior Court</u>, *supra,* 27 Cal.App.4th at

11   814-17).

12        There can be no doubt that plaintiff's cause of action "arises from" defendant's protected

13   conduct in making a consumer complaint with the DOI as reflected in plaintiff's counsel's letter to

14   her explaining the reason for filing this action. See <u>Lafayette Morehouse, Inc. v. Chronicle</u>

15   <u>Publishing Co.</u>, *supra,* 37 Cal.App.4th at 862-863 (In order to apply the anti-SLAPP statute to any

16   cause of action asserted by a plaintiff, the cause of action in question must "arise from" the First

17   Amendment rights of an appellant in the first instance.)   In <u>Equilon Enter. v. Consumer Cause, Inc.</u>,

18   *supra,* 29 Cal.4th 53, declaratory and injunctive relief were sought with respect to the protected

19   activity of a threatened lawsuit.  The court found that the first prong of the anti-SLAPP test was

20   satisfied because the dispute was fundamentally about the other lawsuit itself. (See <u>Equilon</u>, *supra,*

21   29 Cal.4th at p. 67; see also <u>Navellier v. Sletten</u>, 29 Cal.4th 82, 90 (2002) [claims entirely concerned

22   protected conduct].)

23        It is instructive to note that, when she made the consumer complaint with the DOI, she had

24   already dismissed her lawsuit against plaintiff's agent, Family Direct Insurance Services, Inc., and

25   she had chosen to pursue the remedy with the DOI on the advice of counsel.  The reason, as she put

26   it, was "because costs and fees to litigate would be costly for me." (Exhibit "E" to RJN.)  It is also

27   worth observing plaintiff's counsel's "advice" to defendant when he informed her that she had been

28   sued for declaratory relief: "While the Action does not seek damages against you, we recommend

that you obtain legal representation." This "suggestion" appears designed to accomplish precisely what a SLAPP lawsuit is designed to do: to deter defendant, as a common citizen, from exercising her political and legal rights or to punish her for doing so, after losing her husband to a mindless crime and losing her home because of her inability to receive the benefit of the life insurance policy. (Keel Decl., ¶9.)

The court decides whether the defendant has made a threshold *prima facie* showing that defendant's acts of which the plaintiff complains were ones taken in furtherance of the defendant's constitutional rights of petition or free speech in connection with a public issue. <u>Paul for Council v. Hanyecz</u>, 85 Cal.App.4th 1356 (2001), *overruled on other grounds by* <u>Equilon Enter. v. Consumer Cause, Inc.</u>, *supra,* 29 Cal.4th 53 (2002) (citing <u>Wilcox v. Superior Court</u> *supra,* 27 Cal.App.4th at 820.) Defendant respectfully submits that California Code of Civil Procedure section 425.16, subdivisions (e)(1) and (2) apply to plaintiff's complaint because the "contention" alluded to therein implicates her First Amendment rights.[3]

**E.    Plaintiff Cannot Prevail in Its Declaratory Relief Complaint**

If the trial court determines that the moving party has carried its burden, it considers the second component — whether the party bringing the suit has established that there is a probability it will prevail on its claim. Section 425.16, subd. (b)(1); <u>DuPont Merck Pharmaceutical Co. v. Superior Court</u>, 78 Cal.App.4th 562, 567-568 (2000). The defendant has the burden on the first issue, the threshold issue; the plaintiff has the burden on the second issue. <u>Wilcox</u>, *supra,* 27 Cal.App.4th at p. 819.

---

[3]    (1)    [A]ny written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law" (§§ 425.16, subd. (e)(1)); and

(2)    [A]ny written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law (§§ 425.16, subd. (e)(2)).

A SLAPP defendant moving under section 425.16 to strike a cause of action arising from a statement made before, or in connection with an issue under consideration by, a legally authorized official proceeding within the meaning of clauses (1) and (2) of subdivision (e) "need not separately demonstrate that the statement concerned an issue of public significance." <u>Briggs v. Eden Council for Hope & Opportunity</u>, 19 Cal.4th 1106, 1123 (1999).

1    "A SLAPP motion, like a summary judgment motion, pierces the pleadings and requires an

2    evidentiary showing." <u>Simmons v. Allstate Ins. Co.</u>, *supra,* 92 Cal.App.4th at 1073 [cited with

3    approval in <u>Sonoma Foods, Inc. v. Sonoma Cheese Factory, LLC</u>, 2007 WL 2122638, *6 (N.D.Cal.

4    Jul 23, 2007) and <u>Lutge v. Eskanos & Adler, P.C.</u>, 2007 WL 1521551, *4+ (N.D.Cal. May 24,

5    2007)].  The plaintiff need not prove the challenged claims. "Rather, the court considers whether the

6    plaintiff has made a *prima facie* showing of facts based on competent admissible evidence that

7    would, if proved, support a judgment in the plaintiff's favor." <u>Mann v. Quality Old Time Service,</u>

8    <u>Inc.</u>, 120 Cal.App.4th 90, 105 (2004).  A plaintiff need only establish the challenged cause of action

9    has "minimal merit." <u>Navellier v. Sletten</u>, *supra,* 29 Cal.4th at 94.

10    As set forth below, defendant is immune from suit under California's absolute privilege

11    found in Civil Code section 47, subdivision (b).  In addition, plaintiff has not alleged any of the

12    requisite elements to establish a "case of actual controversy" justiciable under Article III of the U.S.

13    Constitution.  Nor can plaintiff cure this failure because nothing about defendant's protected

14    conduct, when accurately characterized, would give rise to a case of actual controversy sufficient for

15    this Court to exercise jurisdiction under the Declaratory Judgment Act (28 U.S.C. § 2201).  Indeed,

16    as plaintiff's counsel's readily admitted in his letter to defendant, he filed this action on behalf of his

17    client, the plaintiff, because of the consumer complaint defendant filed with the DOI and nothing

18    more. (Keel Decl., ¶7; October 26, 2007 Letter from Plaintiff's Counsel -  Exhibit "B" to RJN.)

19    Plaintiff has not alleged, and has no basis to allege, a concrete harm necessary to invoke the

20    Declaratory Judgment Act.  Being subjected to an investigation authorized by a state statute does not

21    establish the existence of an unconstitutional statutory scheme establishing the adjudicative body

22    plaintiff has been subjected to by a consumer complaint. (See *infra.*)  Finally, the various abstention

23    doctrines outlined below either require this Court to abstain outright or provides ample reason for

24    this Court to voluntarily decline to exercise jurisdiction that it would otherwise have to exercise

25    under diversity jurisdiction. See <u>Canatella v. California</u>, 404 F.3d 1106, 1116 (9th Cir. 2005).

26    ///

27    ///

28    ///

1    **1.    Defendant's Conduct Giving Rise to Plaintiff's Claim of "a Case or Controversy" is Absolutely Privileged**

Civil Code section 47, subdivision (b) protects communications made in preparation for or to prompt an investigation.[4] Hagberg v. California Federal Bank, 32 Cal.4th 350, 370 (2004).  The privilege statute "is intended to '"assure utmost freedom of communication between citizens and public authorities whose responsibility is to investigate and remedy wrongdoing."'" (Id. at p. 360.)

The privilege is absolute and renders both statements and omissions immune from liability, even when done with malice. Silberg v. Anderson, 50 Cal.3d 205, 213-214 (1990); Pollock v. Superior Court, 229 Cal.App.3d 26, 28 (1991).  Since defendant enjoys absolute immunity from suit under section 47(b), appellant cannot demonstrate a probability of success to allow it to proceed on its declaratory relief claim. See Dove Audio, Inc. v. Rosenfeld, Meyer & Susman, 47 Cal.App.4th 777, 784-785 (1996); Rubin v. Green, 4 Cal.4th 1187, 1194-1195 (1993).  "If the policies underlying section 47(b) are sufficiently strong to support an absolute privilege, the resulting immunity should not evaporate merely because the plaintiff discovers a conveniently different label [declaratory relief] for pleading what is in substance an identical grievance arising from identical conduct as that protected by section 47(b)." (Rubin v. Green, supra, 4 Cal.4th at p. 1203.)

**2.    Defendant Cannot Allege an Injury in Fact to Establish "a Case or Controversy"**

The gravamen of plaintiff's complaint is that it is not required to honor a policy of insurance purchased by defendant's now-deceased husband. (Complaint, ¶¶7-24 – Exhibit "A" to RJN.) Plaintiff does not allege a concrete harm necessary to invoke the Declaratory Judgment Act. (28 U.S.C. § 2201.) Nor can it.

The Declaratory Judgment Act requires a showing that plaintiff has suffered actual loss, damage or injury, or is threatened with impairment of his or her own interests.  This tends to assure that plaintiff has a sufficient stake in the outcome of the suit to make it a real "case or controversy." Gladstone Realtors v. Village of Bellwood, 441 U.S. 91, 100 (1979); Bullfrog Films, Inc. v. Wick, 847 F.2d 502, 506 (9th Cir.1988).

---

[4]    In pertinent part, that statute provides that a "privileged publication or broadcast is one made. . . . [¶] In any . . . judicial proceeding, [or] in any other official proceeding authorized by law. . . ." Civ.Code, § 47, subds.(b)(2), (3).

1    The "injury in fact" requirement must involve "an invasion of a legally protected interest

2 which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical."

3 Lujan v. Defenders of Wildlife, 504 U.S. 555, 559–560 (1992); DaimlerChrysler Corp. v. Cuno, __

4 U.S. __, 126 S.Ct. 1854, 1862 (2006).

5    Plaintiff's interest in the litigation must consist of obtaining compensation for, or preventing,

6 the violation of a legally protected right. An interest unrelated to injury in fact does not give plaintiff

7 standing to sue. Vermont Agency of Natural Resources v. United States ex rel. Stevens, 529 U.S.

8 765, 772 (2000).  The complaint does not state an "injury in fact" sufficient to state a claim under the

9 Declaratory Judgment Act. (28 U.S.C. § 2201.)  Rather, it is a "reactive declaratory action" as

10 plaintiff's counsel explained in a letter to defendant describing the reason for the lawsuit, to wit:

> Subsequently, you [defendant Rosa Rivera Keel] contacted the California Department
> of Insurance ("DOI") regarding this matter.  On or about June 11, 2007, the DOI
> inquired into this matter and demanded, among other things, that OM Life provide a
> narrative explanation of your claim history.  OM Life provided a thorough
> explanation  to the DOI, and stood by its decision.  ¶ . . . Nevertheless, in an effort to
> give at least as much consideration to your interests as it gives its own interests, OM
> Life has **decided to defer this matter to an impartial tribunal.  To that end, OM
> Life has filed a declaratory relief action** in the United States District Court for the
> Northern District of California entitled *OM Financial Life Insurance Company v.
> Rosa Rivera Keel* - Case No. C07-4723 (MHP) ("the Action").

(Keel Decl., ¶7; October 26, 2007 Letter from Plaintiff's Counsel -  Exhibit "B" to RJN.)

    Plaintiff's counsel's reference in his letter to defendant to the district court as an "impartial

tribunal" implies that plaintiff cannot obtain fair and unbiased treatment from the California

Department of Insurance. Yet, this is not alleged in the complaint and there is no factual basis for

such a contention.  A claim of impending future harm arising out of the predicted bias of state

administrative officers may present a sufficiently live controversy. See Gibson v. Berryhill, 411 U.S.

564 (1973).  However, in Gibson there was clear evidence of: (1) a personal financial stake in the

outcome of the administrative proceeding on the part of the adjudicative body; (2) a previous state

court action by the adjudicative body against the party whose rights were to be adjudicated; and (3)

the existence of an unconstitutional statutory scheme establishing the adjudicative body.  None of

those factors are present here.

**a.    Defendant Cannot Allege an Injury "Traceable" to Defendant's Acts or Omissions to Establish a Case or Controversy**

In addition to an "injury in fact," there must be a causal connection between plaintiff's injury and the conduct complained of, *i.e.,* the injury must be "traceable" to defendant's acts or omissions. Lujan v. Defenders of Wildlife, *supra,* 504 U.S. at 559-560; Allen v. Wright , 468 U.S. 737, 757 (1984). Plaintiff is purposefully vague as to defendant's conduct or omission. Rather, plaintiff alleges that defendant has made a "contention." On information and belief, plaintiff alleges that "Defendant contends that the initial premium payment on the Policy was made prior to the death of Mr. Keel and that she is therefore entitled to receive the benefits under the policy." (Complaint, ¶21 – Exhibit "A" to RJN.) Furthermore, plaintiff's characterization of defendant's purported "contention" is demonstrably false and contradicted by the very pleading she filed in San Francisco Superior Court Case No. CGC 06-457269.

Thus, plaintiff has failed to allege that defendant has engaged in acts or omissions giving rise to an "injury in fact." The party seeking declaratory relief must show an explicit threat of litigation or other action creating a reasonable apprehension that he or she will be subjected to liability. Intellectual Property Develop., Inc. v. TCI Cablevision of Calif., Inc., 248 F.3d 1333, 1340 (DC Cir. 2001); Paramount Pictures Corp. v. Replay TV, 298 F.Supp.2d 921, 924 (CD Cal. 2004). A "contention" is not an act or omission giving rise to an "injury in fact" to give rise to a  real "case or controversy." This is particularly true here where the purported "contention" as alleged can be conclusively proven to be false and privileged in any event.

**b.    Defendant Cannot Allege a Substantial Likelihood for Redress to Establish a Case or Controversy**

Finally, there must be a substantial likelihood that the relief sought, if granted, will redress the injury. Lujan v. Defenders of Wildlife, *supra,* 504 U.S. at 559-560; Valley Forge Christian College v. Americans United for Separation of Church & State, Inc., 454 U.S. 464, 472 (1982). The relief must redress the "injury in fact" suffered by plaintiff. It is not enough that a favorable judgment will benefit the public at large or punish a wrongdoer or simply make plaintiff happy. Psychic satisfaction is not enough for Article III standing. Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 107, 118 (1998).

Here, the only redress plaintiff hopes to gain by this ill-conceived lawsuit is to chill the defendant's rights to pursue a consumer complaint with the California Department of Insurance (see *supra*.)  There is simply no cognizable dispute that plaintiff can allege.  The dispute must be "definite and concrete, touching the legal relations of parties having adverse legal interests"; and that it be "real and substantial" and "admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240-241 (1937). Because the plaintiff's allegations are based on an allegation that is also demonstrably false, it also appears to be an abuse of process. Consequently, defendant respectfully submits that plaintiff cannot allege a substantial likelihood of obtaining redress to establish a "case or controversy" for purposes of the Declaratory Judgment Act.

**3.    Various Abstention and Primary Jurisdiction Doctrines Can Prevent Plaintiff's Suit as an End-Run Around the California Department of Insurance's Regulatory Powers**

**a.    The California Department of Insurance's Regulatory Power Over Consumer Complaints**

California's Insurance Commissioner is authorized to investigate complaints by insureds against insurers and to bring enforcement actions when warranted. Cal. Ins.Code, §§ 12921.1 , 12921.3.  "The commissioner shall, upon receipt of a written complaint with respect to the handling of an insurance claim or other obligation under a policy by an insurer or production agency, notify the complainant of the receipt of the complaint within 10 working days of receipt. Thereafter, the commissioner shall notify the complainant of the final action taken on his or her complaint within 30 days of the final action." Id. § 12921.4, subd. (a). "The commissioner shall, if deemed appropriate, notify insurers or production agencies against whom the complaint is made of the nature of the complaint, may request appropriate relief for the complainant, and may meet and confer with the complainant and the insurer in order to mediate the complaint. This section shall not be construed to give the commissioner power to adjudicate claims." Ibid.  A Department of Insurance regulation requires an insurer denying a first party claim to inform the claimant in writing that if the claimant believes the claim was wrongfully denied, the claimant may have the matter reviewed by the department. Cal.Code Regs., tit. 10, § 2695.7, subd. (b)(3).

1    Here, after defendant Rosa Rivera Keel dismissed her lawsuit against her husband's

2    insurance broker in Case No. CGC 06-457269 (Exhibit "D" to RJN), she initiated a consumer

3    complaint with the California Department of Insurance ("DOI") on May 20, 2007. (Keel Decl., ¶5;

4    Exhibit "E" to RJN.)  That complaint (Exhibit "C" to RJN) was lodged against Family Direct

5    Insurance Services, Inc., as a life insurance agent authorized by and on behalf of a life, disability, or

6    life and disability insurer (OM Financial) to transact life, disability, or life and disability insurance.[5]

7    As a consequence, the DOI assigned a Senior Insurance Compliance Officer who, in turn, contacted

8    the plaintiff, OM Financial, by letter and requested it to respond to defendant's consumer complaint

9    with supporting documentation. (Keel Decl., ¶6; Exhibit "F" to RJN.)

10    Section 12921.3 expressly grants the Commissioner the authority to "respond to complaints

11    and inquiries by members of the public concerning the handling of insurance claims. . . ."  The

12    second sentence further grants the Commissioner broad discretionary power to disseminate

13    information to the public concerning insurance matters.  The supporting regulations provide specific

14    criteria to apply to determine if a consumer complaint is justified. Cal.Code Regs., tit. 10, § 2694.

15    The commissioner may in person or through employees of the division meet with persons,

16    organizations and associations interested in insurance for the purpose of securing cooperation in the

17    enforcement of the insurance laws. Cal. Ins.Code, 12921.5.

18    Section 12921.3 provides: "The commissioner, in person or through employees of the

19    department, shall receive complaints and inquiries . . . and respond to complaints and inquiries by

20    members of the public concerning the handling of insurance claims . . . ." See 20th Century Ins. Co.

21    v. Quackenbush, 64 Cal.App.4th 135, 140 (1998).  Notably, the commissioner shall not decline to

22    investigate complaints if (1) the insured is represented by an attorney in a dispute with an insurer, or

23    is in mediation or arbitration or (2) the insured has a civil action against an insurer. Cal. Ins.Code,

24    12921.3, subd. (b)(1) & (2).

25

26

27    [5]    An insurance broker who represents the insured in procuring an insurance policy may be authorized by the insurance company to collect the premium and to deliver the policy. Maloney v. Rhode Island Ins. Co., 115 Cal.App.2d 238, 244 (1953).  In such cases, once the policy is sold, the broker is the

28    agent of the insurance company with respect to delivering the policy and transmitting premiums to the insurer. See Cal. Ins.C. § 1733; and Maloney v. Rhode Island Ins. Co., supra, 115 Cal.App.2d at 244.

1    In addition, the commissioner is charged with ascertaining patterns of complaints by insurer,

2  geographic area, insurance line, type of violation, and any other valid basis the commissioner may

3  deem appropriate for further investigation, and periodically evaluate the complaint patterns to

4  determine additional audit, investigative, or enforcement actions which he or she may take and report

5  on all actions taken with respect to those patterns of complaints in his or her annual report to the

6  Governor pursuant to Section 12922, and to the public. Cal. Ins.Code, 12921.4, subd. (b). The

7  commissioner may issue letter or legal opinions. Cal. Ins.Code, 12921.9.

8    **b.    The Discretionary Nature of the District Court's Jurisdiction Militates Against Maintaining Jurisdiction of This Action**

9    Rule 57 of the Federal Rules of Civil Procedure provides that the availability of a state court

10  remedy "'does not preclude a judgment for declaratory relief'. . . . in cases where it is appropriate."

11  (Fed.R.Civ.P. 57). Thus, Rule 57 leaves it to the discretion of the district court to determine whether

12  granting declaratory relief where there is an adequate state remedy would be "appropriate" after

13  weighing the pertinent circumstances.

14    The Declaratory Judgment Act (28 U.S.C. § 2201) says that courts may declare rights. This

15  is an authorization, not a command to do so. <u>Brillhart v. Excess Ins. Co. of America</u>, 316 U.S. 491,

16  494 (1942); <u>Mitcheson v. Harris</u>, 955 F.2d 235, 237 (4th Cir. 1992). Although a district court cannot

17  refuse to entertain such an action as a matter of whim, the exercise of declaratory relief jurisdiction is

18  not automatic or obligatory: "In the declaratory judgment context, the normal principle that federal

19  courts should adjudicate claims within their jurisdiction yields to considerations of practicality and

20  wise judicial administration." <u>Wilton v. Seven Falls Co.</u>, 515 U.S. 277, 288 (1995); <u>United States v.</u>

21  <u>City of Las Cruces</u>, 289 F.3d 1170, 1181 (10th Cir. 2002) [court may abstain even though

22  independent basis for federal jurisdiction exists—*e.g.*, diversity of citizenship].)

23    The district court must consider the discretionary nature of its jurisdiction under the

24  Declaratory Judgment Act. <u>Wilton v. Seven Falls Co.</u>, *supra,* 515 U.S. at 288; <u>Budget Rent-A-Car v.</u>

25  <u>Crawford</u>, 108 F.3d 1075 (9th Cir.1997), *overruled on other grounds in* 133 F.3d 1220; <u>Employers</u>

26  <u>Reinsurance Corp. v. Karussos</u>, 65 F.3d 796, 800-01 (9th Cir.1995), *overruled on other grounds in*

27  133 F.3d 1220. This means that a district court must consider the impact on sound judicial

28

administration, and federalism concerns against forum shopping that may result from the issuance of a declaration regarding unresolved issues of state law in a diversity action. Brillhart v. Excess Ins. Co., *supra,* 316 U.S. at 495-98.

In deciding whether jurisdiction is appropriate, the district court "must balance concerns of judicial administration, comity, and fairness to the litigants." Chamberlain v. Allstate Ins. Co., 931 F.2d 1361, 1367 (9th Cir.1991).  In doing so the district court should consider the following factors: (1) avoiding needless determination of state law issues; (2) discouraging litigants from filing declaratory actions as a means of forum shopping; and (3) avoiding duplicative litigation. Government Employees Insurance v. Dizol, 133 F.3d 1220, 1225 (9th Cir.1998) (*en banc*) (citations omitted).

"Thus, if a party properly raises the issue in the district court, the district court must make a sufficient record of its reasoning to enable appropriate appellate review." Government Employees Insurance v. Dizol, *supra,* 133 F.3d at 1225.  In Brillhart, the Supreme Court ruled that, before declining to exercise its discretionary jurisdiction to issue a declaration, a district court must expressly indicate that it has considered whether existing remedies and procedures would permit the plaintiff to obtain a resolution of the issues set forth in the complaint in state court. Brillhart, 316 U.S. at 495-96.   The Court held that the district court must determine in the first instance whether the plaintiff could have presented its claims in a proceeding that was pending in state court at the time the federal action was filed. Id. at 497-98. The court expressed its rationale in the following words: "Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." Id. at 495.

> If there are parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court. Chamberlain v. Allstate Ins. Co., 931 F.2d 1361, 1366-67 (9th Cir.1991). The pendency of a state court action does not, of itself, require a district court to refuse federal declaratory relief. Id. at 1367. Nonetheless, federal courts should generally decline to entertain reactive declaratory actions.

 Government Employees Insurance v. Dizol, *supra,* 133 F.3d at 1225.

Parallel state proceedings include administrative proceedings in which the parties have yet to exhaust them.  "The declaratory decree is a useful form of remedy, but the statutory provision for it

(Declaratory Judgment Act, 28 U.S.C.A. § 400) does not enlarge the scope of equity jurisdiction to permit its application to controversies which have not yet reached the judicial stage." Bradley Lumber Co. of Arkansas v. N.L.R.B., 84 F.2d 97, 100 (5th Cir. 1936) (citing Gully v. Interstate Natural Gas Co., 82 F.2d 145 (5th Cir. 1936).)  Declaratory procedure, provided by way of the Declaratory Judgment Act, should not be engaged to preempt nor prejudge administrative proceedings. Public Service Comm'n of Utah v. Wycoff Co., Inc., *supra,* 344 U.S. 237.

        **c.**    **"Younger" Abstention Provides Another Basis to Avoid Federal Court Review**

Federal courts must abstain where state court proceedings: (1) are pending when the federal action is filed; (2) implicate important state interests; (3) provide adequate opportunity to raise the federal claims; and (4) the policies behind the doctrine set forth by the Supreme Court in Younger v. Harris, 401 U.S. 37, 41 (1971) are implicated by the actions requested of the federal court. Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982); M & A Gabaee v. Community Redevelop. Agency of City of Los Angeles, 419 F.3d 1036, 1039 (9th Cir. 2005); Meredith v. Oregon, 321 F.3d 807, 817 (9th Cir.2003); Gilbertson v. Albright, 381 F.3d 965, 982 n. 19 (9th Cir.2004) (*en banc*).  Here, all four elements are present.  Where Younger requirements are met, federal courts should abstain from enjoining state administrative proceedings that are judicial in nature. Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc., 477 U.S. 619, 627 (1986).

        **i.**    **A State Administrative Proceeding Was Pending When Plaintiff Filed the Federal Action**

It is undisputed that defendant had initiated the consumer complaint with the DOI at the time plaintiff filed this action. (Compare Exhibit "A" with Exhibit "E" to RJN.)  Although Younger involved a suit to enjoin a state criminal proceeding, the doctrine has since been expanded beyond state criminal prosecutions to include certain state administrative proceedings that are judicial in nature. See Middlesex County Ethics Comm. v. Garden State Bar Assoc., *supra,* 457 U.S. 423; Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc., *supra,* 477 U.S. 619.  The key factor is that the pending state proceeding involves vital state interests. Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 11 (1987) (see *infra*).

### ii.    The Department of Insurance's Administrative Proceeding Implicates Important State Interests

A wide variety of state interests qualify as "important" state interests for purposes of Younger abstention. See Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc., *supra,* 477 U.S. at 625-629.  The second threshold element of Younger is satisfied when "the State's interests in the [ongoing] proceeding are so important that exercise of the federal judicial power would disregard the comity between the States and the National Government." Pennzoil Co. v. Texaco, Inc., *supra,* 481 U.S. at 11.

Administrative proceedings which are judicial in nature are the type of proceeding that does implicate an important state interest. New Orleans Pub. Serv., Inc. v. Council of New Orleans ("NOPSI"), 491 U.S. 350, 370 (1989).  Thus, regulation of insurers doing business in California involves important state interests, as partly reflected by the "longstanding prevalence of state regulation" of the industry. CTS Corp. v. Dynamics Corp. of Am., 481 U.S. 69, 78, 88-89 (1987).

### iii.    Plaintiff's Claim Does Not Raise a Federal Question and Plaintiff Has Adequate Judicial Review of the Department of Insurance's Administrative Proceeding

The third element is automatically satisfied where, as here, the claim asserted raises no federal questions whatsoever. AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1149 fn. 10 (9th Cir.2007).  Nevertheless, the third element is also met because plaintiff, if it does not prevail in the defendant's consumer's complaint, may petition for a writ of mandamus for review of California's Insurance Commissioner's administrative determinations made pursuant to California Insurance Code section 12921, *et seq.* Cal.Code Civ.Proc. § 1094.5; see Bixby v. Pierno, 4 Cal.3d 130 (1971); 20th Century Ins. Co. v. Quackenbush, *supra,* 64 Cal.App.4th 135 (1998); Bunnett v. Regents of Univ. of Cal., 35 Cal.App.4th 843, 848 (1995) ("The proper method of obtaining judicial review of most public agency decisions is by instituting a proceeding for a writ of mandate.") See also, Kenneally v. Lungren, 967 F.2d 329, 332 (9th Cir.1992) ("[E]ven if a federal plaintiff cannot raise his constitutional claims in state administrative proceedings that implicate important state interests, his ability to raise the claims via state judicial review of the administrative proceedings suffices").

1

iv.    **The Policies Behind the <u>Younger</u> Abstention Doctrine Are Implicated by the Action Plaintiff Has Requested of the Federal Court**

2

3    If a state-initiated proceeding is ongoing, and if it implicates important state interests (as

4    defined by <u>NOPSI</u>, *supra*), and if the federal litigant is not barred from litigating federal

5    constitutional issues in that proceeding, then a federal court action that would enjoin the proceeding,

6    or have the practical effect of doing so, would interfere in a way that <u>Younger</u> disapproves.

7    <u>Gilbertson</u>, *supra*, 381 F.3d at 978.  Here, plaintiff seeks to substitute this Court as the factfinder

8    instead and in place of California's Insurance Commissioner through a declaratory judgment.  This

9    request would interfere with the power California's legislature vested with the State's Insurance

10    Commissioner.  The Supreme Court has held that <u>Younger</u> barred a suit for declaratory relief against

11    the operation of a state proceeding because declaratory relief, the Court determined, would "result in

12    precisely the same interference with and disruption of state proceedings that the long-standing policy

13    limiting injunctions was designed to avoid." <u>Samuels v. Mackell</u>, 401 U.S. 66, 72 (1971).

14

d.    **"<u>Burford</u>" Abstention Provides Yet Another Basis to Avoid Federal Court Review**

15    In <u>Burford v. Sun Oil Co.</u>, 319 U.S. 315, 332 (1943), the Supreme Court held that when an

16    issue clearly involves basic problems of state policy, equitable discretion should be exercised to give

17    the state procedure the first opportunity to consider them.   The Court reiterated its reluctance to pass

18    upon questions turning on largely local issues in <u>Alabama Pub. Serv. Comm'n v. Southern R.R. Co.</u>,

19    341 U.S. 341 (1951), where it abstained from deciding whether the Alabama Public Service

20    Commission violated a railroad's due process rights by requiring continued operation of unprofitable

21    railroad lines. In that case, the Court held that review was inappropriate because the success of the

22    federal constitutional challenge primarily depended upon the "local factor of public need for the

23    service rendered." <u>Id</u>. at 347.

24    In <u>NOPSI</u>, *supra,* 491 U.S. 350, the Court summarized the controlling principles of the

25    <u>Burford</u> doctrine: Where timely and adequate state-court review is available, a federal court sitting in

26    equity must decline to interfere with the proceedings or orders of state administrative agencies: (1)

27    when there are "difficult questions of state law bearing on policy problems of substantial public

28

import whose importance transcends the result in the case then at bar"; or (2) where the "exercise of federal review of a question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." NOPSI, 491 U.S. at 361.

Burford protects complex state administrative processes from undue federal interference. It applies when timely and adequate state-court review of the proceedings or orders of state administrative agencies is available, and requires abstention "(1) when there are difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar; or (2) where the exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." NOPSI, 491 U.S. at 361 (describing the Burford doctrine). Defendant submits that California's consumer complaint administrative procedure (Cal. Ins.Code, §§ 12921, et seq.) presents policy problems of substantial public import whose importance transcends the result in the purported case or controversy alleged in the complaint and/or this Court's exercise of review of the question in this case would be disruptive of the California's Insurance Commissioner's efforts to establish a coherent policy in monitoring, correcting and administering consumer complaints to invoke Burford abstention.

### e. The "Exhaustion of Administrative Remedies" and/or the "Primary Jurisdiction" Doctrines Provide Another Basis to Avoid Federal Court Review

Similar doctrines, known as "exhaustion" and the "primary jurisdiction" doctrines, provide an independent basis to avoid federal review when a government agency is charged with the primary responsibility for governmental supervision or control of the particular industry or activity involved. United States v. Culliton, 328 F.3d 1074, 1081 (9th Cir.2003). The primary jurisdiction doctrine, like the closely related doctrine of exhaustion of external administrative remedies, arises in the context of complex regulatory schemes utilizing expert administrative agencies. Both doctrines are, in the words of California's Supreme Court, "'essentially doctrines of comity between courts and agencies. They are two sides of the timing coin: Each determines whether an action may be brought in a court or whether an agency proceeding, or further agency proceeding, is necessary.' [Citation.]" Farmers

1  Ins. Exchange v. Superior Court, 2 Cal.4th 377, 390 (1992).

2      "Exhaustion" applies where a claim is cognizable in the first instance by an
3      administrative agency alone; judicial interference is withheld until the administrative
       process has run its course. "Primary jurisdiction," on the other hand, applies where a
4      claim is originally cognizable in the courts, and comes into play whenever
       enforcement of the claim requires the resolution of issues which, under a regulatory
5      scheme, have been placed within the special competence of an administrative body; in
       such a case the judicial process is suspended pending referral of such issues to the
6      administrative body for its views. [Citations.]

6  Farmers Ins. Exchange v. Superior Court, *supra,* 2 Cal.4th at 390.

7      When a statute and lawful regulations pursuant thereto establish a quasijudicial

8  administrative tribunal to adjudicate statutory remedies, the aggrieved party is generally required to

9  initially resort to that tribunal and to exhaust its appellate procedure. Jonathan Neil & Associates v.

10  Jones, 33 Cal.4th 917, 930 (2004) ("Jones").  This is the "exhaustion" strand of primary jurisdiction.

11  Id.

12      Here, there is a statutory scheme wherein an insured may pursue a consumer complaint with

13  California's Department of Insurance which is quasijudicial in nature.  Plaintiff, as the party

14  complained about by the consumer, has sufficient due process rights to engage the DOI in the

15  administrative process which require it to make findings as to the legitimacy of such complaints

16  applying specified criteria (see *supra.*)  Court review is available through a writ of mandate.

17      There are equally important policy considerations behind the primary jurisdiction doctrine

18  which apply to plaintiff's affirmative requests for relief.  "The policy reasons behind the two

19  doctrines are similar and overlapping. The exhaustion doctrine is principally grounded on concerns

20  favoring administrative autonomy (*i.e.,* courts should not interfere with an agency determination

21  until the agency has reached a final decision) and judicial efficiency (*i.e.,* overworked courts should

22  decline to intervene in an administrative dispute unless absolutely necessary). [Citations.] . . . [T]he

23  primary jurisdiction doctrine advances two related policies: it enhances court decisionmaking and

24  efficiency by allowing courts to take advantage of administrative expertise, and it helps assure

25  uniform application of regulatory laws. [Citations.]" Jonathan Neil & Associates v. Jones, *supra,* 33

26  Cal.4th at 932.

27

28

"No rigid formula exists for applying the primary jurisdiction doctrine [citation]. Instead, resolution generally hinges on a court's determination of the extent to which the policies noted above are implicated in a given case. [Citations.] This discretionary approach leaves courts with considerable flexibility to avoid application of the doctrine in appropriate situations, as required by the interests of justice." <u>Farmers Ins. Exchange</u>, *supra,* 2 Cal.4th at pp. 391-392, fns. omitted.

"Uniformity and consistency in the regulation of business entrusted to a particular agency are secured, and the limited functions of review by the judiciary are more rationally exercised, by preliminary resort for ascertaining and interpreting the circumstances underlying legal issues to agencies that are better equipped than courts by specialization, by insight gained through experience, and by more flexible procedure." <u>Far East Confer. v. United States</u>, 342 U.S. 570, 574-75 (1952). The primary jurisdiction doctrine is thus grounded in the judiciary's desire to take advantage of administrative expertise and to help ensure uniform application of complex regulatory laws. <u>Farmers Ins. Exchange v. Superior Court</u>, *supra,* 2 Cal.4th at 391. It is not an abuse of discretion to dismiss an action brought under the Declaratory Judgment Act for failure on the part of the claimant to exhaust its administrative remedies. <u>California Ass'n of Emp. v. Building and Const. Trades Council of Reno, Nev. and Vicinity</u>, 178 F.2d 175, 177 (9th Cir. 1950).

## **CONCLUSION**

Defendant lost her husband due to tragic circumstances. She lost her home because a death benefit was not paid to her on a life insurance policy due to circumstances beyond her control. She sought redress in a court of law against plaintiff's agents, but decided against pursuing it further when she learned that her husband had omitted pertinent information from his application for the life insurance policy regarding treatment he had received for drug abuse. Nevertheless, she continued to exercise her petitioning rights by filing a consumer complaint with the California Department of Insurance contending that plaintiff's agents, the broker that sold the insurance policy to her husband, failed to fulfill its obligations to set up automatic withdrawals from her husband's bank account to pay for the policy premiums.

Plaintiff's complaint pursuant to the Declaratory Judgment Act is nothing other than a "reactive declaratory action" designed to chill defendant Rosa Rivera Keel's protected conduct

covered by California Code of Civil Procedure section 425.16, subdivisions (e)(1) and (2).   To add insult to injury, plaintiffs have falsely characterized the dispute between them and have made blatant misrepresentations in its complaint.

Defendant has demonstrated a *prima facie* application of California's anti-SLAPP statute. Accordingly, the burden shifts to the plaintiff do demonstrate both (1) that it can allege facts constituting a "case of actual controversy" which do not embrace California's  absolute immunity from suit under section 47(b) and do not implicate the various abstention and primary jurisdiction doctrines addressed herein, and (2) that there is a probability it will prevail on such a claim. Defendant submits that plaintiff can do neither and that her special motion to strike the complaint should be granted without leave to amend.

.

Dated: December 3, 2007                    Respectfully submitted,


                                           /s/ signature on file
                                           Frank S. Moore
                                           Attorney for defendant Rosa Rivera Keel

**PROOF OF SERVICE**

I, the undersigned, declare as follows:

I am employed in the City and County of San Francisco, State of California.  I am over the age of eighteen (18) and am not a party to this action.  My business address is 135 Belvedere Street, San Francisco, California 94117.

On the date set forth below, I served the document(s) entitled:

**DEFENDANT ROSA RIVERA KEEL'S NOTICE OF SPECIAL MOTION TO STRIKE PLAINTIFF'S COMPLAINT PURSUANT TO CALIFORNIA'S ANTI-SLAPP STATUTE**

**DEFENDANT ROSA RIVERA KEEL'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SPECIAL MOTION TO STRIKE PURSUANT TO CALIFORNIA'S ANTI-SLAPP STATUTE**

on the parties in this action as follows:

MANATT, PHELPS & PHILLIPS, LLP
HENRY C. WANG
CHARLES GOMEZ
11355 West Olympic Boulevard
Los Angeles, CA 9006-1614

__X__ [BY MAIL] I placed the above document(s) in an envelope which was sealed, with postage thereon fully prepaid, and placed in the United States mail in San Francisco, California.  I am "readily familiar" with the practice of The Law Offices of Frank S. Moore for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

___ [VIA FACSIMILE] I transmitted the above-named documents (without attachments) at approximately __:__ _.m. on _____, via facsimile number (415) 292-6091 to (310) 312-4224. The facsimile machine I used conveyed no error in the transmission.  The transmission report was properly issued by the transmitting facsimile machine.

___ [VIA FEDERAL EXPRESS] I am "readily familiar" with the practice of The Law Offices of William L. Osterhoudt for collection and processing of correspondence for deposit with Federal Express for overnight delivery service.  Correspondence for collection and processing is either delivered to a courier or driver authorized by Federal Express to receive documents or deposited by an employee or agent of this firm in a box or facility regularly maintained by Federal Express that same day in the ordinary course of business.

___ [VIA HAND DELIVERY BY EXPRESS COURIER] I am "readily familiar" with the practice of The Law Offices of William L. Osterhoudt for collection and processing of documents that are hand delivered via courier (Silver Bullet Delivery) and I cause the above document(s) to be delivered to Silver Bullet Delivery which in turn hand delivered the above document(s) to counsel at the address listed above on this date.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: December 3, 2007          /s/ signature on file
                                 Frank S. Moore

*OM FINANCIAL SERVICES COMPANY v. ROSA RIVERA KEEL, et al.*          Case No. C07-04723 MHP

DEFENDANT ROSA RIVERA KEEL'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO CALIFORNIA'S ANTI-SLAPP STATUTE          25