FRANK S. MOORE, SBN 158029
Law Offices of Frank S. Moore, APC
SUZY C. MOORE, SBN 151502
Law Offices of Suzy C. Moore
1374 Pacific Avenue
San Francisco, California 94109
Telephone:    (415) 292-6091
Facsimile:     (415) 292-6694

Attorneys for Defendant
ROSA RIVERA KEEL

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| OM FINANCIAL SERVICES COMPANY, | No. C07-04723 MHP |
|---|---|
| Plaintiff, | **DECLARATION OF ROSA RIVERA KEEL IN SUPPORT OF DEFENDANT'S SPECIAL MOTION TO STRIKE PURSUANT TO CALIFORNIA'S ANTI-SLAPP STATUTE** |
| vs. | |
| ROSA RIVERA KEEL AND DOES 1 through 10, INCLUSIVE, | [Cal. Code of Civ.Proc., 425.16] |
| Defendant. | Date: January 14, 2008<br>Time: 2:00 p.m.<br>Place: Courtroom 15, 18th Floor |

Honorable Marilyn Hall Patel

I, ROSA RIVERA KEEL, hereby declare:

1. I am the defendant named in this action. I have personal knowledge of the matters stated herein. If called as a witness, I could testify truthfully to the matters stated herein. I make this declaration in support of my Special Motion to Strike Plaintiff's Complaint Pursuant to California's Anti-SLAPP Statute.

2. On or about August 27, 2005, my husband, Sean Kenneth Keel (now deceased), entered into a contract with Patrice Ann Pfitzer and Family Direct Insurance Services, Inc., to secure a life insurance policy with a death benefit coverage of $620,000 for me to pay off the mortgage to our house in the event of his death. Patrice Ann Pfitzer and Family Direct Insurance Services, Inc., were insurance agents who sold life insurance policies issued by Fidelity and Guaranty Life Insurance Company, the predecessor entity of the plaintiff, Om Financial Services Company.

3. My husband was killed as a result of a car jacking incident on January 21, 2006. After Fidelity and Guaranty Life Insurance Company refused to honor the policy, I filed a lawsuit last year against Patrice Ann Pfitzer and Family Direct Insurance Services, Inc., in San Francisco County Superior Court, Case No. CGC 06-457269, alleging negligence in the procurement of a life insurance policy. The basis for the claim of negligence was that my husband had accepted the agents' offer to arrange direct withdrawal payments of the premiums for the policy by paying $97.47, which would pay for the first month after the policy was issued and future payments would be drawn from his checking account. There was an error in the procedure in setting up the direct withdrawals from my husband's bank account that neither my husband nor Patrice Ann Pfitzer and Family Direct Insurance Services, Inc., caught. Patrice Ann Pfitzer delivered a letter to my husband along with the Policy L0531119 issued by Fidelity and Guaranty Life Insurance Company with a certificate of life insurance. Bound with Policy L0531119 was a copy of the check my husband had provided to for $97.78 with the word "VOID" written across it. The implication of including this check bound with the policy was that Patrice Ann Pfitzer and Family Direct Insurance Services, Inc., had set up the automatic withdrawal from my husband's account as they offered to do. A true and correct copy of the complaint I filed in San Francisco County Superior Court, Case No. CGC 06-457269, is attached as Exhibit "C" to the Declaration of my counsel, Frank S. Moore, in Support of Request for Judicial Notice filed concurrently herewith.

4.  Through discovery conducted in Case No. CGC 06-457269, I learned that my husband had omitted from his insurance application the treatment he had received for substance abuse. While I did not believe that this fact diminished the negligence by Patrice Ann Pfitzer and Family Direct Insurance Services, Inc., in failing to set up the automatic withdrawal from my husband's bank account, I understood that this fact could effect the outcome of the case and increase the costs of litigation. Therefore, on February 27, 2007, I authorized my counsel to file a voluntary dismissal, without prejudice, of the entire action in Case No. CGC 06-457269. A true and correct copy of the voluntary request for dismissal filed in San Francisco County Superior Court, Case No. CGC 06-457269, is attached as Exhibit "D" to the Declaration of my counsel, Frank S. Moore, in Support of Request for Judicial Notice filed concurrently herewith.

5.  After dismissing the lawsuit, I researched ways to hold Patrice Ann Pfitzer and Family Direct Insurance Services, Inc., responsible for failing to set up the automatic withdrawal from my husband's bank account to pay for the policy premiums instead of pursuing costly litigation. Upon advice of counsel, I initiated a consumer complaint against Family Direct Insurance Services, Inc., with the Department of Insurance on May 20, 2007. A true and correct copy of the consumer complaint I initiated with the Department of Insurance on May 20, 2007, is attached as Exhibit "E" to the Declaration of my counsel, Frank S. Moore, in Support of Request for Judicial Notice filed concurrently herewith. I explained in the consumer complaint that I was seeking this remedy "because costs and fees to litigate would be costly for me."

6.  The consumer complaint that I initiated with the Department of Insurance resulted in the assignment of a Senior Insurance Compliance Officer to investigate plaintiff's practices which is pending and ongoing. On June 11, 2007, and again on September 27, 2007, I received written correspondence from Elizabeth Saentz, the Senior Insurance Compliance Officer with the Department of Insurance. This correspondence is collectively attached as Exhibit "F" to the Declaration of my counsel, Frank S. Moore, in Support of Request for Judicial Notice filed concurrently herewith. In the September 27, 2007 correspondence, Ms. Saenz informed me that Rusell Laws of Om Financial's legal department had decided to pursue the matter in court.


7. On October 31, 2007, I received a letter from plaintiff's counsel, Henry Wang, in which he informed me that he filed this action on behalf of his client, the plaintiff, because of the consumer complaint I filed with the Department of Insurance. Specifically, he states in his letter:

> Subsequently, you [defendant Rosa Rivera Keel] contacted the California Department of Insurance ("DOI") regarding this matter. On or about June 11, 2007, the DOI inquired into this matter and demanded, among other things, that OM Life provide a narrative explanation of your claim history. OM Life provided a thorough explanation to the DOI, and stood by its decision. ¶ . . . Nevertheless, in an effort to give at least as much consideration to your interests as it gives its own interests, OM Life has **decided to defer this matter to an impartial tribunal. To that end, OM Life has filed a declaratory relief action** in the United States District Court for the Northern District of California entitled *OM Financial Life Insurance Company v. Rosa Rivera Keel* - Case No. C07-4723 (MHP) ("the Action").

A true and correct copy of Mr. Wang's October 26, 2007 Letter is attached as Exhibit "B" to the Declaration of my counsel, Frank S. Moore, in Support of Request for Judicial Notice filed concurrently herewith.

8. I have never alleged that my husband paid the $378.30 initial premium payment. To the contrary. I alleged in the complaint I filed in San Francisco Superior Court, Case No. CGC 06-457269, that it was I who had paid the plaintiff the check. In the complaint, it is alleged at paragraph 18:

> 18. Shortly after learning of her husband's death, plaintiff ROSA RIVERA KEEL consulted Policy No. L0531119 (Exhibit "E" hereto) and arranged to have a friend who worked for an insurance company review it. Plaintiff's friend informed her that it appeared that the policy was in effect because an original policy had been delivered to decedent. On January 22, 2006, plaintiff made payment of $378.30 as the premium for Policy No. L0531119 (Exhibit "E" hereto). A true and correct copy of the bank transaction reflecting said payment is attached hereto as Exhibit "F."

Keel Complaint, ¶18 – Exhibit "C" to the Declaration of my counsel, Frank S. Moore, in Support of Request for Judicial Notice filed concurrently herewith.

9. The initiation of the lawsuit by the plaintiff will cause me substantial financial hardship. I have already lost my house because of the death of my husband and because I did not receive the death benefit from the insurance policy which was supposed to pay off the mortgage in the event of his death.

I declare under penalty of perjury that the foregoing is true and correct of my own personal knowledge. Executed at San Francisco, California on December 3, 2007.

_____
Rosa Rivera Keel

**PROOF OF SERVICE**

I, the undersigned, declare as follows:

I am employed in the City and County of San Francisco, State of California. I am over the age of eighteen (18) and am not a party to this action. My business address is 135 Belvedere Street, San Francisco, California 94117.

On the date set forth below, I served the document(s) entitled:

**DECLARATION OF ROSA RIVERA KEEL IN SUPPORT OF DEFENDANT'S SPECIAL MOTION TO STRIKE PURSUANT TO CALIFORNIA'S ANTI-SLAPP STATUTE**

on the parties in this action as follows:

MANATT, PHELPS & PHILLIPS, LLP
HENRY C. WANG
CHARLES GOMEZ
11355 West Olympic Boulevard
Los Angeles, CA 9006-1614

__X__ [BY MAIL] I placed the above document(s) in an envelope which was sealed, with postage thereon fully prepaid, and placed in the United States mail in San Francisco, California. I am "readily familiar" with the practice of The Law Offices of Frank S. Moore for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

____ [VIA FACSIMILE] I transmitted the above-named documents (without attachments) at approximately __:__ _.m. on _____, via facsimile number (415) 292-6091 to (310) 312-4224. The facsimile machine I used conveyed no error in the transmission. The transmission report was properly issued by the transmitting facsimile machine.

____ [VIA FEDERAL EXPRESS] I am "readily familiar" with the practice of The Law Offices of William L. Osterhoudt for collection and processing of correspondence for deposit with Federal Express for overnight delivery service. Correspondence for collection and processing is either delivered to a courier or driver authorized by Federal Express to receive documents or deposited by an employee or agent of this firm in a box or facility regularly maintained by Federal Express that same day in the ordinary course of business.

____ [VIA HAND DELIVERY BY EXPRESS COURIER] I am "readily familiar" with the practice of The Law Offices of William L. Osterhoudt for collection and processing of documents that are hand delivered via courier (Silver Bullet Delivery) and I cause the above document(s) to be delivered to Silver Bullet Delivery which in turn hand delivered the above document(s) to counsel at the address listed above on this date.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: December 3, 2007         /s/ signature on file
                                Frank S. Moore

---

*OM FINANCIAL SERVICES COMPANY v. ROSA RIVERA KEEL, et al.*                         Case No. C07-04723 MHP
DECLARATION OF ROSA RIVERA KEEL IN SUPPORT OF DEFENDANT'S SPECIAL MOTION TO STRIKE
PURSUANT TO CALIFORNIA'S ANTI-SLAPP STATUTE                                                                5