MANATT, PHELPS & PHILLIPS, LLP
HENRY C. WANG (BAR NO. CA 196537)
hwang@manatt.com
CHARLES G. GOMEZ (BAR NO. CA 236663)
cgomez@manatt.com
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

*Attorneys for Plaintiff*
OM FINANCIAL LIFE INSURANCE COMPANY, formerly known as Fidelity and Guaranty Life Insurance Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OM FINANCIAL LIFE INSURANCE COMPANY,

Plaintiff,

vs.

ROSA RIVERA KEEL, and DOES 1 through 10, inclusive,

Defendants.

Case No. C07-04723 MHP

Hon. Marilyn Hall Patel

**OM FINANCIAL LIFE INSURANCE COMPANY'S OPPOSITION TO MOTION TO STRIKE PURSUANT TO CALIFORNIA'S ANTI-SLAPP STATUTE**

[Filed Concurrently With:
1. Declaration of Russell Laws;
2. Declaration of Henry C. Wang;
3. Objection to Declaration of Rosa Rivera Keel;
4. Objection to Declaration of Counsel; and
5. Objection to Request to Take Judicial Notice.]

Date: January 14, 2008
Time: 2:00 p.m. a.m.
Dept.: 15

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

CASE NO. C07-04723 MHP
OPPOSITION TO MOTION TO STRIKE

## TABLE OF CONTENTS

| | | Page |
|---|---|---|
| **I.** | INTRODUCTION | 1 |
| **II.** | SUMMARY OF BACKGROUND FACTS | 2 |
| **III.** | ARGUMENTS | 6 |
| | **A.** Defendant's Allegations Do Not Support the Granting of the Motion | 6 |
| | **1.** The Motion Fails Because Defendant's Constitutional Rights Have Not Been Impacted By The Instant Lawsuit | 7 |
| | **2.** The Motion Fails Because OM Life Will Prevail | 9 |
| | **B.** Abstention Has No Application To the Instant Action or Motion | 10 |
| | **1.** Grounds for abstention are not present here | 11 |
| | **2.** Younger abstention doctrine does not apply | 12 |
| | **3.** Burford abstention doctrine does not apply | 13 |
| **IV.** | CONCLUSION | 15 |

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Aetna Cas. & Sur. Co. v. Merritt*, 974 F.2d 1196 (9th Cir.1992)........ 11, 12

*Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942)........ 12

*Burford v. Sun Oil Co.*, 319 U.S. 315 (1943)........ 13, 14

*Central Valley Water Agency v. U.S.*, 327 F.Supp. 1180 (USDC-CAED 2004)........ 13

*Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361 (9th Cir. 1991)........ 12

*City of Cotati v. Cashman*, 29 Cal.4th 69 (2002)........ 6, 7, 9

*Gilbertson v. Albright*, 381 F.3d 965 (9th Cir. 2004)........ 13

Government Employees Ins. Co. v. Dizol., 133 F.3d 1220 (9th Cir. 1995)........ 10, 11

*Martinez v. Metabolife Int'l, Inc.*, 113 Cal.App.4th 181, 6 Cal.Rptr.3d 494 (2003)........ 7, 9

*Metabolife Int'l. Inc. v. Wornick*, 264 F.3d 832 (9th Cir. 2001)........ 6, 7

*Middlesex Cnty Ethics Comm. v. Garden St. Bar Assoc.*, 457 U.S. 423 (1982)........ 13

*New Orleans Public Service, Inc. v. Council of the City of New Orleans*, 491 U.S. 350 (1989)........ 14

*Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1-2, S.Ct. 1519, 95 L.Ed.2d 1 (1987)........ 13

*Polykoff v. Collins*, 816 F.2d 1326 (9th Cir. 1987)........ 13

*Ryan v. Sea Air, Inc.*, 902 F.Supp. 1064 (USDC-D.Alaska 1995)........ 14

*State Farm Gen. Ins. Co. v. Majorino*, 99 Cal.App.4th 974 (2002)........ 6, 7, 8

*U.S. v. Adair*, 723 F.2d 1394 (9th Cir. 1983)........ 13

*United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963 (9th Cir.1999)........ 6

*Wilcox v. Superior Court*, 27 Cal.App.4th 809, 33 Cal.Rptr.2d 446 (1994)........ 7

## TABLE OF AUTHORITIES
**(continued)**

**Page**

*Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995) ..... 12

*Younger v. Harris*, 401 U.S. 37 (1971) ..... 12, 13

**STATUTES**

California Code of Civil Procedure § 425.16 ..... 6

California Code of Civil Procedure § 425.16(e) ..... 6

California Code of Civil Procedure § 426.16 ..... 15

Federal Rule of Civil Procedure 12(b) ..... 2, 5

Federal Rules of Civil Procedure Rule 16(f) ..... 15

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

iii

CASE NO. C07-04723 MHP
OPPOSITION TO MOTION TO STRIKE

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Defendant's Anti-SLAPP Motion is based on nothing more than a mischaracterization of the instant lawsuit and a misapplication of the law. Indeed, the instant matter is a conventional, run-of-the-mill declaratory relief action, in which OM Financial Life Insurance Company ("OM Life") is seeking a court declaration of the parties' rights under an insurance policy. A cursory reading of the complaint shows that OM Life's declaratory relief action is premised on simple and straightforward facts that have nothing to do with Defendant's constitutionally protected activities:

- Defendant is the beneficiary under a life insurance policy issued by OM Life;
- Defendant made a claim for the benefits under the policy;
- The policy, however, was cancelled because the insured did not make the initial premium payment;
- Defendant contends that she is entitled to the benefits; and
- OM Life contends that Defendant is not entitled to the benefits under the policy. Contrary to Defendant's characterization,

Despite the simplicity of the issues involved in this run-of-the-mill declaratory relief action, Defendant is claiming that the instant declaratory relief action somehow is based on her prior state court action filed against her insurance agent and the consumer complaint that she filed with the California Department of Insurance ("DOI"). (Motion, 6:19-7:20.) Nothing, however, could be further from the truth. For example, the DOI consumer complaint and the state court action were merely incidental occurrences that originated from the underlying contract dispute for which OM Life is currently before this Court and is seeking a declaration of rights. The disconnect between Defendant's prior state court action and OM Life's current action is evidence by the fact that by the time OM Life filed this action, Defendant had already and voluntarily dismissed her state court action. Therefore, OM Life's instant action was not a result of Defendant's exercise of her protected rights. Moreover, OM Life discussed with the DOI about the filing of this declaratory relief action to resolve the parties' dispute. In fact, the DOI

knew and did not object to the filing of this action. Therefore, Defendant cannot meet her burden of showing that OM Life deterred or intended to deter her from exercising her constitutional right of free speech.

Defendant's Motion fails for another reason: OM Life will be able to make a *prima facie* showing that it will prevail in this matter. After all, Defendant is seeking to recover benefits under a life insurance policy that was cancelled for lack of premium payment.

Finally, in grasping for straws, Defendant devotes no less than ten pages of the Motion in discussing why this Court should abstain from addressing this action. (Motion, 14:11-23:16.) However, not only are Defendant's abstention arguments irrelevant to the determination of an Anti-SLAPP motion, but they are also incorrect. None of Defendant's abstention arguments apply here because the issues presented before this Court do not involve state public policies, industry issues, or conflict between state and federal laws. Instead, this lawsuit deals two parties' contract rights under an insurance policy – a commonplace dispute that federal courts often hear and resolve. In the end, Defendant's filing of the Motion is not based on any meritorious argument. Rather, as Defendant's counsel said himself, it was filed because this Court does not permit the filing of a Federal Rule of Civil Procedure 12(b) motion. Such motivation to file an Anti-SLAPP motion is a flagrant attempt to circumvent the procedural rules of this Court and a frivolous abuse of the Anti-SLAPP statute. Accordingly, OM Life respectfully requests the Motion be denied.

## II. SUMMARY OF BACKGROUND FACTS

On or about August 27, 2005, Sean Keel applied for life insurance coverage with OM Life (the "Application"). On the Application, Mr. Keel elected the option to make quarterly premium payments for the policy, and designated the Defendant as the primary beneficiary. Declaration of Russell Laws ("Laws Decl."), ¶ 2, and a true and correct copy of the Application is attached thereto as Exhibit A.

On October 10, 2005, OM Life issued the Policy. The Policy contains, among other things, a premium payment grace period provision, which provides:

**Certificate Date**
The date on which the initial premium is due and on which coverage starts. Premium due dates, certificate months, years, and anniversaries are measured from this date.

****

**Premium Payments**

All premium payments:

- Must be paid on or before their due date.
- Must be made at our Home Office or any administrative office that we maintain.
- Must be in the currency of the United State of America.
- May be made by a currently dated check or money order made payable to Fidelity and Guaranty Life Insurance Company.
- Before any insurance becomes effective, the first premium for each term must be paid while the Insured is alive.

Laws Decl., ¶¶ 3-4, and a true and correct copy of the Policy is attached thereto as Exhibit B.

Mr. Keel did not pay the initial quarterly premium in the amount of $378.30 when the Policy was issued. Laws Decl., ¶ 5.

In the October 12, 2005 Delivery Requirement Notice that accompanied the Policy, Mr. Keel was advised that he was required to make the initial quarterly premium payment in the amount of $378.30 within 30 days in order to activate the Policy. Laws Decl., ¶ 6 and a true and correct copy of the Delivery Requirement Notice is attached thereto as Exhibit C.

On November 3, 2005, OM Life sent Mr. Keel's agent an Intent to Close Notification, informing Mr. Keel that the Policy would be cancelled if the initial quarterly premium was not received within 15 days of the date of the Intent to Close Notification. Laws Decl., ¶ 7 and a true and correct copy of the Intent to Close Notification is attached thereto as Exhibit D. Mr. Keel did not pay the initial quarterly premium within 15 days of the date of the Intent to Close Notification. Laws Decl., ¶ 8.

On December 19, 2005, OM Life notified Mr. Keel that the Policy was cancelled. Laws Decl., ¶ 9, and a true and correct copy of the cancellation notice is attached thereto as Exhibit E.

On or about January 21, 2006, Mr. Keel died. Laws Decl., ¶¶ 10 & 14, and a true and correct copy of Defendant's letter confirming Mr. Keel's death is attached thereto as Exhibit .

On January 23, 2006, Defendant called OM Life and the status of the Policy being cancelled was discussed with her. Laws Decl., ¶ 11.

On or about January 26, 2006, OM Life received a check in the amount of $378.30. The check listed Mr. Keel as the maker of the check. The check also had several references to the Policy. Laws Decl., ¶ 12 and a true and correct copy of the check is attached thereto as Exhibit F.

On January 27, 2006, OM Life sent Mr. Keel a letter advising him that the Policy had been cancelled and that the $378.30 would be returned to him under separate cover. Laws Decl., ¶ 13, and a true and correct copy of the January 27, 2006 letter and the refund check are attached thereto as Exhibit G.

In a letter dated February 9, 2006, Defendant informed OM Life, and OM Life learned for the first time, of Mr. Keel's death. In this letter, Defendant confirmed that Mr. Keel died on January 21, 2006. She also requested the requisite forms to file a claim for benefits under the Policy. Laws Decl., ¶ 14 and a true and correct copy of the February 9, 2006 letter is attached thereto as Exhibit H.

On October 23, 2006, Defendant commenced a state court action in the California Superior Court for the County of San Francisco against her insurance agent, alleging claims for negligence, constructive fraud, and negligent misrepresentation (Case No. CGC-06-457259) ("State Court Action"). She did not name OM Life as a defendant. *See* Declaration of Counsel filed in support of the Motion, ¶ 4 and the complaint, attached thereto as Exhibit C.

On March 1, 2007, Defendant voluntarily dismissed the State Court Action. *See* Declaration of Counsel filed in support of the Motion, ¶ 5 and the Request for Dismissal, attached thereto as Exhibit D.

On or about May 20, 2007, Plaintiff submitted a Request for Assistance with the DOI, in which she confirmed, among other things, that she had submitted a claim for benefits

under the Policy and that OM Life refused to pay her claim. *See* Declaration of Counsel filed in support of the Motion, ¶ 6 and the Request for Dismissal, attached thereto as Exhibit E.

On June 13, 2007, OM Life received an inquiry from the California Department of Insurance ("DOI") regarding Defendant's claim for benefits under the Policy. The DOI requested, among other things, OM Life to explain whether the Policy was in force when Mr. Keel died. Laws Decl., ¶ 15, and a true and correct copy of the DOI's letter is attached thereto as Exhibit I.

On June 25, 2007, OM Life timely responded to the DOI's inquiry and explained, among other things, that the Policy was cancelled due to the fact that Mr. Keel did not pay the quarterly premium in accordance with the Application, Policy, and the subsequent notices. Laws Decl., ¶ 16 and a true and correct copy of OM Life's June 25, 2007 letter is attached thereto as Exhibit J.

Following the initial exchange of correspondence, the DOI and OM Life had several follow up conversations, during which they discussed the filing of a legal action to resolve Defendant's claim for benefits under the Policy and OM Life's contention that the Policy had been cancelled prior to Mr. Keel's death. The DOI did not object to or oppose the filing of a legal action. Laws Decl., ¶ 17, and a true and correct copy of a letter from the DOI dated September 27, 2007 that referenced these discussions is attached thereto as Exhibit K.

On October 16, 2007, OM Life informed the DOI that OM Life had commenced the instant action in order to seek a declaration of the rights of OM Life and Defendant. A true and correct copy of OM Life's October 16, 2007 letter to the DOI is attached hereto as Exhibit L.

On December 19, 2007, counsel for OM Life contacted Defendant's counsel to discuss the substance of the Motion and the purpose of filing same. During this conversation, Defendant's counsel confessed that he filed the Motion as a way to circumvent this Court's Order Setting Conference that prohibits the filing of FRCP 12(b) motions to dismiss prior to the Case Management Conference without leave of court. Declaration of Henry C. Wang ("Wang Decl."), ¶ 2.

OM Life did not commence the instant action to frustrate or stifle Defendant's First Amendment rights. Rather, it commenced this action because there is a genuine dispute over the parties' rights under the Policy, and the issue of whether the Policy was in force when Mr. Keel died. Wang Decl., ¶ 3.

## III. ARGUMENTS

### A. Defendant's Allegations Do Not Support the Granting of the Motion.

"The anti-SLAPP statute was enacted to allow early dismissal of meritless first amendment cases aimed at chilling expression through costly, time-consuming litigation." *Metabolife Int'l. Inc. v. Wornick*, 264 F.3d 832, 839 (9th Cir. 2001). In order to prevail on an anti-SLAPP motion, the defendant is required to make a *prima facie* showing that the plaintiff's suit arises from an act by the defendant made in connection with a public issue in furtherance of the defendant's right to free speech under the United States or California Constitution. *See United States ex rel. Newsham v. Lockheed Missiles & Space Co*., 190 F.3d 963, 971 (9th Cir.1999); *see also* CCP § 425.16(e) (defining "act in furtherance of a person's right of ... free speech.").[1]

In other words, a declaratory relief claim does not arise from any protected activity if the cause of action was triggered by, ***but not based on***, the defendant's protected free speech or petitioning activity. *See City of Cotati v. Cashman*, 29 Cal.4th 69, 78 (2002). It is "the *principal thrust* or *gravamen* of the plaintiff's cause of action that determines whether the anti-SLAPP statute applies, and when the allegations referring to arguably protected activity are only incidental to a cause of action based essentially on nonprotected activity, collateral allusions to protected activity should not subject the cause of action to the anti-SLAPP statute." *Martinez v.*

[1] CCP Section 425.16 states, "act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue" includes: (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law; (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law; (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest; (4) or any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest." A claim for insurance benefits does not constitute exercise of free speech. *See State Farm Gen. Ins. Co. v. Majorino*, 99 Cal.App.4th 974, 979 (2002)

*Metabolife Int'l, Inc.*, 113 Cal.App.4th 181, 188, 6 Cal.Rptr.3d 494, 499 (2003)(original emphasis), citing *City of Cotati*, 29 Cal. 4th at 79.

"Once it is determined that an act in furtherance of protected expression is being challenged, the plaintiff must show a 'reasonable probability' of prevailing in its claims for those claims to survive dismissal." *Metabolife Int'l.*, 264 F.3d at 840 citing *Wilcox v. Superior Court*, 27 Cal.App.4th 809, 33 Cal.Rptr.2d 446, 455 (1994). "To do this, the plaintiff must demonstrate that 'the complaint is legally sufficient and supported by a prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited.' This burden is 'much like that used in determining a motion for nonsuit or directed verdict,' which mandates dismissal when 'no reasonable jury' could find for the plaintiff. Thus, a defendant's anti-SLAPP motion should be granted when a plaintiff presents an insufficient legal basis for the claims or 'when no evidence of sufficient substantiality exists to support a judgment for the plaintiff.'" *Id*. quoting *Wilcox*, 33 Cal.Rptr.2d at 454-455.

Here, Defendant will not prevail on either part of the anti-SLAPP analysis. First, OM Life's declaratory relief action was not triggered by, let alone arose from, statements made by Defendant in connection with a public issue in furtherance of her right to free speech under the United States or California Constitution. As discussed in greater detail below, OM Life's declaratory relief action stems from Defendant's claim for insurance benefits that is personal only to her, and California courts have held that the anti-SLAPP statute do not apply to such declaratory relief lawsuits. *See State Farm Gen. Ins. Co. v. Majorino*, 99 Cal.App.4th 974, 979 (2002) (holding insurer suit for declaratory relief to determine coverage for an underlying personal injury case was not subject to anti-SLAPP motion). Second, based on the evidence submitted by OM Life and Defendant, OM Life can easily make a *prima facie* showing of facts to sustain a favorable judgment or to overcome any notion of a motion for nonsuit or directed verdict. Indeed, after a review of the evidence, it is clear that the anti-SLAPP statute has no application here. Accordingly, the Motion should be denied.

**1. The Motion Fails Because Defendant's Constitutional Rights Have Not Been Impacted By The Instant Lawsuit.**

Defendant asserts that OM Life's declaratory relief action is premised on her State Court Action and the DOI consumer complaint with the DOI.  (Motion, 6:19-7:20.)  Defendant's argument, however, defies logic and fact.  Nowhere does the Complaint reference the State Court Action or DOI consumer complaint as a basis of the parties' opposing contentions.  In fact, the Complaint specifically alleges that OM Life and Defendant have opposing contentions as to whether Defendant's claim for benefits is payable and whether the Policy was in force when Mr. Keel died. (Complaint, ¶¶ 21-24.)  Indeed, even Defendant's own evidence supports the existence of a genuine dispute over the parties' rights under the Policy and the filing of OM Life's declaratory action.  In her Request for Assistance with the DOI (which served the basis of her consumer complaint), Defendant specifically states, among other things, that she submitted a claim for benefits and that OM Life denied her claim.  *See* Declaration of Counsel filed in support of the Motion, ¶ 6 and the Request for Dismissal, attached thereto as Exhibit E.  These two diametrically opposing contentions adequately and justifiably form the basis for the filing of the declaratory relief action.  Defendant cannot now ignore her prior statements and argue that there was never a dispute over her claim for benefits under the Policy or the parties' rights under the Policy – solely for the purpose of fabricating a meritless anti-SLAPP motion.

Even viewed in a vacuum, the State Court Action never was a basis, and never could serve as a basis, for the instant declaratory relief action.  First, Defendant voluntarily dismissed the lawsuit well before OM Life commenced this action.  *See* Declaration of Counsel filed in support of the Motion, ¶ 5 and the Request for Dismissal, attached thereto as Exhibit D.  Hence, OM Life did not impede, and could not have stifled, Defendant from exercising her constitutionally protected rights.  Second, OM Life was not even a party to the State Court Action so as to suggest that OM Life would be interested in interfering with Defendant's right to seek legal relief.  *See* Declaration of Counsel filed in support of the Motion, ¶ 5 and the Request for Dismissal, attached thereto as Exhibit D.  More importantly, even where there is a concurrently pending action that directly relates to an insured's liability, California courts have found that an insurer's filing of a declaratory relief action that stems from the insured's underlying lawsuit is not subject to the anti-SLAPP statute.  *See State Farm Gen. Ins. Co. v. Majorino, supra.*, 99

Cal.App.4th at 979 (holding insurer suit for declaratory relief to determine coverage for an underlying personal injury case was not subject to anti-SLAPP motion). In summary, other than Defendant's bare legal arguments, there is no evidence whatsoever that demonstrates or even remotely suggests that the instant action has any bearing to the State Court Action.

Additionally, Defendant's filing of a DOI consumer complaint had no bearing on the instant action. In fact, prior to and after the filing, OM Life consulted with the DOI about the filing of the instant lawsuit. The DOI neither objected to nor opposed the filing of the lawsuit – even after OM Life informed the DOI that the action had been filed. So clearly, other than Defendant's arguments, there is no evidence that the instant action arose from Defendant's DOI consumer complaint, particularly when the DOI tacitly concurred with OM Life's filing of the instant action. Laws Decl., ¶¶ 17-18, and Exhibits K and L attached thereto. Moreover, Defendant's filing of the DOI consumer complaint was incidental to or triggered by the parties' underlying contract dispute. Under California, such incidental "protected activity" is insufficient to form the basis of an anti-SLAPP motion. See *Martinez v. Metabolife Int'l, Inc.*, 113 Cal.App.4th at 188, 6 Cal.Rptr.3d at 499 (holding incidental protected activity is not the focal point of anti-SLAPP statute); *see also*, *City of Cotati*, 29 Cal.4th at 80 (holding that the City's subsequently filed declaratory action was not subject to a special motion to strike: "In this case, as the Court of Appeal stated, a dispute exists between the parties over the constitutionality of Cotati Ordinance No. 680. And just as Owners' lawsuit itself was not the actual controversy underlying Owners' request for declaratory relief in federal court, neither was that lawsuit the actual controversy underlying City's state court request for declaratory relief. Rather, the actual controversy giving rise to both actions-the fundamental basis of each request for declaratory relief-was the same underlying controversy respecting City's ordinance. City's cause of action therefore was not one arising from Owners' federal suit."). Accordingly, Defendant cannot meet her initial burden to show that the instant declaratory relief action arose from Defendant's exercise of her constitutional rights, particularly when the gravamen of OM Life's declaratory relief action stems from the parties' dispute over their respective contract rights under the Policy.

**2. The Motion Fails Because OM Life Will Prevail.**

Even assuming *arguendo* that Defendant could overcome the initial hurdle of proving that the declaratory relief action was filed to stifle her constitutional rights, OM Life will still be able to make a *prima facie* showing that it will prevail on the merits, thereby defeating the Motion. Simply put, Defendant does not dispute, and cannot dispute, that the quarterly premium for the Policy was not paid in accordance with the Application, the Policy, and the premium payment notices that were sent by OM Life. Laws Decl., ¶¶ 2-13 and Exhibits A-G, attached thereto. In fact, in her State Court Action complaint, Defendant admitted that she submitted the quarterly premium for the Policy ***after*** Mr. Keel died. State Court Action Complaint, ¶ 18, attached as Exhibit C to Declaration of Counsel filed in support of the Motion, ¶ 4. Accordingly, not only will OM Life be able to establish a *prima facie* case in support of its declaratory relief action, but it expects to ultimately obtain a favorable judgment.

Remarkably, Defendant spends several pages insisting that Plaintiff's declaratory relief action does not involve "a case or controversy." (See, *e.g.*, Motion, Parts E.1. & E.2.) The controversy is very simple: on the one hand, Plaintiff claims there is no valid life insurance policy and, on the other, Defendant claims there is. Disputes concerning the validity of an insurance policy satisfies the "case or controversy" prerequisite. In fact, 9th Circuit authority cited by Defendant in her moving papers affirms this position. See, *e.g., Government Employees Ins. Co. v. Dizol.*, 133 F.3d 1220, 1223 (9th Cir. 1995) ("Indeed, we have consistently held that a dispute between an insurer and its insureds over the duties imposed by an insurance contract satisfies Article III's case and controversy requirement.") Therefore, Defendant's argument is without merit.[2]

**B. Abstention Has No Application To the Instant Action or Motion**

---

[2] Defendant follows up this baseless argument with an incoherent ramble about OM Life's inability to obtain redress through its declaratory action. For instance, Defendant contends that redress cannot be obtained because "[t]here is simply no cognizable dispute that plaintiff can allege." (Motion, p. 14.) Defendant promptly undercuts this argument by asserting in the same paragraph that the allegations in OM Life's complaint are "demonstrably false." By contradicting OM Life's allegation, Defendant's contradiction of the allegations in OM Life's complaint conveniently confirms the existence of a controversy between the parties and, thus, the necessity for declaratory relief to resolve the uncertainty.

Defendant has also apparently, and without proper notice, moved for this Court to abstain, throwing in every conceivable grounds for abstention without regard to its merits. As explained below, abstention has no place in an anti-SLAPP motion because it neither addresses Defendant's protected activities nor OM Life's likelihood of prevailing on the merits.[3] Consequently, Defendant's abstention argument only further confounds the analysis, and adds nothing for this Court's consideration. Worse yet, as discussed below, Defendant's legal analysis is off the mark. Accordingly, this matter is properly before this Court and should proceed on the merits.

**1. Grounds for abstention are not present here.**

In the context of federal declaratory actions regarding insurance coverage issues, the primary factors for determining whether a District Court should abstain were aptly summarized by the 9th Circuit in *Government Employees Ins. Co. v. Dizol*., 133 F.3d 1220, 1225 (9th Cir. 1995), as follows:

> A district court should avoid needless determination of state law issues; it should discourage litigants from filing declaratory actions as a means of forum shopping; and it should avoid duplicative litigation.

In so holding, the 9th Circuit does not suggest or imply that federal determination of an insurance coverage dispute constitutes a "needless determination of state law issues." On the contrary, the 9th Circuit has repeatedly confirmed the substantive merit of declaratory actions such as subject action before this Court. *Dizol*, 133 F.3d at 1225 ("We know of no authority for the proposition that an insurer is barred from invoking diversity jurisdiction to bring a declaratory judgment action against an insured on an issue of coverage.") (Citing with approval, *Aetna Cas. & Sur. Co. v. Merritt*, 974 F.2d 1196, 1199 (9th Cir.1992).)

Defendant's contention that OM Life's federal action is "reactive" forum shopping is not borne out by the facts or supported by any authority. There has been no race to the courthouse between the parties. Defendant's related state action was dismissed on March 1,

[3] Seeking this Court's abstention in conjunction with a special motion to strike appears self-defeating. If the Court were to abstain and stay this proceeding, consideration of the merits of Defendant's special motion to strike would also be stayed.

2007. (Defendant's RJN, Exhibit D.) And more than six months passed before OM Life filed the instant action on September 7, 2007. (Defendant's RJN, Exhibit A.) Without the presence of a pending state court action, there is no basis for concluding that OM Life has engaged in forum shopping. *Aetna Casualty and Surety Company v. Merritt*, 974 F.2d 1196, 1199 (9th Cir. 1992) (holding that the district court properly heard the parties' insurance coverage dispute because "there was no state action pending when Aetna filed its declaratory relief action.") And of course, there is no duplicative litigation that this Court need avoid.[4]

This Court's determination of the rights and duties of the parties with respect to the subject policy is perfectly appropriate and will not conflict with any state action or infringe on any state official's jurisdiction or duties. The DOI is well-aware of this declaratory action and never expressed any objection or opposition to OM Life proceeding in this manner. (Laws Decl., ¶ 17.) In fact, in the DOI's September 27, 2007 letter to Defendant, the DOI informs Defendant of OM Life's intention to file this action, but does not express any disapproval of this proposed step. (Defendant's RJN, Exhibit F.)

Moreover, Defendant's invocation of the DOI's regulatory power and primary jurisdiction rings hollow. Not only has the DOI expressed no objection or opposition to this action, but Defendant, by first proceeding in state court, has made it clear that DOI review of her consumer complaint is merely an afterthought and that judicial action need not wait for or take a back seat to the DOI.

**2. *Younger* abstention doctrine does not apply.**

Defendant also argues that this Court's abstention may be based on the Supreme Court's *Younger* abstention doctrine. *Younger v. Harris*, 401 U.S. 37 (1971). (Motion, p. 20.) Defendant completely misconstrues the holding and application of *Younger* and its progeny, which only applies when a federal action would directly enjoin or would have the practical effect of disrupting a state judicial proceeding or the operation of a state agency. See, *e.g., Gilbertson v.*

---

[4] Defendant cites repeatedly to authority that is patently distinguishable, including: *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995); *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361 (9th Cir. 1991); *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942). In all these cases, there was a pending state court action that warranted federal abstention.

*Albright*, 381 F.3d 965, 977-978 (9th Cir. 2004). In addition, the affected state proceeding must be of vital importance. *Central Valley Water Agency v. U.S.*, 327 F.Supp. 1180, 1215 (USDC-CAED 2004) ("*Younger* abstention is appropriate only if the federal action would affect important state interests that are "'vital to the operation of state government.'" (citing *Polykoff v. Collins*, 816 F.2d 1326 (9th Cir. 1987)); *see also*, *U.S. v. Adair*, 723 F.2d 1394, 1402 (9th Cir. 1983) ("Thus, even if the principles enunciated in *Younger* have been expanded by recent decisions of the Supreme Court, the instant case is not appropriate for *Younger* abstention because federal jurisdiction has not been invoked for the purpose of restraining state proceedings or invalidating a state law.").

An essential factor in determining the appropriateness of federal abstention under, is whether important state interests that are "vital to the operation of government" would be affected by the federal action. *Polykoff v. Collins*, 816 F.2d 1326 (9th Cir. 1987). The State interest at stake must be critical, not a mundane or routine matter, and directly and seriously threatened by the federal action. See, *e.g.*, *Polykoff*, 816 F.2d 1326 "Abstention in such cases is appropriate, however, only when 'the State's interests in the proceeding are so important that exercise of the federal judicial power would disregard the comity between the States and the National Government.' ") (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1-2, 11, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987)). Here, there is no question of comity. The California Department of Insurance ("DOI") has made it quite clear that federal action in this instance will not adversely affect the DOI's interest.[5] (Laws Decl., ¶ 17.)

**3. *Burford* abstention doctrine does not apply.**

Defendant has also frivolously invoked the *Burford* doctrine as possible grounds for this Court to abstain. *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943). (Motion, pp. 20-21.)

---

5 Defendant's attempt to equate the DOI's review of a consumer complaint with the procedural rights and discovery tools available to parties in a judicial proceeding is also without merit. For instance, Defendant points to the Supreme Court's decision in *Middlesex Cnty Ethics Comm. v. Garden St. Bar Assoc.*, 457 U.S. 423 (1982), for the proposition that the DOI's review of a consumer complaint is equivalent to the disciplinary actions of the New Jersey State Bar. However, in support of federal abstention, the Supreme Court specifically noted that "[t]he New Jersey Supreme Court has made clear that filing a complaint with the local Ethics and Grievance Committee 'is in effect a filing with the Supreme Court ....'" *Middlesex Cnty Ethics Comm.* 457 U.S. at 433 (internal citations omitted).

Under the *Burford* doctrine, federal courts "sitting in equity must decline to interfere with the proceedings or orders of state administrative agencies: (1) when there are 'difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar'; or (2) where the 'exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.'" *New Orleans Public Service, Inc. v. Council of the City of New Orleans*, 491 U.S. 350, 361 (1989) (internal citations omitted) (hereafter, "NOPSI"). The *Burford* comity considerations summarized in NOPSI are obviously not present.

First, there is no difficult or complex issue of state law bearing on a DOI policy of substantial public import. This case is simply a coverage dispute, requiring this Court to interpret the terms of a single life insurance policy and apply the pertinent facts. For this reason, neither the Calif. Insurance Commissioner nor any other State officer or agency has been named as a party to this action. *Ryan v. Sea Air, Inc.*, 902 F.Supp. 1064, 1069 (USDC-D.Alaska 1995) (Declining defendant's motion to abstain, the Alaska District Court reasoned: "Certainly this Court should hesitate to inject itself into matters in which the state is a party and where matters of great public policy are being litigated. The state is not a party to this action and no significant policies are in dispute. It is important to stress that regulation of the insurance industry is not an issue in this case.")

As for the second *Burford* prong, it cannot be reasonably argued that this Court's consideration of a single disputed life insurance policy "would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." There are no State-wide DOI policy issues at stake here, only a coverage dispute for the past two years. Through this declaratory action, OM Life is simply seeking a speedy, definitive resolution to the existing controversy. *Ryan* at 1069-1070 (On the efficacy of declaratory actions in federal court, the Alaska District Court noted: "This should assure the parties a more timely resolution of their dispute thus serving the primary goal of declaratory judgments; expeditiously addressing and resolving uncertainty. It is likely that a resolution of the coverage issues will also speed resolution of the tort case since each party's settlement position will be enlightened.")

**IV. CONCLUSION**

Based on the foregoing, OM Life respectfully requests the Court deny the Motion. Moreover, OM Life reserves the right to seek sanctions pursuant to this Court's Order Setting Conference, Fed. Rules Civ. Proc. Rule 16(f), and Calif. Civ. Proc. section 426.16, *et seq*.

Dated: December 24, 2007

MANATT, PHELPS & PHILLIPS, LLP
HENRY C. WANG
CHARLES G. GOMEZ

By: /s/ Henry C. Wang
Henry C. Wang
*Attorneys for Plaintiff*
OLD MUTUAL FINANCIAL LIFE INSURANCE COMPANY, formerly known as Fidelity and Guaranty Life Insurance Company

41189204.4

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

15

CASE NO. C07-04723 MHP
OPPOSITION TO MOTION TO STRIKE

**PROOF OF SERVICE**

I, Charles G. Gomez, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 11355 West Olympic Boulevard, Los Angeles, California 90064-1614. On December 24, 2007, I served a copy of the within document(s):

(1) **OM FINANCIAL LIFE INSURANCE COMPANY'S OPPOSITION TO MOTION TO STRIKE PURSUANT TO CALIFORNIA'S ANTI-SLAPP STATUTE**

☒ by placing the document(s) listed above in a sealed envelope with First Class postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

☐ by placing the document(s) listed above in a sealed GOLDEN STATE OVERNIGHT envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a GOLDEN STATE OVERNIGHT agent for delivery to the person(s) as set forth below.

| | |
|---|---|
| Frank S. Moore, Esq.<br>Law Offices of Frank S. Moore, APC<br>Suzy C. Moore, Esq.<br>Law Offices of Suzy C. Moore<br>1374 Pacific Avenue<br>San Francisco, California 94109 | *Attorneys for Defendant*<br>ROSA RIVERA-KEEL |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on that same day with First Class postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 24, 2007, at Los Angeles, California.

/s/ Charles G. Gomez

Charles G. Gomez