1  MANATT, PHELPS & PHILLIPS, LLP
   HENRY C. WANG (Bar No. CA 196537)
2  hwang@manatt.com
   CHARLES G. GOMEZ (Bar No. CA 236663)
3  cgomez@manatt.com
   11355 West Olympic Boulevard
4  Los Angeles, CA  90064-1614
   Telephone:    (310) 312-4000
5  Facsimile:    (310) 312-4224

6  *Attorneys for Plaintiff*
   OM FINANCIAL LIFE INSURANCE COMPANY,
7  formerly known as Fidelity and Guaranty Life Insurance
   Company

8

9  UNITED STATES DISTRICT COURT

10  NORTHERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12  OM FINANCIAL LIFE INSURANCE COMPANY, | Case No.  C07-04723 MHP |
| 13 | |
| 14  Plaintiff, | Hon. Marilyn Hall Patel |
| 15  vs. | **DECLARATION OF RUSSELL LAWS IN SUPPORT OF OPPOSITION TO MOTION TO STRIKE PLAINTIFF'S COMPLAINT PURSUANT TO CALIFORNIA'S ANTI-SLAPP STATUTE** |
| 16  ROSA RIVERA KEEL, and DOES 1 through 10, inclusive | |
| 17  Defendants. | |
| 18 | [Filed Concurrently Herewith:<br> 1. Opposition to Defendant's Motion to Strike;<br> 2. Objection to Declaration of Rosa Rivera Keel;<br> 3. Objection to Declaration of Counsel;<br> 4. Objection to Request to Take Judicial Notice; and<br> 5. Declaration of Henry C. Wang.] |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | Date:    January 14, 2008<br>Time:    2:00 p.m. a.m.<br>Dept.:    15 |
| 24 | |
| 25 | |

26
27
28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

DECLARATION OF RUSSELL LAWS
CASE NO. C-07-04723

## **DECLARATION OF RUSSELL H. LAWS**

I, Russell H. Laws, declare:

1. I am employed by Defendant OM Financial Life Insurance Company ("OM Life") as Assistant Vice President, Claims. As part of my duties as Assistant Vice President, I had the final responsibility of overseeing the review, investigation and adjudication of the claim for benefits submitted by Defendant Rosa Rivera Keel ("Defendant") under OM Life Insurance Policy No. L0531119 ("the Policy"). I am personally familiar with the Policy, the application for the Policy, and the files relating to the premium payment history, and the review, investigation and adjudication of Defendant's claim for benefits under the Policy, all of which were generated at or about the time of the events described therein, and kept in the ordinary course of OM Life's business. Based on the regular practices and procedures of this office, the source of information contained in these files, and method of preparation of these files and documents are such to indicate the trustworthiness of the documents contained in these files. As such, I have personal knowledge of the facts contained in this declaration and if called upon to do so, could and would competently testify to the facts in this declaration. I make this declaration in support of OM Life's Opposition to Defendant's Motion to Strike.

2. On or about August 27, 2005, Sean Keel applied for life insurance coverage with OM Life (the "Application"). On the Application, Mr. Keel elected the option to make quarterly premium payments for the policy, and designated the Defendant as the primary beneficiary. A true and correct copy of the Application is attached hereto as Exhibit A.

3. On October 10, 2005, OM Life issued the Policy. A true and correct copy of the Policy is attached hereto as Exhibit B.

4. The Policy contains, among other things, a premium payment grace period provision, which provides:

> **Certificate Date**
>
> The date on which the initial premium is due and on which coverage starts. Premium due dates, certificate months, years, and anniversaries are measured from this date.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

2

DECLARATION OF RUSSELL LAWS
CASE NO. C-07-04723

\*\*\*\*

**Premium Payments**

All premium payments:

- Must be paid on or before their due date.
- Must be made at our Home Office or any administrative office that we maintain.
- Must be in the currency of the United State of America.
- May be made by a currently dated check or money order made payable to Fidelity and Guaranty Life Insurance Company.

Before any insurance becomes effective, the first premium for each term must be paid while the Insured is alive.

5. Mr. Keel did not pay the initial quarterly premium in the amount of $378.30 when the Policy was issued.

6. In the October 12, 2005 Delivery Requirement Notice that accompanied the Policy, Mr. Keel was advised that he was required to make the initial quarterly premium payment in the amount of $378.30 within 30 days in order to activate the Policy. A true and correct copy of the Delivery Requirement Notice is attached hereto as Exhibit C.

7. On November 3, 2005, OM Life sent Mr. Keel's agent an Intent to Close Notification, informing Mr. Keel that the Policy would be cancelled if the initial quarterly premium was not received within 15 days of the date of the Intent to Close Notification. A true and correct copy of the Intent to Close Notification is attached hereto as Exhibit D.

8. Mr. Keel did not pay the initial quarterly premium within 15 days of the date of the Intent to Close Notification.

9. On December 19, 2005, OM Life notified Mr. Keel that the Policy was cancelled. A true and correct copy of the cancellation notice is attached hereto as Exhibit E.

10. On or about January 21, 2006, Mr. Keel died.

11. On January 23, 2006, Defendant called OM Life and the status of the Policy was discussed with her.

12. On or about January 26, 2006, OM Life received a check in the amount of $378.30. The check bear the personal information of Mr. Keel and a reference to the Policy. A true and correct copy of the check is attached hereto as Exhibit F.

13. On January 27, 2006, OM Life sent Mr. Keel a letter advising him that the Policy had been cancelled and that the $378.30 would be returned to him under separate cover. A true and correct copy of the January 27, 2006 letter and the refund check are attached hereto as Exhibit G

14. In a letter dated February 9, 2006, Defendant informed OM Life, and OM Life learned for the first time, of Mr. Keel's death. In this letter, Defendant confirmed that Mr. Keel died on January 21, 2006. She also requested the requisite forms to file a claim for benefits under the Policy. A true and correct copy of the February 9, 2006 letter is attached hereto as Exhibit H.

15. On June 13, 2006, OM Life received an inquiry from the California Department of Insurance ("DOI") regarding Defendant's claim for benefits under the Policy. A true and correct copy of the DOI's letter is attached hereto as Exhibit I.

16. On June 25, 2007, OM Life timely responded to the DOI's inquiry and explained, among other things, that the Policy was cancelled due to the fact that Mr. Keel did not pay the quarterly premium in accordance with the Application, Policy, and the subsequent notices. A true and correct copy of OM Life's June 25, 2007 letter is attached hereto as Exhibit J.

17. Following the initial exchange of correspondence between the DOI and OM Life, I had several conversations with DOI's Senior Insurance Compliance Officer Elizabeth Saenz regarding Defendant's claim. During these conversations, Ms. Saenz and I discussed, among other things, the filing of a legal action to resolve parties' contentions. Ms. Saenz did not object to or oppose the filing of a legal action. A true and correct copy of a letter from Ms. Saenz dated September 27, 2007 that referenced several of our conversation is attached hereto as Exhibit K.

18. On October 16, 2007, I corresponded with Ms. Saenz, informing her that OM Life had commenced the instant action in order to seek a declaration of the rights of OM Life

4

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

DECLARATION OF RUSSELL LAWS
CASE NO. C-07-04723

1 and Defendant. A true and correct copy of my October 16, 2007 letter to Ms. Saenz is attached
2 hereto as Exhibit L.

3     I declare under penalty of perjury of the laws of United States that the foregoing is true
4 and correct.

5     Executed on December 24, 2007 at Lincoln, Nebraska.

                  /s/ Russell H. Laws
                  Russell H. Laws

*Filer's Attestation: Pursuant to General Order No. 45, Section X(B) regarding signatures, Henry C. Wang hereby attests that concurrence in the filing of this document has been obtained.*

41189207.1

# PROOF OF SERVICE

I, Charles G. Gomez, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 11355 West Olympic Boulevard, Los Angeles, California 90064-1614. On December 24, 2007, I served a copy of the within document(s):

(1) **DECLARATION OF RUSSELL LAWS IN SUPPORT OF OPPOSITION TO MOTION TO STRIKE PLAINTIFF'S COMPLAINT PURSUANT TO CALIFORNIA'S ANTI-SLAPP STATUTE**

☒ by placing the document(s) listed above in a sealed envelope with First Class postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

☐ by placing the document(s) listed above in a sealed GOLDEN STATE OVERNIGHT envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a GOLDEN STATE OVERNIGHT agent for delivery to the person(s) as set forth below.

---

Frank S. Moore, Esq.                *Attorneys for Defendant*
Law Offices of Frank S. Moore, APC   ROSA RIVERA-KEEL
Suzy C. Moore, Esq.
Law Offices of Suzy C. Moore
1374 Pacific Avenue
San Francisco, California 94109

---

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on that same day with First Class postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 24, 2007, at Los Angeles, California.

/s/ Charles G. Gomez
Charles G. Gomez

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES