Manatt, Phelps & Phillips, LLP
HENRY C. WANG (Bar No. CA 196537)
hwang@manatt.com
CHARLES G. GOMEZ (Bar No. CA 236663)
cgomez@manatt.com
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614
Telephone:   (310) 312-4000
Facsimile:    (310) 312-4224

*Attorneys for Plaintiff*
OM FINANCIAL LIFE INSURANCE COMPANY,
formerly known as Fidelity and Guaranty Life Insurance
Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OM FINANCIAL LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>ROSA RIVERA KEEL, and DOES 1 through 10, inclusive<br><br>Defendants. | Case No. C07-04723 MHP<br><br>Hon. Marilyn Hall Patel<br><br>**OBJECTION TO DEFENDANT'S REQUEST TO TAKE JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S COMPLAINT PURSUANT TO CALIFORNIA'S ANTI-SLAPP STATUTE**<br><br>[Filed Concurrently Herewith:<br>1. Opposition to Defendant's Motion to Strike;<br>2. Objection to Declaration of Rosa Rivera Keel;<br>3. Objection to Declaration of Counsel;<br>4. Declaration of Russell Laws; and<br>5. Declaration of Henry C. Wang.]<br><br>Date:   January 14, 2008<br>Time:   2:00 p.m.<br>Dept.:   15 |

41189660.1

Case No. C07-04723 MHP
Objection to Request for Judicial Notice

Manatt, Phelps & Phillips, LLP
Attorneys At Law
Los Angeles

**DEFENDANT'S REQUEST TO TAKE JUDICIAL NOTICE IS IMPROPER**

In an inappropriate attempt to submit materials for judicial consideration, defendant Rosa Rivera Keel ("Defendant") requests the Court take additional judicial notice of *pleadings filed in a separate action, before a different Court, and between different parties*.  (Defendant's Request to Take Judicial Notice ("RJN"), Exhibits C and D.)

In support of her request, Defendant invokes Federal Rule of Evidence ("FRE") 201 without any explanation.  (Defendant's RJN, 3:11-13).  Defendant also makes a single citation to authority that is of no help to Defendant.  *Mullus v. United States Bank. Ct.*, 828 F.2d 1385, 1388, fn. 9 (9th Cir. 1987) merely stands for the proposition that the Circuit Court may take judicial notice of the court records of the underlying case that is on appeal when those documents were not included in the clerk's appendix.  As a result of Defendant's failure to include any explanation or legal support, Defendant's RJN may be denied on these grounds alone.

Additionally, as discussed below, Defendant's request to take judicial notice of Exhibits B-F must be denied be because Defendant requests judicial notice for improper hearsay purposes.

FRE 201(b) states that: A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  FRE 201(b).  "A court shall take judicial notice if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d).  Often judicially noticed facts consist of matters of public record, such as prior court proceedings, *see, e.g., Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1198 (9th Cir.1988) or administrative materials, *see, e.g., Barron v. Reich,* 13 F.3d 1370, 1377 (9th Cir.1994).  Federal courts may "take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue."  *U.S. ex rel Robinson Rancheria Citizens Council v. Borneo, Inc.,* 971 F.2d 244, 248 (9th Cir.1992).  "The Court may take judicial notice of another court's opinion, but 'not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.'" *Hurd*

41189660.1                                              2                           Case No.  C07-04723 MHP
                                                                                    Objection to Request for Judicial Notice

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

*v. Garcia*, 454 F. Supp. 2d 1032, 1055 (S.D. Cal. 2006) (citing *Lee v. City of Los Angeles,* 250 F.3d 668, 690 (9th Cir.2001) (*citing Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.,* 181 F.3d 410, 426-27) (3rd Cir. 1999)).

     Defendant's RJN is a desperate attempt to extrapolate unrelated facts and legal argument from her prior state court litigation, and apply them to this case.  However, Defendant's reliance on the import or relevance of the documents they seek to judicially notice is gravely misplaced.  In fact, because the materials submitted by Defendant are irrelevant and have no connection whatsoever to this proceeding, judicial notice is improper.  *California v. M & P Investments*, 308 F. Supp. 2d 1137, 1143 n.6 (E.D. Cal. 2003) ("The information contained in each of the requested documents [in an separate matter] is not appropriate for judicial notice in this matter because they are irrelevant to the issues raised in the present motion and all were originally intended to support Lodi's position in the *Odd Fellows* litigation and, thus, were initially subject to reasonable dispute. Therefore, Lodi's judicial notice request are DENIED.")  As Defendant readily admits in her Motion to Strike ("Motion"), "where and anti-SLAPP motion challenges the legal sufficiency of the complaint, federal (not state) pleading standards apply: *i.e.,* the complaint must be read broadly, all well-pleaded allegations are accepted as true...." (Motion, 5:13-15.)  Nevertheless, throughout Defendant's Motion, Defendant relies extensively on specific statements and allegations in the letters and state court complaint (RJN Exhibits B, C, E, and F) for the truth of the matter assert therein to contradict allegations in OM Financial Life Insurance Company's Complaint ("OM Life").  (Fed. Rules of Evid. Rule 802.)

     Although a court may take judicial notice of the existence and content of court files in another court, it *cannot* take judicial notice of factual findings made by that court.  They are *not* facts "not subject to reasonable dispute" within the meaning of the Fed. R. Evid. 201(b).  *Taylor v. Charter Med. Corp.,* 162 F.3d 828, 828 (5th Cir. 1998); *M/V American Queen v. San Diego Marine Construction Corp.,* 708 F.2d 1483, 1491 (9th Cir. 1983) (as a general rule, a court may not take judicial notice of proceedings or records in another cause so as to supply, without formal introduction of evidence, facts essential to support a contention in a cause then before it.)

Defendants RJN Exhibits B-F have been provided for judicial notice for this exact improper purpose.

Accordingly, OM Life respectfully requests that this Court deny Defendant's Request to take Judicial Notice. Defendant's bold attempt to have this Court take judicial notice of the meaning, interpretation, and truth of the documents advanced cannot be permitted under the persuasive and binding case law cited herein.

Dated:    December 24, 2007              MANATT, PHELPS & PHILLIPS, LLP
                                                  HENRY C. WANG
                                                  CHARLES G. GOMEZ

By:  /s/ Henry C. Wang
     Henry C. Wang
     *Attorneys for Plaintiff*
     OLD MUTUAL FINANCIAL LIFE
     INSURANCE COMPANY, formerly known as
     Fidelity and Guaranty Life Insurance Company

# PROOF OF SERVICE

I, Charles G. Gomez, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 11355 West Olympic Boulevard, Los Angeles, California 90064-1614. On December 24, 2007, I served a copy of the within document(s):

(1) **OBJECTION TO DEFENDANT'S REQUEST TO TAKE JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S COMPLAINT PURSUANT TO CALIFORNIA'S ANTI-SLAPP STATUTE**

[X] by placing the document(s) listed above in a sealed envelope with First Class postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

[ ] by placing the document(s) listed above in a sealed GOLDEN STATE OVERNIGHT envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a GOLDEN STATE OVERNIGHT agent for delivery to the person(s) as set forth below.

---

Frank S. Moore, Esq.              *Attorneys for Defendant*
Law Offices of Frank S. Moore, APC   ROSA RIVERA-KEEL
Suzy C. Moore, Esq.
Law Offices of Suzy C. Moore
1374 Pacific Avenue
San Francisco, California 94109

---

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on that same day with First Class postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 24, 2007, at Los Angeles, California.

/s/ Charles G. Gomez
Charles G. Gomez

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41189660.1

1

Case No.  C07-04723 MHP
Objection to Request for Judicial Notice