Manatt, Phelps & Phillips, LLP
HENRY C. WANG (Bar No. CA 196537)
hwang@manatt.com
CHARLES G. GOMEZ (Bar No. CA 236663)
cgomez@manatt.com
11355 West Olympic Boulevard
Los Angeles, CA  90064-1614
Telephone:    (310) 312-4000
Facsimile:      (310) 312-4224

*Attorneys for Plaintiff*
OM FINANCIAL LIFE INSURANCE COMPANY,
formerly known as Fidelity and Guaranty Life Insurance Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OM FINANCIAL LIFE INSURANCE COMPANY,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>ROSA RIVERA KEEL, and DOES 1 through 10, inclusive<br><br>　　　　　Defendants. | Case No.  C07-04723 MHP<br><br>Hon. Marilyn Hall Patel<br><br>**OBJECTION TO DECLARATION OF ROSA RIVERA KEEL IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S COMPLAINT PURSUANT TO CALIFORNIA'S ANTI-SLAPP STATUTE**<br><br>[Filed Concurrently Herewith:<br>1. Opposition to Defendant's Motion to Strike;<br>2. Objection to Declaration of Counsel;<br>3. Objection to Request to Take Judicial Notice;<br>4. Declaration of Russell Laws; and<br>5. Declaration of Henry C. Wang.]<br><br>Date:    January 14, 2008<br>Time:    2:00 p.m.<br>Dept.:    15 |

Manatt, Phelps & Phillips, LLP
Attorneys At Law
Los Angeles

41189662.1

Case No.  C07-04723 MHP
Objection to Declaration of Keel

### DEFENDANT'S DECLARATION OF ROSA RIVERA KEEL IS IMPROPER

Plaintiff OM Financial Life Insurance Company( "OM Life") hereby object to and move to strike portions (described below) of the Declaration of Rosa Rivera Keel in support of Defendant Rosa Rivera Keel's Special Motion to Strike Plaintiff's Complaint.

### SPECIFIC OBJECTIONS TO DECLARATION ROSA RIVERA KEEL

**A.**     **Paragraph 2.**

Keel's statement is offered without foundation and seeks to introduce irrelevant evidence for an improper hearsay purpose.  (Fed. Rules of Evid. Rules 402, 602 and 802).  Keel's statement is therefore inadmissible under the Federal Rules of Evidence and should be disregarded.

**B.**     **Paragraph 3.**

Keel's statement is offered without foundation and seeks to introduce irrelevant evidence for an improper hearsay purpose.  (Fed. Rules of Evid. Rules 402, 602 and 802).  Keel's statement is therefore inadmissible under the Federal Rules of Evidence and should be disregarded.

**C.**     **Paragraph 4.**

Keel's statement is offered without foundation and seeks to introduce irrelevant evidence for an improper hearsay purpose.  (Fed. Rules of Evid. Rules 402, 602 and 802).  Keel's statement is therefore inadmissible under the Federal Rules of Evidence and should be disregarded.

**D.**     **Paragraph 5.**

Keel's statement is offered without foundation and seeks to introduce irrelevant evidence for an improper hearsay purpose.  (Fed. Rules of Evid. Rules 402, 602 and 802).  Keel's statement is therefore inadmissible under the Federal Rules of Evidence and should be disregarded.

### E.  Paragraph 6.

Keel's statement is offered without foundation and seeks to introduce irrelevant evidence for an improper hearsay purpose.  (Fed. Rules of Evid. Rules 402, 602 and 802).  Keel's statement is therefore inadmissible under the Federal Rules of Evidence and should be disregarded.

### F.  Paragraph 7.

Keel's statement is offered without foundation and seeks to introduce irrelevant evidence for an improper hearsay purpose.  (Fed. Rules of Evid. Rules 402, 602 and 802).  Keel's statement is therefore inadmissible under the Federal Rules of Evidence and should be disregarded.

### G.  Paragraph 8.

Keel's statement is offered without foundation and seeks to introduce irrelevant evidence for an improper hearsay purpose.  (Fed. Rules of Evid. Rules 402, 602 and 802).  Keel's statement is therefore inadmissible under the Federal Rules of Evidence and should be disregarded.

### H.  Paragraph 9.

Keel's statement is offered without foundation and seeks to introduce irrelevant evidence for an improper hearsay purpose.  (Fed. Rules of Evid. Rules 402, 602 and 802).  Keel's statement is therefore inadmissible under the Federal Rules of Evidence and should be disregarded.

Dated:    December 24, 2007

MANATT, PHELPS & PHILLIPS, LLP
HENRY C. WANG
CHARLES G. GOMEZ


By:  /s/ Henry C. Wang
        Henry C. Wang
        *Attorneys for Plaintiff*
        OLD MUTUAL FINANCIAL LIFE
        INSURANCE COMPANY, formerly known as
        Fidelity and Guaranty Life Insurance Company

# PROOF OF SERVICE

I, Charles G. Gomez, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 11355 West Olympic Boulevard, Los Angeles, California 90064-1614. On December 24, 2007, I served a copy of the within document(s):

(1) **OBJECTION TO DECLARATION OF ROSA RIVERA KEEL IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S COMPLAINT PURSUANT TO CALIFORNIA'S ANTI-SLAPP STATUTE**

☒ by placing the document(s) listed above in a sealed envelope with First Class postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

☐ by placing the document(s) listed above in a sealed GOLDEN STATE OVERNIGHT envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a GOLDEN STATE OVERNIGHT agent for delivery to the person(s) as set forth below.

---

Frank S. Moore, Esq.                  *Attorneys for Defendant*
Law Offices of Frank S. Moore, APC    ROSA RIVERA-KEEL
Suzy C. Moore, Esq.
Law Offices of Suzy C. Moore
1374 Pacific Avenue
San Francisco, California 94109

---

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on that same day with First Class postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 24, 2007, at Los Angeles, California.

/s/ Charles G. Gomez
Charles G. Gomez

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41189662.1

1

Case No. C07-04723 MHP
Objection To Declaration Of Keel