1  FRANK S. MOORE, SBN 158029
   Law Offices of Frank S. Moore, APC
2  SUZY C. MOORE, SBN 151502
   Law Offices of Suzy C. Moore
3  1374 Pacific Avenue
   San Francisco, California 94109
4  Telephone:    (415) 292-6091
   Facsimile:    (415) 292-6694
5
   Attorneys for Defendant
6  ROSA RIVERA KEEL

7

8

9              IN THE UNITED STATES DISTRICT COURT

10           FOR THE NORTHERN DISTRICT OF CALIFORNIA

11  OM FINANCIAL SERVICES COMPANY,    )    No. C07-04723 MHP
                                      )
12                                    )    **DEFENDANT ROSA RIVERA KEEL'S**
          Plaintiff,                  )    **MEMORANDUM OF POINTS AND**
13                                    )    **AUTHORITIES IN REPLY TO**
          vs.                         )    **PLAINTIFF'S OPPOSITION TO SPECIAL**
14                                    )    **MOTION TO STRIKE PLAINTIFF'S**
    ROSA RIVERA KEEL AND DOES 1 through )  **COMPLAINT PURSUANT TO**
15  10, INCLUSIVE,                    )    **CALIFORNIA'S ANTI-SLAPP STATUTE**
                                      )
16                                    )    [Cal. Code of Civ.Proc., 425.16]
          Defendant.                  )
17  _____/       Date:   January 14, 2008
                                          Time:   2:00 p.m.
18                                         Place:  Courtroom 15, 18th Floor

19                                              Honorable Marilyn Hall Patel

20

21

22

23

24

25

26

27

28

1

# **TABLE OF CONTENTS**

2

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

3

INTRODUCTION AND SUMMARY OF REPLY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

4

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

5

       A.    Plaintiff's Declaratory Relief Action Arose From Defendant's Petitioning

6

              Conduct With the California Department of Insurance . . . . . . . . . . . . . . . . . . . . . . . 1

7

             1.    Plaintiff's Argument That Plaintiff's Consumer Complaint is
                   "Personal to Her" Does Not Take Her Conduct Outside of

8

                   the Anti-SLAPP Statute . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

9

             2.    Plaintiff's Opposition Papers Reveal Judicial and Evidentiary Admissions
                   That Its Declaratory Relief Action Arose From Defendant's Petitioning

10

                   Conduct With the California Department of Insurance" . . . . . . . . . . . . . . 3

11

             3.    Plaintiff's Declaratory Relief Action is Not a Claim Over an Actual
                   Controversy That is Not Derivative of Defendant's Protected Conduct

12

                   With the California Department of Insurance . . . . . . . . . . . . . . . . . . . . . . . 6

13

             4.    Plaintiff Erroneously Contends That Defendant Has a "Burden"
                   of Demonstrating That Plaintiff's Declaratory Relief Action "Intended

14

                   to Deter" Her First Amendment Rights . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

15

       B.    Plaintiff Has Failed to Demonstrate That It Can Prevail in Its Declaratory

16

              Relief Complaint . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

17

             1.    Plaintiff Failed to Address Defendant's Absolute Privilege From Suit
                   For Her Protected Conduct . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

18

             2.    Plaintiff Failed to Demonstrate an Injury in Fact for a Case of Actual

19

                   Controversy . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

20

             3.    Plaintiff Failed to Adequately Address the Discretionary Nature to This
                   Court's  Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

21

             4.    Plaintiff Failed to Address the California Department of Insurance's
                   Interest in Regulating Consumer Complaints Under the "Younger"

22

                   Abstention Doctrine . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

23

             5.    Plaintiff Failed to Address the California Department of Insurance's
                   Interest in Regulating Consumer Complaints Under the "Burford"

24

                   Abstention Doctrine  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

25

             6.    Plaintiff Failed to Address the "Exhaustion of Administrative
                   Remedies" and/or the "Primary Jurisdiction" Doctrines . . . . . . . . . . . . . . 13

26

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

27

28

# TABLE OF AUTHORITIES

**Federal Cases:**

Boating Industry Associations v. Marshall,
    601 F.2d 1376 (9th Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Brillhart v. Excess Ins. Co. of America,
    316 U.S. 491 (1942) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

Burford v. Sun Oil Co.,
    319 U.S. 315 (1943) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12, 13

CTS Corp. v. Dynamics Corp. of Am.,
    481 U.S. 69 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Fireman's Fund Ins. Co. v. Garamendi,
    790 F.Supp. 938 (N.D. Cal. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Government Employees Insurance v. Dizol,
    133 F.3d 1220 (9th Cir.1998) (*en banc*) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Lujan v. Defenders of Wildlife,
    504 U.S. 555 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

New Orleans Pub. Serv., Inc. v. Council of New Orleans,
    491 U.S. 350 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

North Carolina Life and Acc. and Health Ins. Guar. Ass'n v. Alcatel,
    876 F.Supp. 748 (E.D. N.C. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Public Service Comm'n v. Wycoff Co.,
    344 U.S. 237 (1952) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**California Cases:**

Briggs v. Eden Council for Hope & Opportunity,
    19 Cal.4th 1106 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

City of Cotati v. Cashman,
    29 Cal.4th 69 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Davis v. Farmers Ins. Group,
    134 Cal.App.4th 100 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Dove Audio, Inc. v. Rosenfeld, Meyer & Susman,
    47 Cal.App.4th 777 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Equilon Enters., LLC v. Consumer Cause, Inc.,
    29 Cal.4th 53 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Fox Searchlight Pictures, Inc. v. Paladino,
    89 Cal.App.4th 294 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Hagberg v. California Federal Bank,
    32 Cal.4th 350 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

1

<u>Mann v. Quality Old Time Service, Inc.,</u>
    120 Cal.App.4th 90 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

2

<u>Navellier v. Sletten,</u>
    29 Cal.4th 82 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5, 7

3

4

<u>Pollock v. Superior Court,</u>
    229 Cal.App.3d 26 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

5

<u>Rubin v. Green,</u>
    4 Cal.4th 1187 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

6

7

<u>Scott v. Metabolife Internat., Inc.,</u>
    5 Cal.App.4th 404 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

8

<u>Silberg v. Anderson,</u>
    50 Cal.3d 205 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

9

10

<u>State Farm General Ins. Co. v. Majorino,</u>
    99 Cal.App.4th 974 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 6

11

<u>Traditional Cat Assn., Inc. v. Gilbreath,</u>
    118 Cal.App.4th 392 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

12

13

**Statutes and Rules:**

14

Declaratory Judgment Act

15

    28 U.S.C. Section 2201 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

16

California Civil Code

17

    Section 47(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 9
    Section 47(b)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
    Section 47(b)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

18

19

California Code of Civil Procedure

20

    Section 425.16 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    Section 425.16(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    Section 425.16(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    Section 425.16(e)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    Section 425.16(e)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

21

22

23

California Insurance Code

24

    Section 12921, *et seq.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 9, 12
    Section 12921.3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
    Section 12921.4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    Section 12921.4(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

25

26

27

28

1

2

### INTRODUCTION AND SUMMARY OF REPLY

3      Plaintiff OM FINANCIAL SERVICES COMPANY's ("Om Financial") opposition to

4   defendant ROSA RIVERA KEEL's special motion to strike its complaint under California's anti-

5   SLAPP statute relies on mischaracterizations and half-truths about its decision to invoke federal

6   jurisdiction over a pending consumer complaint with the California Department of Insurance

7   ("DOI"). Plaintiff's counsel resorts to fabrications[1] concerning a conversation he had with

8   defendant's counsel about the special motion to strike. Om Financial's managing agent, Russell

9   Laws, submits a declaration in which he unwittingly reveals his counsel's decision to file this federal

10  action in direct response to the DOI's inquiry as to why Om Financial was not responding to its

11  investigation. In short, the evidence submitted by defendant in its opposition papers demonstrates

12  quite revealingly that the declaratory relief action arose out of defendant's petitioning activity with

13  the DOI.

14      Plaintiff's opposition also demonstrates why the various abstention doctrines, any one of

15  which are appropriate, should deprive this insurer the opportunity to bludgeon a widow who

16  exercised her First Amendment right to file a consumer complaint with the DOI. Plaintiff

17  audaciously suggests that the DOI has blessed Om Financial's maneuver to avoid its inquiry by

18  filing a lawsuit in federal court. Rather than submit a declaration from a representative of the DOI,

19  plaintiff desires the Court to infer from the DOI's silence that it approves of this dodge. Om

20  Financial never addresses defendant's reliance on the absolute immunity provided her under

21  California Civil Code 47. These failures speak volumes. Defendant respectfully requests the Court

22  to grant her special motion to strike.

23                      ### ARGUMENT

24  **A.    Plaintiff's Declaratory Relief Action Arose From Defendant's Petitioning Conduct
         With the California Department of Insurance**

25      Plaintiff makes a contorted and illogical argument that because defendant's protected

26  conduct in pursuing a consumer complaint with the DOI is "personal to her," it is not protected by

27

28      [1]      See Declaration of Frank S. Moore in Reply filed concurrently herewith.

the First Amendment nor braced within the anti-SLAPP statute.  This argument ignores the express

statutory language found in California's Code of Civil Procedure section 425.16.

Plaintiff contends that defendant's filing a consumer complaint with the DOI was merely

"incidental" to the lawsuit plaintiff filed against her.   This contention is demonstrably false.

Plaintiff's own opposition papers fully demonstrate that the "controversy" it claims exists comes

directly from a "contention" made by defendant to the DOI.  Plaintiff also claims that her conduct

did not "trigger" its ill-conceived lawsuit despite presenting this Court with judicial and evidentiary

admissions that it was, in fact, the DOI complaint which prompted the declaratory relief action.  Yet,

the "trigger" is also what the declaratory relief action "arises from" which plaintiff unwittingly

demonstrated in its opposition papers.

Plaintiff also argues that the declaratory relief it seeks does not "arise from" her protected

conduct because insurer's can bring a declaratory relief action with impunity and can never run afoul

of California's anti-SLAPP statute. (Plaintiff's Memo of Points and Authorities, p. 7:14-22 [relying

on State Farm General Ins. Co. v. Majorino, 99 Cal.App.4th 974 (2002) for its last argument].)  This

argument ignores the factually distinct situation where an insurance coverage dispute affects

litigating parties in an underlying lawsuit.  This is simply not the situation here.

Finally, plaintiff erroneously contends that defendant could not meet her "burden" of

demonstrating that plaintiff intended to chill her First Amendment rights. (Plaintiff's Memo of

Points and Authorities, p. 2:1-3.)  Longstanding authority exists rejecting this very contention.  As

will be demonstrated below, these arguments are not only untenable, they demonstrate a complete

misapprehension of California's anti-SLAPP statute.

**1.     Plaintiff's Argument That Plaintiff's Consumer Complaint is "Personal to Her" Does Not Take Her Conduct Outside of the Anti-SLAPP Statute**

Plaintiff's suggestion that, because her consumer complaint with the DOI concerns a "claim

for benefits" under an insurance policy, that it is not protected by the First Amendment because it

does not concern an issue of  public significance is entirely misplaced and erroneous.  A SLAPP

defendant moving under section 425.16 to strike a cause of action arising from a statement made

before, or in connection with an issue under consideration by, a legally authorized official

1  proceeding within the meaning of clauses (1) and (2) of subdivision (e) of section 425.16 "need not

2  separately demonstrate that the statement concerned an issue of public significance." Briggs v. Eden

3  Council for Hope & Opportunity, 19 Cal.4th 1106, 1123 (1999).

4      **2.    Plaintiff's Opposition Papers Reveal Judicial and Evidentiary Admissions That Its Declaratory Relief Action Arose From Defendant's Petitioning Conduct With the California Department of Insurance**

5

6      The anti-SLAPP statute specifies that it should be "construed broadly" (Cal. Code Civ. Proc.,

7  § 425.16(a)), and allows a defendant to move to strike a plaintiff's complaint if the complaint stems

8  "from any act of that person in furtherance of the person's right of petition or free speech under the

9  United States or California Constitution in connection with a public issue." Cal. Code Civ. Proc., §

10  425.16(b)(1).

11      Plaintiff turns logic on its head when it claims that its declaratory relief action did not "arise"

12  from defendant's petitioning conduct.  In determining whether a lawsuit "arises from" protected

13  conduct, courts consider the pleadings and any supporting and opposing affidavits stating facts upon

14  which the claim is based. Navellier v. Sletten, 29 Cal.4th 82, 89 (2002); Mann v. Quality Old Time

15  Service, Inc., 120 Cal.App.4th 90, 102 (2004).

16      As the Court will recall, defendant identified in her moving papers where plaintiff Om

17  Financial averred in its complaint that a "controversy" arose out of defendant's "contention" that the

18  initial premium payment was made on the insurance policy and that she is entitled to the benefits of

19  the policy,  without identifying where and how that "contention" was made. (Complaint, ¶¶21-22 –

20  Exhibit "A" to RJN.)  As defendant demonstrated, there were only two sources of such a

21  "contention" made by her, both of which are protected under the First Amendment to the United

22  States Constitution.  These sources were the lawsuit she filed in San Francisco Superior Court and

23  the consumer complaint she initiated with the DOI.

24      Plaintiff argues that the lawsuit defendant filed in San Francisco Superior Court could not be

25  the source of defendant's "contention" because the action was voluntarily dismissed before it

26  initiated this action.  Defendant does not understand how the voluntary dismissal erases her

27  protected activity.

28

1    Nevertheless, plaintiff goes on to demonstrate that the source of the "contention" was

2   defendant's consumer complaint with the DOI.  In its opposition points and authorities, plaintiff

3   explains the nature of the "case of actual controversy" justiciable under Article III of the U.S.

4   Constitution as follows: "The controversy is very simple: on the one hand, Plaintiff claims there is

5   no valid life insurance policy and, on the other, Defendant claims there is." (Plaintiff's Memo of

6   Points and Authorities, p. 10:13-15.)

7    Plaintiff presents a declaration from its managing agent, Russell Laws, who sets forth in

8   minute detail how the declaratory relief action "arises from" defendant's consumer complaint with

9   the DOI.  In paragraph 15 of his declaration he states: "On June 13, 2006, OM Life received an

10   inquiry from the California Department of Insurance ("DOI") regarding Defendant's claim for

11   benefits under the Policy." (Laws Decl., ¶15 and Exhibit "I" thereto.)   As the DOI explained to Mr.

12   Laws, "Mrs. Rivera-Keel contacted us regarding the issue of whether her husband's policy was in

13   force on the date of his death, January 21, 2006." (Page 1, first paragraph of Exhibit "I" to Laws

14   Decl.)  Plaintiff construes Mrs. Rivera-Keel contact with the DOI as a "claim for benefits" when, as

15   correctly articulated by Ms. Saenz, Mrs. Rivera-Keel had requested inquiry over whether her

16   husband's policy was in force on the date of his death.  Notwithstanding his "spin" on defendant's

17   DOI complaint, plaintiff's own Assistant Vice President has conclusively identified where Mrs.

18   Keel's "contention" arose from – her protected petitioning activity with the DOI.

19    Incredibly, in his declaration, Mr. Laws goes on to specifically identify how this action came

20   to be. Through conversations he claims to have had with DOI's representative, he makes the

21   following admission: "During these conversations, Ms. Saenz and I discussed, among other things,

22   the filing of a legal action to resolve parties' contentions.  Ms. Saenz did not object to or oppose the

23   filing of a legal action." (Laws Decl., ¶17.)  In the letter from Ms. Saenz that Mr. Laws attaches to

24   his declaration (Exhibit "K"), she makes direct reference to the controversy Mrs. Keel had started to

25   litigate in the San Francisco Superior Court: "The insured had intended to set up the policy o (sic)

26   automatic premium draft, and your company had all the information necessary to set up the drafts."

27   (Exhibit "K," ¶1, to Laws Decl.)  She also mentions the issue surrounding Mrs. Keel's decision to

28

voluntarily dismiss the action in San Francisco Superior Court[2]: "Because of an additional issue which I advised you of, and which you were not aware, concerning Mr. Keel's history, you had indicated that you were turning the entire issue of whether the policy was in force or whether it was voidable to your outside legal counsel." (Exhibit "K," ¶2, to Laws Decl.)  Finally, Ms. Saenz inquired of Mr. Laws, the following: "To date, neither Mrs. Rivera-Keel nor I have heard from your legal counsel, advising what actions your company has taken.  Could you provide a written update for us so that we will w-know (sic) where your company is on resolving this situation?" (Exhibit "K," ¶3, to Laws Decl.)

In his letter sent in response to Ms. Saenz's inquiry, Mr. Laws states: "We have filed for court intervention in this matter." (Exhibit "L to Laws Decl.)  In his declaration, Mr. Laws admits that the declaratory relief action arose out of Mrs. Rivera-Keel's DOI complaint. (Laws Decl., ¶18 and Exhibit "L" thereto.)

"The anti-SLAPP statute's definitional focus is not the form of the plaintiff's cause of action but, rather, the defendant's activity that gives rise to his or her asserted liability-and whether that activity constitutes protected speech or petitioning." <u>Navellier</u>, *supra,* 29 Cal.4th at p. 92, *italics omitted.*  Thus, it is the principal thrust or gravamen of the plaintiff's cause of action that determines whether the anti-SLAPP statute applies. [Citation.]" <u>Scott v. Metabolife Internat., Inc.</u>, 5 Cal.App.4th 404, 414 (2004).  Here, Mr. Laws leaves no doubt that the principal thrust of the entire action for declaratory relief is based on the "contention" Mrs. Rivera-Keel made in her consumer complaint with the DOI.  Plaintiff's assertion that this petitioning conduct is "incidental" is belied by their managing agent's judicial and evidentiary admissions filed in opposition to the special motion to strike.

///

///

///

---

[2]     As Mrs. Keel set forth in her declaration in support of her motion, through discovery conducted in Case No. CGC 06-457269, she learned that her husband had omitted from his insurance application the treatment he had received for substance abuse. (Keel Decl., ¶4.)

### 3. Plaintiff's Declaratory Relief Action is Not a Claim Over an Actual Controversy That is Not Derivative of Defendant's Protected Conduct With the California Department of Insurance

Plaintiff's reliance on <u>State Farm General Ins. Co. v. Majorino</u>, *supra,* 99 Cal.App.4th 974, for the broad proposition that an insurer's right to file a declaratory relief action can never implicate California's anti-SLAPP statute is misplaced. That case involved a special motion to strike an insurance company's complaint for declaratory relief as to coverage, filed against its insureds and the third parties who had sued them. The court held that the declaratory relief action was not a SLAPP suit because "the act that underlies and forms the basis for [the insurer's] declaratory relief action is not the personal injury lawsuit filed by [the third parties], but the [insureds'] tender of the defense of that lawsuit. . . . [¶] . . . [T]he action for declaratory relief arose from the tender of defense and the terms of [the] insurance policy . . ., not from the litigation process itself. [Citation.]" <u>Id</u>. at p. 977.

That is not the case here. As plaintiff pointed out, Om Financial was not named as a party in the lawsuit filed by Mrs. Rivera-Keel for negligence she alleged the plaintiff's agent had committed in failing to set up the automatic deductions from decedent's bank account to pay for the premiums on the policy. There was a good reason not to name the insurer for it was not Om Financial who made the offer to the decedent to arrange for premium payments in this matter but its agents, Patrice Ann Pfitzer and Family Direct Insurance Services, Inc. There is no pending lawsuit against plaintiff's insureds or agents. Indeed, the only "controversy" that exists is the one that defendant initiated with the DOI.

What plaintiff seeks to accomplish by filing the declaratory relief complaint is to literally make a "federal case" out of the decision by the defendant to exercise her right to pursue a low-cost determination through a legally authorized official proceeding pursuant to California Insurance Code section 12921, *et seq*. This is a blatant effort to create a "controversy"out of defendant's protected conduct where none exists for Article III purposes and has the effect of punishing her for doing so. The DOI is authorized to request appropriate relief for the complainant, and may meet and confer with the complainant and the insurer in order to mediate the complaint. Cal. Ins. Code § 12921.4, subd. (a). This is what plaintiff sought to avoid as Russell Laws' declaration and correspondence

1   with the DOI emphatically proves.

2       **4.    Plaintiff Erroneously Contends That Defendant Has a "Burden" of Demonstrating That Plaintiff's Declaratory Relief Action "Intended to Deter" Her First Amendment Rights**

3

4       Plaintiff erroneously asserts that "[d]efendant cannot meet her burden of showing that OM

5   Life deterred or intended to deter her from exercising her constitutional right of free speech."

6   (Plaintiff's Memo of Points and Authorities, p. 2:1-3.)   Plaintiff's subjective intent is "not relevant

7   under the anti-SLAPP statute." City of Cotati v. Cashman, 29 Cal.4th 69, 78 (2002).  All defendant

8   must show is that her conduct came within the scope of the anti-SLAPP motion.

9       Defendant is not required to demonstrate that plaintiff's action was intended to chill her

10  constitutional free speech or petition rights or that it had such a chilling effect. Cotati, at pp. 74-76;

11  accord, Navellier, supra, 29 Cal.4th at p. 88; Equilon Enters., LLC v. Consumer Cause, Inc., 29

12  Cal.4th 53, 58-67 (2002).  Once it is shown the challenged lawsuit "'arose from an act on the part of

13  the defendant in furtherance of [his or] her right of petition or free speech . . . the court may

14  [effectively] presume the purpose of the action was to chill the defendant's exercise of First

15  Amendment rights.  It is then up to the plaintiff to rebut the presumption by showing a reasonable

16  probability of success on the merits.'" Equilon, supra, 29 Cal.4th at p. 61, quoting Fox Searchlight

17  Pictures, Inc. v. Paladino, 89 Cal.App.4th 294, 305, 307 (2001).

18  **B.    Plaintiff Has Failed to Demonstrate That It Can Prevail in Its Declaratory Relief Complaint**

19      A plaintiff cannot rely on the allegations in the complaint, but, instead, must provide the trial

20  court with sufficient evidence to permit the court to determine whether there is a probability the

21  plaintiff will prevail.  In making its determination, the trial court can also consider the evidence

22  offered by the defense to determine whether it defeats the plaintiff's case as a matter of law.

23  (Traditional Cat Assn., Inc. v. Gilbreath, 118 Cal.App.4th 392, 398 (2004), and cases cited therein.)

24  Here, plaintiff failed to address a number of defenses raised in the moving papers, most notably the

25  absolute privilege afforded under California's Civil Code section 47, subdivision (b).  Those

26  defenses plaintiff did address in its opposition were superficial and sprinkled with derision.

27  Plaintiff's showing is woefully inadequate.

28

1

**1.    Plaintiff Failed to Address Defendant's Absolute Privilege From Suit For Her Protected Conduct**

2

Plaintiff simply ignored defendant's argument that her communications with the DOI which

3

forms the basis of defendant's declaratory relief action are absolutely privileged.  Civil Code section

4

47, subdivision (b) protects communications made in preparation for or to prompt an investigation.[3]

5

Hagberg v. California Federal Bank, 32 Cal.4th 350, 370 (2004).  As expressly stated in plaintiff's

6

complaint, Om Financial "is informed and believes" that "defendant contends" that she is "entitled

7

to receive the benefits under the Policy" (Complaint, ¶22 – Exhibit "A" to RJN) and that this

8

"contention" comes directly from the DOI complaint Mrs. Rivera-Keel initiated as admitted by

9

plaintiff's managing agent, Russell Laws.  (Laws Decl., ¶¶15-18 and Exhibits "I" through "L"

10

thereto.)   Thus, Mrs. Rivera-Keel "contention" is clearly communicative and otherwise within the

11

scope of section 47(b).

12

The privilege statute "is intended to '"assure utmost freedom of communication between

13

citizens and public authorities whose responsibility is to investigate and remedy wrongdoing."'" (Id.

14

at p. 360.)  The privilege is absolute and renders both statements and omissions immune from

15

liability, even when done with malice. Silberg v. Anderson, 50 Cal.3d 205, 213-214 (1990); Pollock

16

v. Superior Court, 229 Cal.App.3d 26, 28 (1991).  Plaintiff has failed to demonstrate a probability of

17

success to allow it to proceed on its declaratory relief claim because it failed to demonstrate that the

18

absolute privilege pursuant to Civil Code section 47 does not apply. See Dove Audio, Inc. v.

19

Rosenfeld, Meyer & Susman, 47 Cal.App.4th 777, 784-785 (1996); Rubin v. Green, 4 Cal.4th 1187,

20

1194-1195 (1993).

21

In Rubin v. Green, supra, 4 Cal.4th 1187, the co-owner of a mobilehome park received a

22

notice of intention to commence an action from a resident who purported to act in behalf of all of the

23

residents of the park. In the notice the resident alleged defects in the operation of the park and

24

sought several remedies. The co-owner filed an action for damages and equitable relief against the

25

resident and her attorneys, alleging defendants had solicited other residents as clients of her

26

27

28

---

[3]     In pertinent part, that statute provides that a "privileged publication or broadcast is one made. . . . [¶] In any . . . judicial proceeding, [or] in any other official proceeding authorized by law. . . ." Civ.Code, § 47, subds.(b)(2), (3).

---

1   attorneys in anticipation of litigation against the co-owner.

2       In pursuing the injunctive relief claim, the plaintiff in <u>Rubin v. Green</u>, *supra,* attempted to

3   stylize an unfair business practices claim out of the attorney solicitation of other residents as clients.

4   California's Supreme Court rejected the claim that a plaintiff may, in effect, "plead around" absolute

5   barriers to relief by relabeling the nature of the action. <u>Rubin v. Green</u>, *supra,* 4 Cal.4th at 1201.

6       This is precisely what plaintiff has done here.  The "case of actual controversy" plaintiff

7   claims exists arises directly out of communication she made in an official proceeding authorized by

8   law, namely, the consumer complaint provisions of California Insurance Code section 12921, *et seq*.

9   The plaintiff has in artfully tried to "plead around" the absolute barriers to relief of Civil Code

10  section 47, subdivision (b), by stylizing the action under the Declaratory Judgment Act. (28 U.S.C. §

11  2201.)[4]  "If the policies underlying section 47(b) are sufficiently strong to support an absolute

12  privilege, the resulting immunity should not evaporate merely because the plaintiff discovers a

13  conveniently different label for pleading what is in substance an identical grievance arising from

14  identical conduct as that protected by section 47(b)." <u>Rubin v. Green</u>, *supra,* 4 Cal.4th at p. 1203.

15      **2.     Plaintiff Failed to Demonstrate an Injury in Fact for a Case of Actual
                Controversy**

16      Plaintiff also ignored the requirement raised by defendant that it prove an injury in fact to

17  create a case of actual controversy.  Nowhere does plaintiff demonstrate in its opposition that the

18  action involves "an invasion of a legally protected interest which is (a) concrete and particularized,

19  and (b) actual or imminent, not conjectural or hypothetical." <u>Lujan v. Defenders of Wildlife</u>, 504

20  U.S. 555, 559–560 (1992); <u>DaimlerChrysler Corp. v. Cuno</u>, __ U.S. __, 126 S.Ct. 1854, 1862

21  (2006).  Rather, plaintiff dodges the issue by mis-characterizing the declaratory relief action as one

22

23  ―――――――――――――――

24      [4]     As was plainly pointed out in the moving papers, plaintiff dishonestly frames Mrs.
        Rivera-Keel's DOI consumer complaint as a "claim for benefits" predicated on the false allegation
25      that the $378.30 initial premium payment was made by her deceased husband.  Mrs. Rivera-Keel has never
        made that contention and she admitted it was she who arranged for the payment after her husband was
26      killed in the complaint she filed in the San Francisco Superior Court. (Keel Decl., ¶8.)  A casual review
        of the bank draft of $378.30 attached as Exhibit ""F" to Russell Laws' declaration reflects that neither
27      Mr. Keel nor Mrs. Rivera-Keel had signed it and that it was initiated electronically by the decedent's
        bank. See Declaration of Rosa Rivera-Keel in Reply to Opposition filed concurrently herewith.
28      Plaintiff's silence on this subject in light of this evidence speaks volumes about the character and
        veracity of the declaratory relief action.

of "coverage."

There is no "coverage" issue pleaded in the complaint and there is nothing about this subject in the "controversy" plaintiff has attempted to conjure. Plaintiff has merely contended a controversy exists because it is "informed and believes" that defendant made a "contention" that the policy should have been in effect had its agents followed through on setting up direct withdrawal of the premiums for the policy. This "controversy" concerns whether a policy of insurance exists, not whether "coverage" is in dispute under a policy Om Financial recognizes as existing. See Davis v. Farmers Ins. Group, 134 Cal.App.4th 100, 105 (2005) ("The first step in any insurance coverage dispute is to determine whether the insuring provisions of the policy afforded coverage for the alleged losses.") This "controversy" arose when defendant exercised her petitioning rights and made a consumer complaint with the DOI in a manner protected by the First Amendment.

Being compelled to respond to a DOI inquiry is not an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Plaintiff is not injured in fact as a result of defendant's protected conduct.

**3.    Plaintiff Failed to Adequately Address the Discretionary Nature to This Court's Jurisdiction**

In a footnote, plaintiff makes the sweeping statement that Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 494 (1942), and its progeny, are "patently distinguishable." (Plaintiff's Memo of Points and Authorities, p. 12, fn. 4.) Plaintiff apparently believes that, in order for the district court to exercise discretionary jurisdiction, all that is required is that there is no pending state court action. (Id.) This contention is clearly erroneous. See Public Service Comm'n v. Wycoff Co., 344 U.S. 237 (1952) (Declaratory procedure, provided by way of the Declaratory Judgment Act, should not be engaged to preempt nor prejudge administrative proceedings); Boating Industry Associations v. Marshall, 601 F.2d 1376, 1384 (9th Cir. 1979) (abstention from declaratory relief appropriate because of lack of case or controversy over possible regulation by California's Department of Labor's worker's compensation regulations to maritime industry); Fireman's Fund Ins. Co. v. Garamendi, 790 F.Supp. 938 (N.D. Cal. 1992) (Brillhart abstention was appropriate where insurers brought action challenging constitutionality of regulations enacted by the California

Insurance Commissioner to implement insurance rate rollback provisions of initiative *where no state court action was pending*); North Carolina Life and Acc. and Health Ins. Guar. Ass'n v. Alcatel, 876 F.Supp. 748 (E.D. N.C. 1995) (Brillhart abstention (as well as Burford abstention) was appropriate for district court to apply where state insurance guaranty association sought declaration of its liability on certain coverage issues currently pending before state department of insurance administrative proceeding).

The Ninth Circuit has specifically held that if a party properly raises the issue in the district court, the district court must make a sufficient record of its reasoning in exercising its discretion to provide declaratory relief in order to enable appropriate appellate review. Government Employees Insurance v. Dizol, 133 F.3d 1220, 1225 (9th Cir.1998) (*en banc*). As such, plaintiff's response to defendant's raising the issue deserves more than a dismissive footnote. Yet, like the rest of their opposition, plaintiff has failed to address well-settled authority.

**4.    Plaintiff Failed to Address the California Department of Insurance's Interest in Regulating Consumer Complaints Under the "Younger" Abstention Doctrine**

In yet another dismissive enjoiner to defendant's Younger [ v. Harris, 401 U.S. 37 (1971)] abstention argument, plaintiff merely states that the DOI's regulatory power "rings hollow." No other analysis is offered.

California's legislature, in codifying Department of Insurance complaint procedure, expressly stated its intent as follows: "It is the intent of the Legislature in codifying the Department of Insurance complaint procedure that the system adopted in regulations provide reasonable notice to insurers of the particulars of complaint resolution *and not be construed to permit insurers routinely to contest the department's determinations on complaints*." Section 1 of Stats.1994, c. 892 (A.B.2601 [emphasis supplied]). What "rings hollow" is plaintiff's unsupported contention that the DOI has approved, by its silence, plaintiff's attempted end-run around its regulatory power by filing this federal action. Indeed, one of the statutes governing consumer complaints with the DOI expressly states: "The commissioner shall not decline to investigate complaints for any of the following reasons: (1) The insured is represented by an attorney in a dispute with an insurer, or is in mediation or arbitration[;] (2) The insured has a civil action against an insurer." Cal.Ins.Code §

1    12921.3, subd. (b).

2           Thus, because the California's Legislature has expressly stated the importance it places on

3    the Department of Insurance's regulatory power over consumer complaints and has admonished

4    insurers from construing these regulatory statutes and regulations to permit routine contests of the

5    DOI's determinations on complaints, it would appear that the consumer complaint procedure

6    implicates important state interests as defined by New Orleans Pub. Serv., Inc. v. Council of New

7    Orleans ("NOPSI"), 491 U.S. 350, 370 (1989). This view is consistent with the broader

8    understanding that the regulation of insurers doing business in California involves important state

9    interests, as partly reflected by the "longstanding prevalence of state regulation" of the industry.

10   CTS Corp. v. Dynamics Corp. of Am., 481 U.S. 69, 78, 88-89 (1987). By plaintiff's own admission

11   in its opposition papers, the "controversy" it seeks to create is a garden variety matter flowing

12   directly from defendant's consumer complaint and does not involve any federal or constitutional

13   issues.

14         **5.**      **Plaintiff Failed to Address the California Department of Insurance's Interest in Regulating Consumer Complaints Under the "Burford" Abstention Doctrine**

15          Plaintiff also fails to adequately address the abstention doctrine set for in Burford v. Sun Oil

16   Co., 319 U.S. 315, 332 (1943). Instead, plaintiff dismisses the DOI's involvement in setting state

17   policy over consumer complaints that appears directly inconsistent to the legislative intent set forth

18   above. In addition, plaintiff again mischaracterizes the "controversy" as a coverage dispute where

19   none exists.

20          The state policy here is the DOI's regulatory power over consumer complaints. This clearly

21   involves the basic problems of state policy as required by Burford, *supra.* Defendant submits that

22   California's consumer complaint administrative procedure (Cal. Ins.Code, §§ 12921, *et seq.*)

23   presents policy problems of substantial public import whose importance transcends the

24   "controversy" (or, more accurately, the lack thereof) framed by the plaintiff in the complaint.

25   Indeed, plaintiff has it backwards when it contends that the "garden variety" nature of the dispute it

26   raises in its complaint (erroneously framed in its opposition papers as a "coverage dispute") dictates

27   the analysis under Burford, *supra.*

28

1   Put simply, California's legislature has outlined a procedure by which the DOI is not only

2   charged with investigating consumer complaints, but also charged with ascertaining patterns of

3   complaints by insurer, geographic area, insurance line, type of violation, and any other valid basis

4   the commissioner may deem appropriate for further investigation, and periodically evaluate the

5   complaint patterns to determine additional audit, investigative, or enforcement actions which he or

6   she may take and report on all actions taken with respect to those patterns of complaints in his or her

7   annual report to the Governor pursuant to Section 12922, and to the public. Cal. Ins.Code, 12921.4,

8   subd. (b). Thus, it would appear that, in addition to its express legislative intent cited above,

9   California's legislature has determined the DOI's regulatory powers over consumer affairs

10  sufficiently important to mandate that it make annual reports regarding patterns of complaints.

11  Plaintiff's one stray statement that the DOI's interests "rings hollow" does not do justice to the

12  analysis.

13        **6.    Plaintiff Failed to Address the "Exhaustion of Administrative Remedies" and/or the "Primary Jurisdiction" Doctrines**

14  Plaintiff fails to address the "exhaustion" and the "primary jurisdiction" doctrines raised in

15  the defendant's moving papers other than to state it "rings hollow." No analysis is provided at all.

16  Consequently, defendant submits on her moving papers.

17  <u>**CONCLUSION**</u>

18  Plaintiff's opposition to defendant's special motion to strike under California's anti-SLAPP

19  statute assists the defendant in conclusively demonstrating that its lawsuit "arises from" the

20  consumer complaint she filed with the DOI. Such assistance, while welcomed by the defendant,

21  nevertheless reflects a complete misapprehension by the plaintiff of the purpose and contours of the

22  anti-SLAPP statute.

23  In addressing the defenses to the declaratory relief action, not only is plaintiff dismissive and

24  full of derision, but it demonstrates the complete lack of merit in filing this action. The immunity

25  defense is ignored and the abstention doctrines are assessed with contempt. It would appear that

26  plaintiff has not taken this special motion to strike seriously and has given about as much thought to

27  it and the controlling authorities as the decision to file the declaratory relief action in the first

28

*OM FINANCIAL SERVICES COMPANY v. ROSA RIVERA KEEL, et al.*      Case No. C07-04723 MHP
DEFENDANT ROSA RIVERA KEEL'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFF'S
OPPOSITION TO SPECIAL MOTION TO STRIKE PLAINTIFF'S COMPLAINT PURSUANT TO CALIFORNIA'S ANTI-
SLAPP STATUTE    **13**

1  instance.  Defendant respectfully requests that her special motion to strike be granted in full.

2  .

3  Dated: December 28, 2007                    Respectfully submitted,

4

5                                              /s/ signature on file
6                                              Frank S. Moore
                                               Attorney for defendant Rosa Rivera Keel
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

1

2    I, the undersigned, declare as follows:

3    I am employed in the City and County of San Francisco, State of California.  I am over the age of eighteen (18) and am not a party to this action.  My business address is 1374 Pacific Avenue, San Francisco, California 94109.

4

5    On the date set forth below, I served the document(s) entitled:

6    **DEFENDANT ROSA RIVERA KEEL'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFF'S OPPOSITION TO SPECIAL MOTION TO STRIKE PLAINTIFF'S COMPLAINT PURSUANT TO CALIFORNIA'S ANTI-SLAPP STATUTE**

7

8    on the parties in this action as follows:

9    MANATT, PHELPS & PHILLIPS, LLP
HENRY C. WANG
10   CHARLES GOMEZ
11   11355 West Olympic Boulevard
Los Angeles, CA 9006-1614

12    _X_  [BY MAIL] I placed the above document(s) in an envelope which was sealed, with postage
13   thereon fully prepaid, and placed in the United States mail in San Francisco, California.  I am "readily familiar" with the practice of The Law Offices of Frank S. Moore for collection and processing of correspondence for mailing, said practice being that in the ordinary course of
14   business, mail is deposited in the United States Postal Service the same day as it is placed for collection.
15

16    ___  [VIA FACSIMILE] I transmitted the above-named documents (without attachments) at
approximately  __:__ .m. on _____, via facsimile number (415) 292-6091 to (310)
17   312-4224. The facsimile machine I used conveyed no error in the transmission.  The transmission report was properly issued by the transmitting facsimile machine.

18    ___  [VIA FEDERAL EXPRESS] I am "readily familiar" with the practice of The Law Offices of
19   William L. Osterhoudt for collection and processing of correspondence for deposit with Federal Express for overnight delivery service.  Correspondence for collection and
20   processing is either delivered to a courier or driver authorized by Federal Express to receive documents or deposited by an employee or agent of this firm in a box or facility regularly
21   maintained by Federal Express that same day in the ordinary course of business.

22    ___  [VIA HAND DELIVERY BY EXPRESS COURIER] I am "readily familiar" with the
practice of The Law Offices of William L. Osterhoudt for collection and processing of
23   documents that are hand delivered via courier (Silver Bullet Delivery) and I cause the above document(s) to be delivered to Silver Bullet Delivery which in turn hand delivered the above
24   document(s) to counsel at the address listed above on this date.

25    I declare under penalty of perjury under the laws of the State of California that the foregoing
is true and correct.

26

27   DATED: December 28, 2007              /s/ signature on file
                                          Frank S. Moore
28

---