1  FRANK S. MOORE, SBN 158029
   Law Offices of Frank S. Moore, APC
2  SUZY C. MOORE, SBN 151502
   Law Offices of Suzy C. Moore
3  1374 Pacific Avenue
   San Francisco, California 94109
4  Telephone:    (415) 292-6091
   Facsimile:    (415) 292-6694
5
   Attorneys for Defendant
6  ROSA RIVERA KEEL

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| OM FINANCIAL SERVICES COMPANY, | ) | No. C07-04723 MHP |
|---|---|---|
| Plaintiff, | ) ) ) | **DECLARATION OF COUNSEL FRANK S. MOORE IN SUPPORT OF DEFENDANT ROSA RIVERA KEEL'S REPLY TO PLAINTIFF'S OPPOSITION TO SPECIAL MOTION TO STRIKE PURSUANT TO CALIFORNIA'S ANTI-SLAPP STATUTE** |
| vs. | ) ) | |
| ROSA RIVERA KEEL AND DOES 1 through 10, INCLUSIVE, | ) ) ) | [Cal. Code of Civ.Proc., 425.16] |
| Defendant. | ) ) / | Date: January 14, 2008<br>Time: 2:00 p.m.<br>Place: Courtroom 15, 18th Floor |

Honorable Marilyn Hall Patel

---

1  I, FRANK S. MOORE, hereby declare:

2  1.  I am counsel for the defendant, Rosa Rivera Keel, named in this action. I have personal knowledge of the matters stated herein. If called as a witness, I could testify truthfully to the matters stated herein. I make this declaration in support of defendant's reply to plaintiff's opposition to Special Motion to Strike Plaintiff's Complaint Pursuant to California's Anti-SLAPP Statute and specifically to counsel Henry Wang's declaration filed in support of his client's opposition.

3  2.  In his declaration, plaintiff's counsel Henry Wang falsely declares that I told him that the special motion to strike was "a way to circumvent this Court's Order Setting Conference that prohibits the filing of FRCP 12(b) motions to dismiss prior to the Case Management Conference without leave of court." (Wang Decl., ¶2.) Nothing could be further from the truth. Shortly before filing plaintiff's opposition to defendant's special motion to strike, Mr. Wang called me and made a desperate plea to withdraw the special motion to strike and, when I denied the request, he erroneously contended that my client would be exposed to attorneys' fees under the anti-SLAPP statute if the special motion to strike was denied. I told him he was wrong about the law and that his client would not be entitled to fees merely on the basis that the special motion to strike was denied.

4  3.  In that context, I informed Mr. Wang that I would have filed a FRCP 12(b) motion raising many of the same arguments as those contained in the special motion to strike along with the special motion to strike had there not been a standing order against filing FRCP 12(b) motions without leave of court. I said this to educate Mr. Wang that I believed that the case he filed by his client lacked merit independent of whether it also chilled my client's petitioning conduct. I informed Mr. Wang that I intended to file a FRCP 12(b) motion after the Case Management Conference raising the abstention doctrines as well as the exhaustion and primary jurisdiction doctrines. I never stated to Mr. Wang that I sought to circumvent this Court's standing order and his statement to the contrary may be his interpretation of our conversation, but it is nothing close to what I said.

5  4.  Before filing the special motion to strike, I called and left a message with the Honorable Marilyn Hall Patel's clerk's voice-mail explaining that I intended to file a special motion to strike and would file a FRCP 12(b) motion along with it if there had not been the standing order and requested guidance on whether I should seek leave since a number of the same arguments would be made. I never

received a phone call back. I interpreted Judge Patel's standing order to apply only to FRCP 12(b) motions because that is what the order states. I did not view the standing order prohibiting the filing of special motions to strike under California's anti-SLAPP motions before the Case Management Conference without leave to amend.

    I declare under penalty of perjury that the foregoing is true and correct of my own personal knowledge. Executed at Healdsburg, California on December 28, 2007.


/s/ signature on file
Frank S. Moore

**PROOF OF SERVICE**

I, the undersigned, declare as follows:

I am employed in the City and County of San Francisco, State of California. I am over the age of eighteen (18) and am not a party to this action. My business address is 135 Belvedere Street, San Francisco, California 94117.

On the date set forth below, I served the document(s) entitled:

**DECLARATION OF COUNSEL FRANK S. MOORE IN SUPPORT OF DEFENDANT ROSA RIVERA KEEL'S REPLY TO PLAINTIFF'S OPPOSITION TO SPECIAL MOTION TO STRIKE PURSUANT TO CALIFORNIA'S ANTI-SLAPP STATUTE**

on the parties in this action as follows:

MANATT, PHELPS & PHILLIPS, LLP
HENRY C. WANG
CHARLES GOMEZ
11355 West Olympic Boulevard
Los Angeles, CA 9006-1614

__X__ [BY MAIL] I placed the above document(s) in an envelope which was sealed, with postage thereon fully prepaid, and placed in the United States mail in San Francisco, California. I am "readily familiar" with the practice of The Law Offices of Frank S. Moore for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

____ [VIA FACSIMILE] I transmitted the above-named documents (without attachments) at approximately __:__ _.m. on _____, via facsimile number (415) 292-6091 to (310) 312-4224. The facsimile machine I used conveyed no error in the transmission. The transmission report was properly issued by the transmitting facsimile machine.

____ [VIA FEDERAL EXPRESS] I am "readily familiar" with the practice of The Law Offices of William L. Osterhoudt for collection and processing of correspondence for deposit with Federal Express for overnight delivery service. Correspondence for collection and processing is either delivered to a courier or driver authorized by Federal Express to receive documents or deposited by an employee or agent of this firm in a box or facility regularly maintained by Federal Express that same day in the ordinary course of business.

____ [VIA HAND DELIVERY BY EXPRESS COURIER] I am "readily familiar" with the practice of The Law Offices of William L. Osterhoudt for collection and processing of documents that are hand delivered via courier (Silver Bullet Delivery) and I cause the above document(s) to be delivered to Silver Bullet Delivery which in turn hand delivered the above document(s) to counsel at the address listed above on this date.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: December 28, 2007                /s/ signature on file
                                        Frank S. Moore