MANATT, PHELPS & PHILLIPS, LLP
HENRY C. WANG (BAR NO. 196537)
hwang@manatt.com
CHARLES G. GOMEZ (BAR NO. 236663)
cgomez@manatt.com
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614
Telephone:   (310) 312-4000
Facsimile:   (310) 312-4224

*Attorneys for Plaintiff*
OM FINANCIAL LIFE INSURANCE COMPANY,
formerly known as Fidelity and Guaranty Life Insurance Company

FRANK S. MOORE, SBN 158029
Law Offices of Frank S. Moore, APC
SUZY C. MOORE, SBN 151502
Law Offices of Suzy C. Moore
1374 Pacific Avenue
San Francisco, California 94109
Telephone:   (415) 292-6091
Facsimile:   (415) 292-6694

Attorneys for Defendant
ROSA RIVERA KEEL

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OM FINANCIAL LIFE INSURANCE COMPANY,<br><br>            Plaintiff,<br><br>      vs.<br><br>ROSA RIVERA KEEL, and DOES 1 through 10, inclusive,<br><br>            Defendants. | Case No. C07-04723 MHP<br><br>Hon. Marilyn Hall Patel<br><br>**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER** |

The parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

**A.     JOINT STATEMENT OF FACTS UNDERLYING THE ACTION**

1.     The parties were unable to agree on a brief description of the events underlying the

action:

Plaintiff's Statement of Facts Underlying the Case:

Defendant is the beneficiary of a life insurance policy issued by Plaintiff to Sean Kenneth Keel. OM Life cancelled the subject life insurance policy on December 19, 2005 and notified Mr. Keel of the cancellation. A month later, on January 21, 2006, Mr. Keel died. Defendant made a claim for the death benefits under the policy, and OM Life informed Defendant that the policy was not in force. Thereafter, Defendant filed an action in state court against Family Direct Insurance Services and Patricia Ann Pfitzer regarding the cancelled policy. After dismissing the state court action, Defendant sought assistance from the California Department of Insurance ("DOI") about the cancelled policy. OM Life seeks a declaratory judgment from this Court that its cancellation of the policy was proper and did not violate Defendant's rights in any manner.

Defendant's Statement of Facts Underlying the Case

Defendant is the beneficiary of a life insurance policy issued by Plaintiff to Sean Kenneth Keel. OM Life cancelled the subject life insurance policy on December 19, 2005. A month later, on January 21, 2006, Mr. Keel died. Defendant sought assistance from the California Department of Insurance about the cancelled policy. OM Life seeks a declaratory judgment that its cancellation of the policy was proper and did not violate Defendant's rights in any manner.

**B.   PRINCIPAL ISSUES**

2.   The parties were unable to agree on the principal factual issues which the parties dispute:

Plaintiff's Principal Factual Issues Which The Parties Dispute:

OM Life contends that Mr. Keel did not make the initial premium payment in accordance with the terms of the application, policy and subsequent premium notices that were sent to him. Defendant contends that Keel made arrangements for the initial premium payment to be directly withdrawn from his checking account.[1]

---

[1] OM Life does not dispute that Defendant filed a consumer complaint with the DOI. (See Defendant's contention of principal factual issues in dispute.)

Defendant's Principal Factual Issues Which The Parties Dispute:

OM Life contends that Mr. Keel did not make the initial premium payment in accordance with the terms of the application, policy and subsequent premium notices that were sent to him. Defendant informed the California Department of Insurance in a consumer complaint that Mr. Keel made arrangements for the initial premium payment to be directly withdrawn from his checking account.

3.  The parties were unable to agree on the principal legal issues which the parties dispute:

Principal Legal Issues Which The Parties Dispute:

The parties disagree on:

(a)  Whether this Court should exercise jurisdiction over this matter;

(b)  Whether Defendant is immune from being subjected to this lawsuit;

(c)  Whether OM Life was entitled to cancel the policy; and

(d)  Whether the policy should have been in force at the time of Mr. Keel's death.

Additional Principal Legal Issues Which Defendant Contends Are In Dispute:[2]

The parties disagree on:

(e)  Whether Patrice Ann Pfitzer and Family Direct Insurance Services, Inc., breached a duty to properly arrange for payment of the requisite premium in accordance with the terms of application and delivery of the policy; and

(f)  If OM Life was entitled to cancel the policy, whether Patrice Ann Pfitzer and Family Direct Insurance Services, Inc.'s negligence was the cause in fact of the cancellation.

4.  The other factual issues [e.g. service of process, personal jurisdiction, subject matter jurisdiction or venue] which remain unresolved for the reason stated below and how the parties propose to resolve those issues:  Defendant disputes that there is proper subject matter jurisdiction.

5.  The parties which have not been served and the reasons:  None.

6.  The additional parties which the below-specified parties intend to join and the

---

[2] Plaintiff contends that these issues are not before the Court.

intended time frame for such joinder:

Defendant maintains she has been improperly sued and is immune from Plaintiff's lawsuit. In the event her special motion to strike OM Life's complaint is denied and if such denial is affirmed on appeal, she will join Patrice Ann Pfitzer and Family Direct Insurance Services, Inc. as co-defendants in a compulsory cross-complaint under the tort of another doctrine. Defendant will have incurred costs and attorneys' fees as a result of OM Life's decision to sue her as a direct consequence of Patrice Ann Pfitzer and Family Direct Insurance Services, Inc.'s negligence.

**C.   ALTERNATIVE DISPUTE RESOLUTION**

7.   *Please indicate the appropriate response(s).]*

♣   The case was automatically assigned to Nonbinding Arbitration at filing and will be ready for the hearing by *(date)* _____.

♣   The parties have filed a Stipulation and Proposed Order Selecting an ADR process *(specify process):*_____.

☑   The parties filed a Notice of Need for ADR Phone Conference and the phone conference was held on or is scheduled for January 8, 2008 at 10:30 a.m.

♣   The parties have not filed a Stipulation and Proposed Order Selecting an ADR process and the ADR process that the parties jointly request [or a party separately requests] is _____.

8.   The Court hereby orders: _____.

**D.   CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE**

9.   The following parties consent to assignment of this case to a United States Magistrate Judge for [court or jury] trial:  None.

10.   The Court refers this case for the following purposes to a magistrate judge: _____

**E.   DISCLOSURES**

11.   The parties certify that they have made the following disclosures *[list disclosures*

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

4

*of persons, documents, damage computations and insurance agreements]*:

The parties will list their disclosures and produce documents by Monday, January 7, 2008.

The life insurance policy in dispute (OM Life policy no. L0531119) has a policy limit of $620,000.00.

**F.     EARLY FILING OF MOTIONS**

12.     The parties were unable to agree on the description of motions expected to have a significant effect either on the scope of discovery or other aspects of the litigation shall be heard by the date specified below:

<u>Plaintiff's Description Of Motions Expected To Have A Significant Effect:</u>

On December 3, 2007, Defendant filed a special motion to strike OM Life's complaint pursuant to California's Anti-SLAPP statute. The matter is set be heard on January 14, 2008 at 2:00 p.m. before this Court. Defendant will file an interlocutory appeal in the event she does not prevail on her special motion to strike. The denial of an anti-SLAPP motion is immediately appealable pursuant to the collateral order doctrine. *Batzel v. Smith*, 333 F.3d 1018, 1024 (9th Cir. 2003). In the event an appeal is pursued and she remains unsuccessful, Defendant will file a FRCP Rule 12(b) motion upon remand.

OM Life contends that Defendant's motion to strike under California's Anti-SLAPP is wholly without merit. For example, Defendant contends that OM Life filed the instant action as a result of Defendant's DOI consumer complaint and her state court action filed against her insurance agent – which Defendant contends are protected activities under California Civil Code section 47(b). However, the DOI consumer complaint and her state court action were incidental occurrences that originated from the underlying contract dispute for which OM Life is currently before this Court and is seeking a declaration of rights. In other words, without the contract dispute, there would have been no DOI consumer complaint or the filing of a state court action. *See Martinez v. Metabolife Int'l, Inc.*, 113 Cal.App.4th 181, 188, 6 Cal.Rptr.3d 494, 499 (2003) ('collateral allusions to protected activity should not subject the cause of action to the anti-SLAPP statute") Defendant's other arguments are equally frivolous in nature, and designed to circumvent this Court's prohibition of FRCP 12 motions prior to the initial case management

1 conference. Accordingly, upon the denial of the motion to strike, OM Life intends to seek to
2 recover the reasonable fees and costs that it was forced to incur in opposing Defendant's motion
3 to strike.

4 <u>Defendant's Description Of Motions Expected To Have A Significant Effect:</u>

5       On December 3, 2007, Defendant filed a special motion to strike OM Life's complaint
6 pursuant to California's Anti-SLAPP statute. The matter is set be heard on January 14, 2008 at
7 2:00 p.m. before this Court. Defendant may file an interlocutory appeal in the event she does not
8 prevail on her special motion to strike depending on the ruling of this Court. The denial of an
9 anti-SLAPP motion is immediately appealable pursuant to the collateral order doctrine. *Batzel v.*
10 *Smith*, 333 F.3d 1018, 1024 (9th Cir. 2003). In the event an appeal is pursued and she remains
11 unsuccessful, Defendant may file a FRCP Rule 12 motion upon remand depending on this Court's
12 ruling on the special motion to strike and order, if any, by the Ninth Circuit.

13       Defendant reserves the right to seek sanctions under FRCP Rule 11 against Plaintiff
14 and/or its counsel for the false statements made in the complaint filed by Plaintiff which are
15 demonstrably untrue.

16 **G.     DISCOVERY**

17     13.     The parties agree to the following discovery plan *[Describe the plan e.g., any*
18 *limitation on the number, duration or subject matter for various kinds of discovery; discovery*
19 *from experts; deadlines for completing discovery]*:

20     a)     Disclosure of identities of all witnesses to be called in each party's case-in-chief to
21 be exchanged by: Pending the outcome of Defendant's special motion to strike and any
22 interlocutory appeal.

23     b)     Fact discovery, including subpoenas for documents, document requests,
24 depositions, interrogatories, requests for admissions and depositions, to be completed by: Pending
25 the outcome of Defendant's special motion to strike and any interlocutory appeal.

26     c)     The parties do not anticipate any expert disclosures or discovery in this matter.

27 **H.     PRETRIAL AND TRIAL SCHEDULE**

28     14.     Requested trial date: August 12, 2008.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

1   15.   Anticipated length of trial: three (3) days.

2   16.   The parties were unable to agree on the type of trial:

3       a) Plaintiff's type of trial: court;

4       b) Defendant's type of trial: jury.

5   17.   Final pretrial conference: August 4, 2008.

6   18.   Joint pretrial conference statement and proposed pretrial order: July 25, 2008.

7   19.   Objections to exhibits or testimony: July 30, 2008

8   20.   Deadline to hear motions directed to the merits of all or part of the case: July 7,
2008.

**I.   DATE OF NEXT CASE MANAGEMENT CONFERENCE: _____.**

**J.   OTHER MATTERS**

**K.   IDENTIFICATION AND <u>SIGNATURE</u> LEAD TRIAL COUNSEL**

Dated: January 3, 2008              MANATT, PHELPS & PHILLIPS, LLP

/s/ Henry C. Wang
Henry C. Wang
*Attorneys for Plaintiff*
OM FINANCIAL LIFE INSURANCE COMPANY, formerly known as Fidelity and Guaranty Life Insurance Company

Address: 11355 West Olympic Boulevard, Los Angeles, California 91403
Telephone: (310) 312-4000

Dated: January 3, 2008

Frank S. Moore
*Attorneys for Defendant*
ROSA RIVERA KEEL

Address: 1374 Pacific Avenue, San Francisco, California 94109
Telephone: (415) 292-6091

**CASE MANAGEMENT ORDER**

The Court finds that each party was represented by lead trial counsel responsible for trial of this matter and was given an opportunity to be heard as to all matters encompassed by this Joint Case Management Statement and Proposed Order filed prior to the conference.

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

Dated: January __, 2008

_____
United States District/Magistrate Judge

**PROOF OF SERVICE**

I, Robert Norvell, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 11355 West Olympic Boulevard, Los Angeles, California 90064-1614. On January 3, 2008, I served a copy of the within document(s):

(1)   **JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**

☒   by placing the document(s) listed above in a sealed envelope with First Class postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

☐   by placing the document(s) listed above in a sealed GOLDEN STATE OVERNIGHT envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a GOLDEN STATE OVERNIGHT agent for delivery to the person(s) as set forth below.

---

Frank S. Moore, Esq.                *Attorneys for Defendant*
Law Offices of Frank S. Moore, APC   ROSA RIVERA-KEEL
Suzy C. Moore, Esq.
Law Offices of Suzy C. Moore
1374 Pacific Avenue
San Francisco, California 94109

Phone:   (415) 292-6091
Fax:     (415) 292-6694
Email:   fsmoore@pacbell.net

---

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on that same day with First Class postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on January 3, 2008, at Los Angeles, California.

/s/ Robert Norvell
ROBERT NORVELL

*Filer's Attestation: Pursuant to General Order No. 45, Section X(B) regarding signatures, Henry C. Wang hereby attests that concurrence in the filing of this document has been obtained.*

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

9