UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OM FINANCIAL LIFE INSURANCE COMPANY,

                Plaintiff,

  v.

ROSA RIVERA KEEL, and DOES 1 through 10, inclusive,

                Defendants.

No. C 07-04723 MHP

**MEMORANDUM & ORDER**

**Re: Defendant's Special Motion to Strike Pursuant to California's Anti-SLAPP Statute**

Plaintiff OM Financial Life Insurance Company ("OM Financial") brings this diversity action for declaratory relief that defendant Rosa Rivera Keel ("Keel") is not entitled to benefits as a beneficiary of a life insurance policy purchased from plaintiff by defendant's now deceased husband. Before the court is defendant's special motion to strike plaintiff's complaint under California's anti-SLAPP statute, Cal. Civ. Proc. Code § 425.16. Defendant alleges that the instant action was filed to chill defendant's protected conduct in filing a state court action and a consumer complaint against the insurance agent and broker who sold the policy. Although noticed and styled as an anti-SLAPP special motion to strike, defendant also requests that the court, in the exercise of its discretion under the Declaratory Judgment Act, 28 U.S.C. § 2201, stay or dismiss the instant action pending resolution of defendant's consumer complaint filed with the California Department of Insurance. Having considered the parties' arguments and submissions and for the reasons set forth below, the court enters the following memorandum and order.

## BACKGROUND

Sean Keel applied for a $620,000 life insurance policy from plaintiff OM Financial in August 2005. Laws Dec., Exh. A. On the application, Mr. Keel designated his wife, defendant Rosa Rivera Keel, as the beneficiary of the policy and elected to make quarterly premium payments. Id. Mr. Keel applied for this policy through his insurance agent Patrice Pfitzer ("Pfitzer") of Family Direct Insurance Services, Inc. ("Family Direct"). Id.; Keel Dec. ¶ 2. OM Financial issued the policy in October 2005. Laws Dec., Exh. B. Because Mr. Keel had not paid the initial quarterly premium in the amount of $378.30 when the policy was issued, a notice that accompanied the policy advised Mr. Keel that he must pay the initial premium within 30 days in order to activate the policy. Laws Dec., Exh. C. Having not received the initial premium payment, OM Financial issued another notice in November to Mr. Keel's insurance agent Pfitzer. Laws Dec., Exh. D. This notice stated that Mr. Keel's policy would be cancelled if the initial quarterly premium was not received within 15 days. Having not received the initial payment by December, OM Financial issued a final notice to Mr. Keel that his policy had been cancelled. Laws Dec., Exh. E.

The following month, on January 21, 2006, Mr. Keel died in a car jacking incident. Keel Dec. ¶ 3. On or about January 26, 2006, OM Financial received a check in the amount of $378.30. Laws Dec. ¶ 12, Exh. F. The check bore the personal information of Mr. Keel, a reference to the policy number, and a memo indicating the check was for life insurance. Laws Dec., Exh. F. It was dated January 20, 2006, the day prior to Mr. Keel's death. Defendant Keel attests that the signature on the check is neither hers nor her husband's, but appears to be that of a bank officer who had the authority to issue the check after defendant Keel had arranged for electronic payment of the initial premium. Keel Reply Dec. ¶ 2; Keel Dec. ¶ 8. Upon receiving the check, OM Financial sent a letter addressed to Mr. Keel advising him that his policy had already been cancelled in December and that the $378.30 would be returned to him. Laws Dec. ¶ 13, Exh. G. In February, defendant Keel requested documents from OM Financial in order to file a death benefit claim. Laws Dec., Exh. H.

Defendant Keel in October 2006 commenced a state court action against the insurance agent Pfitzer and the insurance broker Family Direct alleging claims for negligence, constructive fraud and

negligent misrepresentation. Keel Dec. ¶ 3; Moore Dec., Exh. C (hereinafter "State Court Complaint"). She did not name OM Financial as a defendant. Id. In the state action, Keel alleged that after her husband submitted an application, but before the policy was issued, he received a letter from the insurance agent notifying him that he had not paid the initial premium. State Court Complaint ¶ 8. He was given a choice of two options to perfect payment—monthly automatic withdrawal from a checking account, or direct billing on a quarterly, semi-annual or annual basis. Id. ¶¶ 9–10; Exh. B. He chose the first option of monthly automatic withdrawal and, as the insurance agent's notice had directed him to do, he wrote out a check for $97.47 to cover the first month of payment. Id. This check was dated September 10, 2005, over one month before the policy was eventually issued in October. Id. The notice informed Mr. Keel that following the initial payment by check, future payments would be automatically withdrawn from his checking account. Id. On information and belief, defendant Keel alleged in the state court action that either her husband or an agent of Family Direct wrote the word "VOID" over the check. State Court Complaint ¶ 11; Exh. C. Keel also alleged on information and belief that, other than the check made for $97.47, her husband sent no other check to Family Direct. State Court Complaint ¶ 11. Defendant Keel's state court action was premised on the theory that her husband believed that he held a valid insurance policy by selecting the monthly automatic withdrawal payment system and by delivering a check to pay for the first month of coverage. Id. ¶ 16. She alleged that the agent Pfitzer and the broker Family Direct never informed her husband that the policy was not in effect and that they had failed to properly set up automatic withdrawals as requested by her husband. Id.

Through discovery in the state court action, defendant Keel learned that her husband had omitted from his insurance application the treatment he had received for substance abuse. Keel Dec. ¶ 4. "While [she] did not believe that this fact diminished the negligence by [the insurance agent and broker], . . . [she] understood that this fact could effect [sic] the outcome of the case and increase the costs of litigation." Id. In February 2007, she eventually authorized her attorney to file a voluntary dismissal of her state court action, without prejudice. Id.; Moore Dec., Exh. D.

3

After she dismissed her state court action, defendant Keel initiated in May 2007 a Department of Insurance ("DOI") consumer complaint against the insurance broker Family Direct. Keel Dec. ¶ 5; Moore Dec., Exh. E. Keel's stated motive for filing the consumer complaint was that expenses to continue to litigate the matter in state court would be costly for her. Keel Dec. ¶¶ 4–5. The DOI compliance officer responded to Keel's consumer complaint by requesting that plaintiff OM Financial provide a written explanation as to whether the policy went into effect and whether it was subsequently cancelled. Laws Dec., Exh. I. OM Financial responded to the DOI inquiry. Laws Dec., Exh. J. OM Financial maintained that no policy was in effect at the time of Mr. Keel's death since the policy had been cancelled in the month prior to his death, and the outstanding initial premium had not been received until after the policy was cancelled for non-payment. Id. The DOI compliance officer asked OM Financial additional questions regarding the automatic checking withdrawals Mr. Keel had elected as well as his failure to disclose his prior substance abuse. Laws Dec., Exh. K.; Moore Dec., Exh. F.

Without responding to these additional DOI inquiries, OM Financial filed the instant action on September 11, 2007. Laws Dec., Exh. L. OM Financial's sole cause of action is for declaratory relief that defendant is not entitled to benefits under the life insurance policy. OM Financial sent letters to both defendant Keel and the DOI compliance officer notifying them of the initiation of this action. Moore Dec., Exh. B; Laws Dec., Exh. L. Defendant Keel's consumer complaint at the DOI is ongoing and pending. Keel Dec. ¶ 6.

DISCUSSION

I.  Anti-SLAPP Special Motion to Strike

The first issue before the court is whether OM Financial's present complaint for declaratory relief respecting defendant Keel's right to life insurance benefits—filed subsequent to Keel's initiation of a state court action and consumer complaint respecting the same right—constitutes a strategic lawsuit against public participation that should be struck pursuant to California's anti-SLAPP statute.

4

The acronym "SLAPP" stands for Strategic Lawsuit Against Public Participation. Wilcox v. Superior Court, 27 Cal. App. 4th 809, 815 (1994). "The hallmark of a SLAPP suit is that it lacks merit, and is brought with the goals of obtaining an economic advantage over a citizen party by increasing the cost of litigation to the point that the citizen party's case will be weakened or abandoned, and of deterring future litigation." United States of America, ex rel. v. Lockheed Missiles & Space Co., Inc., 190 F.3d 963, 970–971 (9th Cir. 1999). Anti-SLAPP statutes are designed to "protect individuals from meritless, harassing lawsuits whose purpose is to chill protected expression." Metabolife International, Inc. v. Wornick, 264 F.3d 832, 837 n.7 (9th Cir. 2001).

California's anti-SLAPP statute provides that "[a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." Cal. Civ. Proc. Code § 425.16(b)(1). An act in furtherance of a person's right of petition or free speech under the federal and state constitutions is defined to "include[] (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law; [and] (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law." Id. § 425.16(e). The Ninth Circuit has held that the anti-SLAPP provision providing for a special motion to strike, although based on state law, applies in federal diversity suits. Lockheed, 190 F.3d 963.

Courts reviewing a special motion to strike under California's anti-SLAPP statute follow a two-step process. Equilon Enterprises, LLC v. Consumer Cause, Inc., 29 Cal. 4th 53 (2002). "First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity. The moving defendant's burden is to demonstrate that the act or acts of which the plaintiff complains were taken 'in furtherance of the [defendant]'s right

5

of petition or free speech.'" Id. at 67. A defendant need not prove either plaintiff's subjective intent to chill or that there was an actual chilling effect. City of Cotati v. Cashman, 29 Cal. 4th 69, 74–76 (2002). If a moving defendant meets his burden in the first step, a court then "determines whether the plaintiff has demonstrated a probability of prevailing on the claim." Equilon, 29 Cal. 4th at 67. "[I]n order to establish the requisite probability of prevailing, . . . the plaintiff need only have stated and substantiated a legally sufficient claim." Navellier v. Sletten, 29 Cal. 4th 82, 88 (2002) (internal quotations omitted). "Only a cause of action that satisfies *both* prongs of the anti-SLAPP statute—i.e., that arises from protected speech or petitioning *and* lacks even minimal merit—is a SLAPP, subject to being stricken under the statute." Id. at 89. "[T]he trial court in making these determinations considers 'the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based.'" Equilon, 29 Cal. 4th at 67; Cal. Civ. Proc. Code § 425.16(b)(2).

In this case, there is no doubt that defendant Keel's previous state court action and DOI consumer complaint are acts in furtherance of her right of petition as defined under California's anti-SLAPP statute. Section 425.16(e) of the statute defines such acts to include "any written or oral statement or writing made before a . . . judicial proceeding, or any other official proceeding authorized by law" as well as "any written or oral statement or writing made in connection with an issue under consideration or review by a . . . judicial body, or any other official proceeding authorized by law." A lawsuit filed in state court is a writing or statement made before a judicial proceeding, just as a consumer complaint filed with a state agency is also a writing or statement made before an official proceeding authorized by law. See, State Farm General Insurance Co. v. Majorino, 99 Cal. App. 4th 974, 977 (2002) ("[i]t is well established that filing a lawsuit is an exercise of a party's constitutional right of petition"). That defendant Keel's prior state court action and consumer complaint involve a private dispute between herself and an insurance company, rather than an issue of public significance, does not imply that those activities are not protected under the anti-SLAPP statute. To the contrary, California courts "have declined to hold that [the statute] does not apply to events that transpire between private individuals . . . and have explicitly rejected the

assertion that the only activities qualifying for statutory protection are those which meet the lofty standard of pertaining to the heart of self-government." Navellier, 29 Cal. 4th at 91 (internal quotations and citations omitted).

The next issue the court must address is whether plaintiff's instant action "arises from" defendant's protected activity. Timing alone is insufficient to demonstrate that a later-filed action arises from protected activity. City of Cotati, 29 Cal. 4th at 76–77. "California courts rightly have rejected the notion that a lawsuit is adequately shown to be one arising from an act in furtherance of the rights of petition or free speech as long as suit was brought after the defendant engaged in an act, whether or not the purported basis for the suit is that act itself." Id. (internal quotations omitted). Morever, "[t]hat a cause of action arguably may have been triggered by protected activity does not entail that it is one arising from such." Id. at 78. The "critical point is whether the plaintiff's cause of action itself was *based on* an act in furtherance of the defendant's right of petition or free speech." Id. In City of Cotati, the owners of mobilehome parks sued a city in federal court to challenge the validity of a mobilehome park rent stabilization program. Id. at 73. Subsequently, the city sued the owners in state court for a declaratory judgment to uphold the validity of the rent stabilization program. Id. The owners moved in state court to strike the city's complaint under the anti-SLAPP statute. Id. The California Supreme Court held that the city's subsequent state court action against the owners did not "arise from" the owners' protected activity and therefore, was not subject to a special motion to strike. Id. at 80. While "[the owners'] federal court action informed [the city] of the existence of an actual controversy justifying declaratory relief," the owners' action, "itself, [did not] *constitute[]* that controversy." Id. at 79. Instead, the actual controversy giving rise to both actions was the same—the constitutionality of the city's rent stabilization ordinance. Id. at 80.

In this case, plaintiff OM Financial's instant complaint was filed subsequent to and was arguably triggered by defendant Keel's protected activity in filing a state court action and a consumer complaint. OM Financial's complaint, however, does not "arise from" defendant's activities because it is not based on those activities. Like City of Cotati, plaintiff's instant action and defendant's protected activities share the same underlying controversy—whether the life insurance

7

policy purchased by defendant's husband is valid and whether defendant is therefore entitled to benefits under that policy. OM Financial's complaint requests a declaration that "Defendant is not entitled to benefits under the Policy" and that "OM Life properly cancelled the Policy." Complaint, Prayer for Relief ¶¶ 1, 2. Along the same lines, the gravamen of defendant Keel's prior state court action and consumer complaint is that she is entitled to benefits under the policy because the policy was in force at the time of her husband's death. OM Financial's action does not arise from defendant Keel's prior petitions. It arises from the death of defendant's husband, the insured, and the terms of the insurance policy he purportedly purchased well before any of defendant's petitions commenced. See, Majorino, 99 Cal. App. 4th at 977. Plaintiff and defendant dispute plaintiff's subjective intent for filing the present action. Moreover, plaintiff argues that DOI implicitly approved of plaintiff's action and underlying motives because the DOI compliance officer failed to raise any objections even after plaintiff's counsel had discussed with her the filing of the present action. All of these arguments, however, are unavailing since plaintiff's subjective intent is not relevant under the anti-SLAPP statute. City of Cotati, 29 Cal. 4th at 78. The relevant focus is not on the "[plaintiff]'s "litigation tactics," but on the "substance of the [plaintiff]'s lawsuit." Id.

Because the substance of OM Financial's lawsuit is based on the underlying controversy regarding an insurance contract and is not based on Keel's petitioning activity, OM Financial's complaint is not subject to a special motion to strike under the anti-SLAPP statute. Defendant has failed to carry her burden under the first step where she must show that plaintiff's action arises from her protected right of petition. The court, therefore, need not address the second step of the anti-SLAPP analysis involving plaintiff's burden to show a probability of prevailing on the merits.

II.     Declaratory Judgment Act

The second issue before the court is whether, in the exercise of its discretion under the Declaratory Judgment Act, 28 U.S.C. § 2201, the instant proceedings should be stayed or dismissed pending resolution of defendant Keel's consumer complaint filed with the California Department of Insurance pursuant to California Insurance Code section 12921 et seq.

Under the Declaratory Judgment Act, a federal court "*may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added). Given that there is an actual case or controversy between the parties and that subject matter jurisdiction exists, a court may, in its discretion, determine whether entertaining the action for declaratory relief is appropriate. Government Employees Insurance Co. v. Dizol, 133 F.3d 1220, 1223 (9th Cir. 1998). If a party asks the court to decline to entertain an action for declaratory relief, a court must explain the basis for its decision on the record. Id. at 1221. The factors to be considered in determining whether to entertain an action for declaratory relief were set forth by the Supreme Court in Brillhart v. Excess Ins. Co., 316 U.S. 491 (1942), and "remain the philosophic touchstone for the district court," Dizol, 133 F.3d at 1225. Although not an exhaustive list of factors, "[t]he district court should avoid needless determination of state law issues; it should discourage litigants from filing declaratory actions as a means of forum shopping; and it should avoid duplicative litigation." Id. "The pendency of a state court action does not, of itself, require a district court to refuse federal declaratory relief." Id. Rule 57 of the Federal Rules of Civil Procedure makes this explicit. It states, "the existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate." Fed. R. Civ. P. 57. However, "if there are parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court." Dizol, 133 F.3d at 1225.

In this case, several factors weigh in favor of abstention. First, defendant's pending consumer complaint, lodged with the California Department of Insurance, involves the same issues and the same parties as plaintiff's instant action for declaratory relief. As already discussed, the gravamen of defendant's consumer complaint is that her husband purchased a valid life insurance policy from plaintiff and that as the beneficiary, she is entitled to benefits under that policy. The gravamen of plaintiff's complaint asserts the same issue, but with the opposite conclusion—the policy was not in force at the time defendant's husband passed away, and therefore, defendant is not entitled to benefits under the policy. The same parties—defendant Keel, plaintiff OM Financial, the

insurance broker Family Direct, and the insurance agent Patrice Pfitzer—are involved in both the state consumer complaint and the present federal declaratory action.

A second factor weighing in favor of abstention is that other than the cause of action for declaratory relief, plaintiff's complaint contains no other non-discretionary claims which the court may not decline to hear. Piecemeal litigation of discretionary and non-discretionary claims, therefore, is not a concern here. See, Dizol, 133 F.3d at 1225–1226 ("[W]hen other claims are joined with an action for declaratory relief, the district court should not, as a general rule, remand or decline to entertain the claim for declaratory relief. If a federal court is required to determine major issues of state law because of the existence of non-discretionary claims, the declaratory action should be retained to avoid piecemeal litigation.") (internal citations omitted).

Third, it is clear that an insurer is not barred from invoking diversity jurisdiction to bring a declaratory relief action. See, Dizol, 133 F.3d at 1225 ("[T]here is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage cases specifically, . . . [and there] is no authority for the proposition that an insurer is barred from invoking diversity jurisdiction to bring a declaratory judgment action against an insured on an issue of coverage."). However, the Ninth Circuit has also stated that "the Brillhart policy of avoiding unnecessary declarations of state law is especially strong" where, as here, "the sole basis of jurisdiction is diversity of citizenship" and "the federal interest is at its nadir." Continental Casualty Co. v. Robsac Industries, 947 F.2d 1367, 1371 (9th Cir. 1991), overruled on other grounds, Dizol, 133 F.3d at 1227.

Other factors weigh against abstention. As the Supreme Court directed in Brillhart, a district court "should ascertain whether the questions in controversy between the parties to the federal suit . . . can better be settled in the proceeding pending in the state court." Brillhart, 316 U.S. at 495. "This may entail inquiry into the scope of the pending state court proceeding and the nature of defenses open there." Id. "The federal court may have to consider whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc." Id. Defendant Keel has no pending state court action because she voluntarily dismissed that action. What is pending is her

10

consumer compliant filed pursuant to California Insurance Code section 12921 et seq. Under this statute, the Commissioner of Insurance has the authority to assist the complainant and the insurer to resolve their disputes, but the commissioner does not have the authority to adjudicate a claim. Cal. Ins. Code § 12921.4 ("The commissioner shall, if deemed appropriate, notify insurers . . . against whom the complaint is made of the nature of the complaint, may request appropriate relief for the complainant, and may meet and confer with the complainant and the insurer in order the mediate the complaint. *This section shall not be construed to give the commissioner power to adjudicate claims*.") (emphasis added). The statutory scheme governing the pending state agency consumer complaint, therefore, will not afford the same scope of relief as would a state or federal judicial proceeding. The power of a court to make findings of law and fact, to declare the rights and obligations of the parties, and if necessary, to compel an insurer to pay a claim is not a power that is shared by the Commissioner of Insurance. The parties' dispute, therefore, may be better settled by the federal declaratory action, rather than the state agency consumer complaint. Moreover, while the commissioner may not decline to investigate a complaint because the insured has a civil action against the insurer, Cal. Ins. Code § 12921.3(b)(2), the commissioner may defer the investigation until the finality of a civil action involving the claim is known, Id. § 12921.3(c). The statutory scheme governing consumer complaints, therefore, contains a mechanism to avoid duplicative proceedings.

Based on consideration of the forgoing factors, the court concludes that it would serve the interests of practicality, equity, and judicial economy and administration to exercise jurisdiction over defendant's declaratory relief action. Resolution of the parties' dispute in federal court will provide complete and final relief that the state consumer complaint process is unable to provide. Accordingly, defendant's motion to stay or dismiss is denied. The court need not consider additional grounds for abstention advanced by defendant as they are inapplicable to this case.

11

CONCLUSION

Defendant's special motion to strike pursuant to California's anti-SLAPP statute is DENIED. Defendant's motion to stay or dismiss pending completion of defendant's California Department of Insurance consumer complaint proceeding is DENIED.

IT IS SO ORDERED.

Dated: January 24, 2008

_____
MARILYN HALL PATEL
United States District Court Judge
Northern District of California