1  FRANK S. MOORE (Bar No. CA 158029)
   Law Offices of Frank S. Moore, APC
2  SUZY C. MOORE (Bar No. CA 151502)
   Law Offices of Suzy C. Moore
3  1374 Pacific Avenue
   San Francisco, California 94109
4  Telephone:     (415) 292-6091
   Facsimile:     (415) 292-6694
5
   *Attorneys for Defendant*
6  ROSA RIVERA KEEL

7

8

9               IN THE UNITED STATES DISTRICT COURT

10             FOR THE NORTHERN DISTRICT OF CALIFORNIA

11 OM FINANCIAL SERVICES COMPANY,      )   No. C07-04723 MHP
                                        )
12                                      )   **DEFENDANT ROSA RIVERA KEEL'S**
            Plaintiff,                  )   **ANSWER TO PLAINTIFF OM FINANCIAL**
13                                      )   **SERVICES COMPANY'S COMPLAINT;**
       vs.                              )   **CROSS AND COUNTER-CLAIMS**
14                                      )
   ROSA RIVERA KEEL AND DOES 1 through  )
15 10, INCLUSIVE,                       )
                                        )
16                                      )
            Defendant.                  )
17 _____ /
   ROSA RIVERA KEEL,                    )
18                                      )
            Cross/Counter-Claimant,     )
19                                      )
       vs.                              )
20                                      )
   OM FINANCIAL SERVICES COMPANY, a     )
21 Maryland company and the successor in interest )
   to  FIDELITY  AND  GUARANTY  LIFE    )
22 INSURANCE  COMPANY,  PATRICE  ANN    )
   PFITZER,  an  individual,  FAMILY  DIRECT )
23 INSURANCE  SERVICES,  INC.,  a  California )
   Corporation, and ROES 1 through 25,  )
24                                      )
                                        )
25          Counter/Cross-defendants.   )
   _____ /
26

27

28

1    Defendant ROSA RIVERA KEEL answers the Complaint by OM FINANCIAL SERVICES

2  COMPANY as follows:

3

4    Defendant generally and specifically denies each and every allegation contained within the

5  Complaint that purports to state a cause of action against this answering defendant.

6    Defendant further denies that a case in controversy exists or that the matters alleged in the

7  Complaint are justiciable. Each paragraph below corresponds with the paragraph of the Complaint

8  bearing the same number:

9                                **SUMMARY OF ACTION**

10    1.    Defendant ROSA RIVERA KEEL lacks information and knowledge sufficient to form

11  a belief as to the truth of the allegations in paragraph 1 concerning the authorization of OM FINANCIAL

12  SERVICES COMPANY to do business in California and its licenses to sell and denies them on that

13  basis.  Defendant ROSA RIVERA KEEL admits that she is the beneficiary of a life insurance policy

14  issued by Plaintiff OM FINANCIAL SERVICES COMPANY to her deceased husband, Sean Kenneth

15  Keel.  Defendant ROSA RIVERA KEEL admits that OM FINANCIAL SERVICES COMPANY

16  cancelled said policy but denies that Sean Kenneth Keel failed to make the requisite premium payment

17  on the policy. Sean Kenneth Keel tendered the requisite premium payment as modified by Plaintiff OM

18  FINANCIAL SERVICES COMPANY's agents as more specifically alleged in the Counter/Cross-claims

19  herein.  Plaintiff OM FINANCIAL SERVICES COMPANY's averment regarding its request for relief

20  is in the form of a prayer and constitutes a legal contention which does not require or allow for an

21  admission or denial and Defendant ROSA RIVERA KEEL denies the averment on that basis.

22                              **JURISDICTION AND VENUE**

23    2.    Defendant ROSA RIVERA KEEL admits that the district court has chosen to exercise

24  subject matter jurisdiction over Plaintiff OM FINANCIAL SERVICES COMPANY's cause of action

25  under the Declaratory Relief Act but denies that subject matter jurisdiction is proper.  Defendant ROSA

26  RIVERA KEEL lacks information and knowledge sufficient to form a belief as to the truth of the

27  allegations in paragraph 2 concerning whether venue is proper and denies them on that basis.

28

**INTRADISTRICT ASSIGNMENT**

3.    Defendant ROSA RIVERA KEEL admits that a substantial part of the events or omissions that form the gravamen of Plaintiff OM FINANCIAL SERVICES COMPANY's cause of action under the Declaratory Relief Act occurred in the County of San Francisco.  Plaintiff OM FINANCIAL SERVICES COMPANY's averment regarding the propriety of intradistrict venue constitutes a legal contention which does not require or allow for an admission or denial and Defendant ROSA RIVERA KEEL denies the averment on that basis.

**PARTIES**

4.    Defendant ROSA RIVERA KEEL lacks information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 4 concerning Plaintiff OM FINANCIAL SERVICES COMPANY's corporate existence and place of doing business and denies them on that basis.

5.    Defendant ROSA RIVERA KEEL lacks information and knowledge sufficient to form a belief as to the truth of Plaintiff OM FINANCIAL SERVICES COMPANY's alleged information and belief about her residency and denies them on that basis.  Defendant ROSA RIVERA KEEL admits that she resides in the City and County of San Francisco.

6.    Defendant ROSA RIVERA KEEL lacks information and knowledge sufficient to form a belief as to the truth of Plaintiff OM FINANCIAL SERVICES COMPANY's information and belief about the names and capacities of defendants DOES 1 through 10 and denies them on that basis.

**FIRST CAUSE OF ACTION**

7.    Defendant ROSA RIVERA KEEL repeats and realleges, and incorporate by this reference, her answers to paragraphs 1 through 6, above.

8.    Defendant ROSA RIVERA KEEL admits that on or about August 27, 2005, Sean Kenneth Keel executed and submitted a written application for $620,000 life insurance policy with a Return of Premium Rider and designated ROSA RIVERA KEEL as his beneficiary. Defendant ROSA RIVERA KEEL further admits that Sean Kenneth Keel checked the box for quarterly payments as the mode of payment on the written application but that this election was modified through his consent when he accepted an offer by Plaintiff OM FINANCIAL SERVICES COMPANY's agents to do so as more

1    specifically alleged in the Counter/Cross-claims herein.   Defendant ROSA RIVERA KEEL denies all

2    remaining averments contained in paragraph 8.

3        9.        Defendant ROSA RIVERA KEEL admits that Plaintiff OM FINANCIAL SERVICES

4    COMPANY issued Life Insurance Policy L0531119 on October 10, 2005.

5        10.       Defendant ROSA RIVERA KEEL admits that Policy L0531119 contains a premium

6    payment grace period provision, among other things.

7        11.       Defendant ROSA RIVERA KEEL denies that Sean Kenneth Keel did not pay the

8    premium payment on Policy L0531119 but instead avers that he had arranged for premium payments

9    in a "MONTHLY PAYMENT SYSTEM" through Plaintiff OM FINANCIAL SERVICES COMPANY's

10   agents as more specifically alleged in the Counter/Cross-claims herein.

11       12.       Defendant ROSA RIVERA KEEL admits that, along with Policy L0531119, a Delivery

12   Requirement Notice dated October 12,2005, was bound within its pages advising that he was required

13   to make the initial premium the amount of $378.30 within 30 days in order to activate Policy L0531119.

14       13.       Defendant ROSA RIVERA KEEL lacks information and knowledge sufficient to form

15   a belief as to the truth of Plaintiff OM FINANCIAL SERVICES COMPANY's averment that on

16   November 3, 2005, it sent Sean Kenneth Keel an Intent to Close Notification informing him that the

17   Policy would be cancelled if the initial quarterly premium was not received within 15 days and denies

18   it on that basis.  Defendant ROSA RIVERA KEEL denies Sean Kenneth Keel received an Intent to Close

19   Notification from Plaintiff OM FINANCIAL SERVICES COMPANY.

20       14.       Defendant ROSA RIVERA KEEL denies that Sean Kenneth Keel did not pay the

21   premium payment on Policy L0531119 but instead avers that he had arranged for premium payments

22   in a "MONTHLY PAYMENT SYSTEM" through Plaintiff OM FINANCIAL SERVICES COMPANY's

23   agents as more specifically alleged in the Counter/Cross-claims herein.

24       15.       Defendant ROSA RIVERA KEEL denies that Plaintiff OM FINANCIAL SERVICES

25   COMPANY notified Sean Kenneth Keel that Policy L0531119 was cancelled on December 19, 2005.

26       16.       Defendant ROSA RIVERA KEEL admits that Sean Kenneth Keel died on January 21,

27   2006.

28

17.    Defendant ROSA RIVERA KEEL admits that on or about January 25, 2006, she telephoned FIDELITY AND GUARANTY LIFE INSURANCE COMPANY to inquire about the status of Policy No. L0531119.

18.    Defendant ROSA RIVERA KEEL lacks information and knowledge sufficient to form a belief as to the truth of Plaintiff OM FINANCIAL SERVICES COMPANY's averment that it received a check for $378.30 on or about January 26, 2006.  Defendant ROSA RIVERA KEEL denies that Plaintiff OM FINANCIAL SERVICES COMPANY knew or reasonably believed that the check for $378.30 was purportedly sent by Sean Kenneth Keel and she specifically avers that said contention is willfully and knowingly false, does not have evidentiary support nor will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.  Defendant ROSA RIVERA KEEL avers that she arranged for the check for $378.30 to be sent to Plaintiff OM FINANCIAL SERVICES COMPANY as the premium for Policy No. L0531119 to cure the mistake made by Plaintiff OM FINANCIAL SERVICES COMPANY's agents as more specifically alleged in the Counter/Cross-claims herein.

19.    Defendant ROSA RIVERA KEEL admits that Plaintiff OM FINANCIAL SERVICES COMPANY sent a letter dated January 27, 2006, informing that Policy No. L0531119 had been closed as "incomplete due to outstanding requirements."   Defendant ROSA RIVERA KEEL denies all remaining averments contained in paragraph 19.

20.    Defendant ROSA RIVERA KEEL admits that she sent a letter to Plaintiff OM FINANCIAL SERVICES COMPANY on February 9, 2006, informing it that her husband had died and requesting the forms necessary to open a death penalty claim.  Defendant ROSA RIVERA KEEL denies Plaintiff OM FINANCIAL SERVICES COMPANY's averment that this letter constituted the first time it learned that her husband had died and she specifically avers that she informed Plaintiff OM FINANCIAL SERVICES COMPANY's agent, PATRICE ANN PFITZER, of this fact when she inquired about the status of Policy No. L0531119 on January 27, 2006, as more specifically alleged in the Counter/Cross-claims herein.

21.    Plaintiff OM FINANCIAL SERVICES COMPANY's averment contending that "an actual controversy exists between the parties hereto" constitutes a legal contention which does not

require or allow for an admission or denial and Defendant ROSA RIVERA KEEL denies the averment on that basis.  Defendant ROSA RIVERA KEEL also affirmatively contends that the Complaint, and all allegations contained therein, fails to state a "case of actual controversy" justiciable under Article III of the U.S. Constitution as more specifically alleged in the affirmative defense herein. Plaintiff OM FINANCIAL SERVICES COMPANY's averment contending that Policy No. L0531119 was not in force at the time of Sean Kenneth Keel's death is a legal contention which does not require or allow for an admission or denial and Defendant ROSA RIVERA KEEL denies the averment on that basis. Defendant ROSA RIVERA KEEL denies that Sean Kenneth Keel did not pay the premium payment on Policy L0531119 but instead avers that he had arranged for premium payments in a "MONTHLY PAYMENT SYSTEM" through Plaintiff OM FINANCIAL SERVICES COMPANY's agents as more specifically alleged in the Counter/Cross-claims herein.  Plaintiff OM FINANCIAL SERVICES COMPANY's averment contending that it was entitled to cancel Policy No. L0531119 on December 19, 2006, is a legal contention which does not require or allow for an admission or denial and Defendant ROSA RIVERA KEEL denies the averment on that basis.

22.    Defendant ROSA RIVERA KEEL denies the truth of Plaintiff OM FINANCIAL SERVICES COMPANY's information and belief about her purported contentions and specifically avers that the Complaint filed by Plaintiff OM FINANCIAL SERVICES COMPANY and each and every allegation contained therein is designed to chill her First Amendment rights to petition the California Department of Insurance to pursue a consumer complaint and that she is immune from suit pursuant to California Civil Code section 47 as a consequence thereof.  Defendant ROSA RIVERA KEEL contends that because she is immune from suit, she should not be subjected to attorneys' fees and costs she must necessarily incur for being named as a party by Plaintiff OM FINANCIAL SERVICES COMPANY for the events and occurrences described in its Complaint, or that a "case of actual controversy" justiciable under Article III of the U.S. Constitution exists.  However, in order to preserve her rights and in order to avoid a waiver, Defendant ROSA RIVERA KEEL admits that Sean Kenneth Keel tendered a premium payment on Policy L0531119 by arranging for premium payments in a "MONTHLY PAYMENT SYSTEM" through Plaintiff OM FINANCIAL SERVICES COMPANY's agents as more specifically alleged in the Counter/Cross-claims herein.  Furthermore, to the extent a  "case of actual controversy"

justiciable under Article III of the U.S. Constitution exists, it was created by the acts and omissions of Cross-defendants PATRICE ANN PFITZER and FAMILY DIRECT INSURANCE SERVICES, INC., and that these parties are responsible for her damages she has been subjected to, including, but not limited to, the loss of the death benefit of Policy L0531119 and for the attorneys' fees and costs borne by her in defending against this action as more specifically alleged in the Counter/Cross-claims herein.

23.     Defendant ROSA RIVERA KEEL denies that the issues defined by Plaintiff OM FINANCIAL SERVICES COMPANY in paragraph 23 are "essential to the determination of liability in this action" and, as legal contentions, they do not require or allow for admissions or denials and Defendant ROSA RIVERA KEEL denies the averments on that basis. Defendant ROSA RIVERA KEEL specifically avers that the Complaint filed by Plaintiff OM FINANCIAL SERVICES COMPANY and each and every allegation contained therein is designed to chill her First Amendment rights to petition the California Department of Insurance to pursue a consumer complaint and that she is immune from suit pursuant to California Civil Code section 47 as a consequence thereof. Defendant ROSA RIVERA KEEL contends that because she is immune from suit, she should not be subjected to attorneys' fees and costs she must necessarily incur for being named as a party by Plaintiff OM FINANCIAL SERVICES COMPANY for the events and occurrences described in its Complaint, or that a "case of actual controversy" justiciable under Article III of the U.S. Constitution exists. However, in order to preserve her rights and in order to avoid a waiver, to the extent a "case of actual controversy" justiciable under Article III of the U.S. Constitution exists, it was created by the acts and omissions of Cross-defendants PATRICE ANN PFITZER and FAMILY DIRECT INSURANCE SERVICES, INC., and that these parties are responsible for her damages she has been subjected to, including, but not limited to, the loss of the death benefit of Policy L0531119 and for the attorneys' fees and costs borne by her in defending against this action as more specifically alleged in the Counter/Cross-claims herein.

24.     Defendant ROSA RIVERA KEEL denies that it is necessary for the Court to determine and declare the rights, duties, and obligations under Policy L0531119. Further, said averment constitutes a legal contention which does not require or allow for an admission or denial and Defendant ROSA RIVERA KEEL denies the averment on that basis. Defendant ROSA RIVERA KEEL specifically avers that the Complaint filed by Plaintiff OM FINANCIAL SERVICES COMPANY and each and every

1   allegation contained therein is designed to chill her First Amendment rights to petition the California

2   Department of Insurance to pursue a consumer complaint and that she is immune from suit pursuant to

3   California Civil Code section 47 as a consequence thereof.  Defendant ROSA RIVERA KEEL contends

4   that because she is immune from suit, she should not be subjected to attorneys' fees and costs she must

5   necessarily incur for being named as a party by Plaintiff OM FINANCIAL SERVICES COMPANY for

6   the events and occurrences described in its Complaint, or that a "case of actual controversy" justiciable

7   under Article III of the U.S. Constitution exists.  Defendant ROSA RIVERA KEEL also contends that

8   various abstention doctrines and the primary jurisdiction doctrine prohibits the district court from

9   adjudicating said claims as more specifically alleged in the affirmative defenses herein.  However, in

10  order to preserve her rights and in order to avoid a waiver, to the extent a  "case of actual controversy"

11  justiciable under Article III of the U.S. Constitution exists, it was created by the acts and omissions of

12  Cross-defendants PATRICE ANN PFITZER and FAMILY DIRECT INSURANCE SERVICES, INC.,

13  and that these parties are responsible for her damages she has been subjected to, including, but not

14  limited to, the loss of the death benefit of Policy L0531119 and for the attorneys' fees and costs borne

15  by her in defending against this action as more specifically alleged in the Counter/Cross-claims herein.

16                                          **PRAYER**

17          Defendant ROSA RIVERA KEEL requests the Court to deny Plaintiff OM FINANCIAL

18  SERVICES COMPANY's requested relief.

19

20          Defendant ROSA RIVERA KEEL further sets forth the following affirmative defenses and

21  specific negative averments in support thereof, as follows:

22                              **AFFIRMATIVE DEFENSES**

23                              **FIRST AFFIRMATIVE DEFENSE**

24          25.      As a first and separate affirmative defense, Defendant ROSA RIVERA KEEL alleges that

25  Plaintiff OM FINANCIAL SERVICES COMPANY fails to state in their Complaint facts sufficient to

26  constitute a cause of action against her.

27  ///

28  ///

1

## SECOND AFFIRMATIVE DEFENSE

2          26.    As a second and separate affirmative defense, Defendant ROSA RIVERA KEEL alleges

3    that Plaintiff OM FINANCIAL SERVICES COMPANY has not suffered actual loss, damage or injury,

4    or is threatened with impairment of its own interests by reason of any acts or omissions of Defendant

5    ROSA RIVERA KEEL.

6

## THIRD AFFIRMATIVE DEFENSE

7          27.    As a third and separate affirmative defense, Defendant ROSA RIVERA KEEL  alleges

8    that if Plaintiff OM FINANCIAL SERVICES COMPANY has suffered actual loss, damage or injury,

9    or is threatened with impairment of its own interests, such actual loss, damage or injury, or threat of

10   impairment of its own interests were caused in whole or in part by the acts of persons other than

11   Defendant ROSA RIVERA KEEL, including, but not limited to, PATRICE ANN PFITZER and

12   FAMILY DIRECT INSURANCE SERVICES, INC., for whom Defendant ROSA RIVERA KEEL is

13   not responsible.

14

## FOURTH AFFIRMATIVE DEFENSE

15         28.    As a fourth and separate affirmative defense, Defendant ROSA RIVERA KEEL alleges

16   that if Plaintiff OM FINANCIAL SERVICES COMPANY has suffered actual loss, damage or injury,

17   or is threatened with impairment of its own interests, the case of actual controversy is non justiciable for

18   reasons of "Younger" abstention,"Burford" abstention and/or Brillhart abstention doctrines.

19

## FIFTH AFFIRMATIVE DEFENSE

20         29.    As a fifth and separate affirmative defense, Defendant ROSA RIVERA KEEL alleges that

21   if Plaintiff OM FINANCIAL SERVICES COMPANY has suffered actual loss, damage or injury, or is

22   threatened with impairment of its own interests, the case of actual controversy is non justiciable for

23   reasons of "exhaustion of administrative remedies" and/or the "primary jurisdiction" doctrines.

24

## SIXTH AFFIRMATIVE DEFENSE

25         30.    As a sixth and separate affirmative defense, Defendant ROSA RIVERA KEEL alleges

26   that she is immune from suit pursuant to California Civil Code section 47.

27

28

**SEVENTH AFFIRMATIVE DEFENSE**

31.     As a seventh and separate affirmative defense, Defendant ROSA RIVERA KEEL alleges that the district court lacks subject matter jurisdiction to adjudicate this case.

**EIGHTH AFFIRMATIVE DEFENSE**

32.     As an eighth and separate affirmative defense, Defendant ROSA RIVERA KEEL alleges that if Plaintiff OM FINANCIAL SERVICES COMPANY has suffered actual loss, damage or injury, or is threatened with impairment of its own interests, the case of actual controversy is non justiciable for reasons of the McCarran-Ferguson Act, 15 U.S.C.A. §1011, *et seq.*, in that California has a detailed and comprehensive statutory scheme regulating insurance companies, insurance brokers, and the insurance industry in general and particularly the matters and conduct on which Plaintiff's Declaratory Judgment Act claim is based.

**NINTH AFFIRMATIVE DEFENSE**

33.     As a ninth and separate affirmative defense, Defendant ROSA RIVERA KEEL is informed and believes that in doing the acts as so alleged, she acted with justification.

**TENTH AFFIRMATIVE DEFENSE**

34.     As a tenth and separate affirmative defense, Defendant ROSA RIVERA KEEL is informed and believes that in doing the acts as so alleged, she acted in an honest and reasonable belief and  manner.

**ELEVENTH AFFIRMATIVE DEFENSE**

35.     As an eleventh and separate affirmative defense, Defendant ROSA RIVERA KEEL alleges that Plaintiff's Complaint is not warranted by existing law as against her and/or, lacks evidentiary support and is not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery, and/or is filed, maintained and/or litigated for an improper purpose, namely, to harass or to cause unnecessary costs of litigation because of defendant's First Amendment activity and defendant is entitled to sanctions for Plaintiff's violation of Rule 11 of the Federal Rules of Civil Procedure and/or California Code of Civil Procedure §128.7.

///

///

1

## TWELFTH AFFIRMATIVE DEFENSE

2       36.     As a twelfth and separate affirmative defense, Defendant ROSA RIVERA KEEL alleges

3   that any actual loss, damage or injury, or threat of impairment of its own interests allegedly sustained

4   by Plaintiff, if any, is attributable wholly or in part to Plaintiff's own breaches of the contract.

5

## THIRTEENTH AFFIRMATIVE DEFENSE

6       37.     As a thirteenth and separate affirmative defense, Defendant ROSA RIVERA KEEL is

7   informed and believes that Plaintiff's claims are untimely and are barred by applicable statutes of

8   limitation.

9

## FOURTEENTH AFFIRMATIVE DEFENSE

10      38.     As a fourteenth and separate affirmative defense, Defendant ROSA RIVERA KEEL

11  alleges that Plaintiff's claims have been waived in whole or in part, and, to the extent waived, are barred.

12

## FIFTEENTH AFFIRMATIVE DEFENSE

13      39.     As to a fifteenth and separate affirmative defense, Defendant ROSA RIVERA KEEL

14  alleges that Plaintiff, because of its conduct and the conduct of its agents, are barred in equity from

15  recovery on its Complaint, or any cause of action contained therein, under the doctrine of laches.

16

## SIXTEENTH AFFIRMATIVE DEFENSE

17      40.     As an sixteenth and separate affirmative defense, Defendant ROSA RIVERA KEEL

18  alleges that Plaintiff is barred in equity from adjudicating the Complaint, or any cause of action

19  contained therein, under the doctrine of unclean hands.

20

## SEVENTEENTH AFFIRMATIVE DEFENSE

21      41.     As a seventeenth and separate affirmative defense, Defendant ROSA RIVERA KEEL

22  alleges that the actual loss, damage or injury, or threat of impairment of its own interests allegedly

23  sustained by Plaintiff, if any, was the direct and proximate result of intervening and superseding actions

24  on the part of other parties, and not Defendant ROSA RIVERA KEEL.

25

## EIGHTEENTH AFFIRMATIVE DEFENSE

26      42.     As an eighteenth and separate affirmative defense, Defendant ROSA RIVERA KEEL

27  alleges that the claims in this litigation are barred by the doctrine of estoppel.

28

---

## NINETEENTH AFFIRMATIVE DEFENSE

43.     As a nineteenth and separate affirmative defense, Defendant ROSA RIVERA KEEL alleges that any such conduct as alleged in the Complaint was consented to by Plaintiff.

## TWENTIETH AFFIRMATIVE DEFENSE

44.     As a twentieth and separate affirmative defense, Defendant ROSA RIVERA KEEL alleges that she was prevented by Plaintiff's agents from performing under the alleged contract.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

45.     As a twenty-first and separate affirmative defense, Defendant ROSA RIVERA KEEL alleges that each purported cause of action in Plaintiff's Complaint arises from Defendant's exercise of First Amendment conduct and is a meritless suit filed primarily to chill the Defendant's exercise of First Amendment rights.  Each purported cause of action in the Complaint arises from Defendant's conduct embraced by Code of Civil Procedure Section 425.16, subd. (e).  Further Plaintiff cannot and will not establish that there is a probability it will prevail on any purported cause of action in the Complaint entitling Defendant to an award of attorneys' fees and costs for bringing a special motion to strike pursuant to Code of Civil Procedure Section 425.16.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

46.     As a twenty-second and separate affirmative defense, Defendant ROSA RIVERA KEEL alleges that any actual loss, damage or injury, or threat of  impairment of its own interests allegedly sustained by Plaintiff, if any, is attributable wholly or in part to Plaintiff's own breaches of the contract.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

47.     As a twenty-third and separate affirmative defense, Defendant ROSA RIVERA KEEL alleges that Plaintiff has failed to join a necessary and/or indispensable party.

WHEREFORE, Defendant ROSA RIVERA KEEL prays for judgment as follows:

1.     That Plaintiff be denied relief as prayed for in the Complaint;

2.     For costs of suit incurred herein; and

3.     For such other and further relief as this Court may deem just and proper.

## COUNTERCLAIMS

Defendant ROSA RIVERA KEEL hereby alleges and files these counter/cross-claims in accordance with Rules 13 and 15 of the Federal Rules of Civil Procedure against Counter-defendant OM FINANCIAL SERVICES COMPANY and Cross-defendants PATRICE ANN PFITZER and FAMILY DIRECT INSURANCE SERVICES, INC., in order to preserve her rights and in order to avoid a waiver based on the following allegations and claims for relief:

48.    This Court has jurisdiction over these counter/cross-claims pursuant to 28 U.S.C. § 1367 and Rule 13 of the Federal Rules of Civil Procedure as these are state law claims related to the claims over which this Court has chosen to exercise jurisdiction over pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201.

## JURY DEMAND

49.    Defendant ROSA RIVERA KEEL hereby demands a jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PARTIES

50.    Counter/Cross-complainant ROSA RIVERA KEEL is a resident of the City and County of San Francisco, State of California.  She was the lawfully wedded wife of decedent Sean Kenneth Keel ("decedent"), and was the intended beneficiary to a policy of term life insurance negotiated and delivered to decedent as alleged herein.  Counter/Cross-complainant ROSA RIVERA KEEL is the successor in interest to decedent as defined in Section 377.11 of the California Code of Civil Procedure and succeeds to the decedent's interest in the action or proceeding and no other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action or proceeding.

51.    Counter/Cross-complainant is informed and believes and thereupon alleges that Counter-defendant OM FINANCIAL SERVICES COMPANY is domiciled in Maryland and is the successor in interest to FIDELITY AND GUARANTY LIFE INSURANCE COMPANY.

52.    Counter/Cross-complainant is informed and believes and thereupon alleges that Cross-defendant PATRICE ANN PFITZER is a resident of the County of Sacramento.   At the relevant times alleged herein, she was licensed by the State of California (License #0E67175) as a life insurance agent

1  and is therefore authorized by and on behalf of a life, disability, or life and disability insurer to transact

2  life, disability, or life and disability insurance.

3      53.    Counter/Cross-complainant is informed and believes and thereupon alleges that Cross-

4  defendant FAMILY DIRECT INSURANCE SERVICES, INC., is a California Corporation with its

5  principal place of doing business at 870 Glenn Drive, Folsom, California, and, at all relevant times

6  alleged herein, was licensed by the State of California (License# 0B29335) as a life insurance agent and

7  is therefore authorized by and on behalf of a life, disability, or life and disability insurer to transact life,

8  disability, or life and disability insurance.

9      54.    Counter/Cross-complainant is informed and believes and thereupon alleges that in doing

10  and failing to do the things herein mentioned, Cross-defendants PATRICE ANN PFITZER and FAMILY

11  DIRECT INSURANCE SERVICES, INC., were acting in the course and scope of an agency and

12  employment relationship with FIDELITY AND GUARANTY LIFE INSURANCE COMPANY, the

13  precursor entity to Counter-defendant OM FINANCIAL SERVICES COMPANY, and had actual and/or

14  ostensible authority to bind Counter-defendant OM FINANCIAL SERVICES COMPANY.

15      55.    Counter/Cross-complainant is ignorant of the true names and capacities of ROES 1

16  through 25 herein and will pray for leave of Court to insert the true names and capacities of such Cross-

17  defendants when they become known or are ascertained together with appropriate charging allegations.

18   The factual averments alleged herein are directed toward these ROE cross-defendants as they are alleged

19  against the named cross-defendants herein.

20                              **STATEMENT OF FACTS**

21      56.    On or about August 27, 2005, decedent contracted with Cross-defendants PATRICE

22  ANN PFITZER and FAMILY DIRECT INSURANCE SERVICES, INC., to secure a life insurance

23  policy with  a death benefit coverage of $620,000 for his wife, Counter/Cross-complainant ROSA

24  RIVERA KEEL.  Decedent filled out an application for said policy and delivered it to Cross-defendants

25  PATRICE ANN PFITZER and FAMILY DIRECT INSURANCE SERVICES, INC.  A true and correct

26  copy of said application for life insurance is attached hereto and incorporated herewith as Exhibit "A."

27      57.    Sometime after August 27, 2005, but before September 10, 2005, Cross-defendant

28  PATRICE ANN PFITZER, on behalf of Cross-defendant FAMILY DIRECT INSURANCE SERVICES,

1   INC., sent an undated letter to decedent informing him that his application for life insurance had been

2   received. The letter also informed decedent that the check for the initial premium was not included with

3   the application. Cross-defendant PATRICE ANN PFITZER, on behalf of Cross-defendant FAMILY

4   DIRECT INSURANCE SERVICES, INC., informed decedent that his application could not be

5   processed until his premium check was received. A true and correct copy of said letter is attached hereto

6   and incorporated herewith as Exhibit "B."

7       58.     Cross-defendant PATRICE ANN PFITZER's undated letter (Exhibit "B" hereto)

8   provided decedent two plans to select to effect payment.

9           a.   The first option, entitled "MONTHLY PAYMENT SYSTEM", instructed

10               decedent that he could:

11               i.    Sign a purportedly enclosed "authorization";

12               ii.   Write "VOID" on a check from his checking account and return it with

13                     his signed authorization; and

14               iii.  Write a check payable to "F&G 20/20 ROP" for $97.47, which would pay

15                     for the first month after the policy was issued and future payments would

16                     be drawn from his checking account; or

17          b.   The second option, entitled "OTHER PREMIUM MODES", instructed decedent

18               that he would be billed directly at his home on either:

19               i.    Quarterly at $281.58;

20               ii.   Semi-annually at $552.33; or

21               iii.  Annually at $1,083.00. (Exhibit "B.")

22      59.     Cross-defendant PATRICE ANN PFITZER's undated letter (Exhibit "B" hereto)

23  instructed decedent that if he chose one of the payment modes, to enclose a check made payable to "F&G

24  20/20 ROP" for the amount representing the mode he chose. The undated letter also states that all future

25  premium notices would be sent to decedent's home. (Exhibit "B.")

26      60.     Decedent chose the first option, "MONTHLY PAYMENT SYSTEM", as the mode for

27  payment. On or about September 10, 2005, decedent sent a check dated September 10, 2005 (Check No.

28  93) to Cross-defendants PATRICE ANN PFITZER and FAMILY DIRECT INSURANCE SERVICES,

INC., payable to "F&G 20/20 ROP" for $97.47. Counter/Cross-complainant is informed and believes and thereupon alleges that either decedent or an agent of Cross-defendant FAMILY DIRECT INSURANCE SERVICES, INC., wrote the word "VOID" over the check. A true and correct copy of Check No. 93 is attached hereto and incorporated herewith as Exhibit "C." Counter/Cross-complainant is informed and believes and thereupon alleges that decedent sent no other check to Cross-defendant FAMILY DIRECT INSURANCE SERVICES, INC., than Check No. 93. Counter/Cross-complainant is also informed and believes and thereupon alleges that Cross-defendants PATRICE ANN PFITZER and FAMILY DIRECT INSURANCE SERVICES, INC., were authorized by FIDELITY AND GUARANTY LIFE INSURANCE COMPANY to collect the premium for Policy L0531119 through the "MONTHLY PAYMENT SYSTEM" mechanism contained in the undated letter Cross-defendant PATRICE ANN PFITZER sent to decedent. (Exhibit "B.")

61.     On or about September 19, 2005, Cross-defendant PATRICE ANN PFITZER, on behalf of Cross-defendant FAMILY DIRECT INSURANCE SERVICES, INC., certified that she asked the questions contained in the application for the policy of life insurance (Exhibit "A") and duly recorded the answers. Cross-defendant PATRICE ANN PFITZER, on behalf of Cross-defendant FAMILY DIRECT INSURANCE SERVICES, INC., also certified that, to the best of her knowledge, there was nothing affecting the insurability of any persons proposed for the insurance as stated in the application. Cross-defendant PATRICE ANN PFITZER, on behalf of Cross-defendant FAMILY DIRECT INSURANCE SERVICES, INC., also certified that, if the initial premium was paid with the application, she had remitted it to the insurer and delivered a Conditional Receipt to the Owner. Cross-defendant PATRICE ANN PFITZER, on behalf of Cross-defendant FAMILY DIRECT INSURANCE SERVICES, INC., also certified that, if Disclosure Statements were required by the state, she had given them to the applicant. Finally, Cross-defendant PATRICE ANN PFITZER, on behalf of Cross-defendant FAMILY DIRECT INSURANCE SERVICES, INC., also certified that, she witnessed the signature of decedent on the application for the policy of insurance. These certifications appear in, and were made a part of, the bound policy delivered to decedent, Policy No. L0531119. A true and correct copy of Policy No. L0531119 issued by FIDELITY AND GUARANTY LIFE INSURANCE COMPANY is attached hereto and incorporated herewith as Exhibit "E."

62.    On October 19, 2005, Cross-defendant PATRICE ANN PFITZER, on behalf of Cross-defendant FAMILY DIRECT INSURANCE SERVICES, INC., sent decedent a letter with the enclosed policy for life insurance (Policy No. L0531119 – Exhibit "E" hereto).  The October 19, 2005 letter Cross-defendant PATRICE ANN PFITZER sent to decedent states: "Please find your new policy attached.  This **sensible and economical** coverage can be used to **pay off your $620,000 mortgage if you die.**  It provides **quality protection** for your family – **affordability** and **peace of mind** for you."  The October 19, 2005 letter Cross-defendant PATRICE ANN PFITZER sent to decedent also states:

> "**Please make a record of the following information:**
> **Your policy number is: L0531119**
> **Your policy date is 10/10/2005**
> **The coverage amount is: $620,000**
> **The current quarterly premium is $378.30**

A true and correct copy of the October 19, 2005 letter Cross-defendant PATRICE ANN PFITZER sent to decedent is attached hereto and incorporated herewith as Exhibit "D."  Counter/Cross-complainant is also informed and believes and thereupon alleges that Cross-defendants PATRICE ANN PFITZER and FAMILY DIRECT INSURANCE SERVICES, INC., were authorized by FIDELITY AND GUARANTY LIFE INSURANCE COMPANY to deliver Policy No. L0531119 to decedent.

63.    Policy No. L0531119 (Exhibit "E" hereto) contained a certificate of life insurance from FIDELITY AND GUARANTY LIFE INSURANCE COMPANY that decedent had obtained a policy of life insurance as requested from Cross-defendants PATRICE ANN PFITZER and FAMILY DIRECT INSURANCE SERVICES, INC.

64.    Policy No. L0531119 (Exhibit "E" hereto) contained a page which stated: "Sean K. Keel (decedent), the following requirements must be met within 30 days to activate your policy.  If you have any questions feel free to call our Service Center at 1-888-513-8797.  Policy is being issued with a quarterly premium of $378.30.  Need initial premium in the amount of $378.30."  However, also bound within Policy No. L0531119 (Exhibit "E" hereto) was a copy of Check No. 93 made payable to "F&G 20/20 ROP" for $97.47 with the word "VOID" written across it (Exhibit "C" hereto) along with Cross-defendant PATRICE ANN PFITZER's certifications set forth in paragraph 12 herein.

65.    Counter/Cross-complainant is informed and believes and thereupon alleges that decedent believed that he had bound the insurance coverage in Policy No. L0531119 by choosing the first option,

1   "MONTHLY PAYMENT SYSTEM", outlined in Cross-defendants' undated letter (Exhibit "B" hereto).

2   Counter/Cross-complainant is informed and believes and thereupon alleges that Cross-defendants

3   PATRICE ANN PFITZER and FAMILY DIRECT INSURANCE SERVICES, INC., never informed

4   decedent that Policy No. L0531119  had not been bound over by sending Check No. 93 made payable

5   to "F&G 20/20 ROP" for $97.47.  Neither Cross-defendants PATRICE ANN PFITZER nor FAMILY

6   DIRECT INSURANCE SERVICES, INC., executed the "MONTHLY PAYMENT SYSTEM" selection

7   outlined in Cross-defendants' undated letter (Exhibit "B" hereto) or informed decedent that his choice

8   of the "MONTHLY PAYMENT SYSTEM" was defective in any way.

9       66.   Decedent was tragically killed on January 21, 2006.

10      67.   Shortly after learning of her husband's death, Counter/Cross-complainant ROSA

11  RIVERA KEEL consulted Policy No. L0531119 (Exhibit "E" hereto) and arranged to have a friend who

12  worked for an insurance company review it.  Counter/Cross-complainant's friend informed her that it

13  appeared that the policy was in effect because an original policy had been delivered to decedent.  On

14  January 22, 2006, Counter/Cross-complainant made payment of $378.30 as the premium for Policy No.

15  L0531119 (Exhibit "E" hereto).  A true and correct copy of the bank transaction reflecting said payment

16  is attached hereto as Exhibit "F."

17      68.   On or about January 25, 2006, Counter/Cross-complainant telephoned FIDELITY AND

18  GUARANTY LIFE INSURANCE COMPANY to inquire about the status of Policy No. L0531119.  In

19  response to her inquiry, FIDELITY AND GUARANTY LIFE INSURANCE COMPANY sent a letter

20  dated January 27, 2006, informing Counter/Cross-complainant that Policy No. L0531119 had been

21  closed as "incomplete due to outstanding requirements."  A true and correct copy of FIDELITY AND

22  GUARANTY LIFE INSURANCE COMPANY's January 27, 2006 letter is attached hereto and

23  incorporated herewith as Exhibit "G.

24      69.   On January 27, 2006, Counter/Cross-complainant ROSA RIVERA KEEL telephoned

25  Cross-defendant PATRICE ANN PFITZER to inquire about the status of Policy No. L0531119.  Cross-

26  defendant PATRICE ANN PFITZER told Counter/Cross-complainant that Policy No. L0531119 was

27  in effect and that she had submitted all the necessary paperwork to FIDELITY AND GUARANTY LIFE

28  INSURANCE COMPANY and that there should not be a problem.  Counter/Cross-complainant

informed Cross-defendant PATRICE ANN PFITZER that FIDELITY AND GUARANTY LIFE INSURANCE COMPANY had told her that there was no policy in effect.  Cross-defendant PATRICE ANN PFITZER informed Counter/Cross-complainant that she should telephone FIDELITY AND GUARANTY LIFE INSURANCE COMPANY back and inform it that Policy No. L0531119 had been delivered to her deceased husband.  Counter/Cross-complainant informed Cross-defendant PATRICE ANN PFITZER that Check No. 93 made payable to "F&G 20/20 ROP" for $97.47 was in Policy No. L0531119.

70.     On February 7, 2006, FIDELITY AND GUARANTY LIFE INSURANCE COMPANY sent Counter/Cross-complainant a check made out to "Sean K Keel" for $378.30 with the designation "Policy Suspense."  A true and correct copy of said check is attached hereto as Exhibit "H."

71.     On February 10, 2006, Counter/Cross-complainant sent a letter dated February 9, 2006, via certified mail, to FIDELITY AND GUARANTY LIFE INSURANCE COMPANY informing it of her husband's death and that the death had occurred during the grace period of Policy No. L0531119 and requested that forms be sent to her to open a death benefit claim.  The letter was carbon copied to Cross-defendants PATRICE ANN PFITZER and FAMILY DIRECT INSURANCE SERVICES, INC.  A true and correct copy of Counter/Cross-complainant's February 9, 2006 letter is attached hereto and incorporated herewith as Exhibit "I."  Neither FIDELITY AND GUARANTY LIFE INSURANCE COMPANY nor Cross-defendants PATRICE ANN PFITZER and FAMILY DIRECT INSURANCE SERVICES, INC., responded to Counter/Cross-complainant's February 9, 2006 letter.

## FIRST COUNTER-CLAIM
### [Breach of Implied Contract for Temporary Insurance and Breach of the Implied Covenant of Good Faith and Fair Dealing Against Counter-defendant OM FINANCIAL SERVICES COMPANY]

72.     Counter/Cross-complainant re-alleges and incorporates by reference all preceding paragraphs.

73.     In accepting Cross-defendants' PATRICE ANN PFITZER and FAMILY DIRECT INSURANCE SERVICES, INC.'s offer to arrange for the premium payment option entitled "MONTHLY PAYMENT SYSTEM" and tendering to them a check made payable to "F&G 20/20 ROP" for $97.47, Counter/Cross-complainant is informed and believes and thereupon alleges that decedent

1   reasonably believed that the first month's premium on Policy No. L0531119 had been paid and that,

2   thereafter, all future payments would be drawn from his checking account. Counter/Cross-complainant

3   is also informed and believes and thereupon alleges that, by completing the application for insurance and

4   by tendering the first monthly premium "MONTHLY PAYMENT SYSTEM" as alleged, decedent, as

5   an ordinary lay person, had a strong expectation of immediate coverage and concluded that the coverage

6   was immediate based upon these aforementioned events. These transactions gave rise to a contract of

7   temporary insurance immediately upon FIDELITY AND GUARANTY LIFE INSURANCE

8   COMPANY's receipt of the application and PATRICE ANN PFITZER and FAMILY DIRECT

9   INSURANCE SERVICES, INC.'s receipt of the check made payable to "F&G 20/20 ROP" for $97.47

10  as alleged herein.

11        74.    Counter-defendant OM FINANCIAL SERVICES COMPANY, as successor in interest

12  to FIDELITY AND GUARANTY LIFE INSURANCE COMPANY, assumed the duties and obligations

13  of Policy No. L0531119 and the implied in fact contract for temporary life insurance.

14        75.    Counter/Cross-complainant is informed and believes and thereupon alleges that decedent

15  performed all conditions, covenants, and promises required on his part to be performed in accordance

16  with the terms and conditions of the contract for temporary life insurance, except for any conditions,

17  covenants, and promises that have been excused by mutual consent or practice or circumstance. Cross-

18  defendants PATRICE ANN PFITZER and FAMILY DIRECT INSURANCE SERVICES, INC.,

19  accepted said performance on behalf of FIDELITY AND GUARANTY LIFE INSURANCE

20  COMPANY.

21        76.    When Counter/Cross-complainant discovered the error committed in the failure to set up

22  the "MONTHLY PAYMENT SYSTEM" as alleged herein, she tendered payment of the quarterly

23  premium of $378.30 on January 22, 2006, on the Policy No. L0531119 issued to decedent in further

24  performance under the contract for temporary life insurance. When FIDELITY AND GUARANTY

25  LIFE INSURANCE COMPANY sent Counter/Cross-complainant a check made out to "Sean K Keel"

26  for $378.30 with the designation "Policy Suspense" on February 7, 2006, Counter-defendant OM

27  FINANCIAL SERVICES COMPANY, as successor in interest to FIDELITY AND GUARANTY LIFE

28  INSURANCE COMPANY, breached the contract for temporary insurance. Counter/Cross-complainant

1   has been damaged by the breach alleged herein, including, but not limited to, the loss of her home due

2   to the refusal to honor the death benefit of Policy No. L0531119.

3         77.    Counter/Cross-complainant discovered, after performing under the implied contract for

4   temporary life insurance, that decedent omitted from his insurance application the treatment he had

5   received for substance abuse.  Counter/Cross-complainant is informed and believes and thereupon

6   alleges that said omission was not material or that, if material, FIDELITY AND GUARANTY LIFE

7   INSURANCE COMPANY would not have rescinded Policy No. L0531119 because of said omission.

8   Alternatively, Counter/Cross-complainant is informed and believes and thereupon alleges that the right

9   to rescind, if any, terminated upon the death of decedent.

10         WHEREFORE, Counter/Cross-complainant prays for relief as hereinafter provided.

11

12   **SECOND CROSS-CLAIM**
**[Professional Negligence Against Cross-defendants' PATRICE ANN PFITZER
and FAMILY DIRECT INSURANCE SERVICES, INC.]**

13         78.    Counter/Cross-complainant re-alleges and incorporates by reference all preceding

14   paragraphs.

15         79.    Decedent contracted with Cross-defendants PATRICE ANN PFITZER and FAMILY

16   DIRECT INSURANCE SERVICES, INC., to secure a life insurance policy with a death benefit coverage

17   of $620,000 for his wife, Counter/Cross-complainant ROSA RIVERA KEEL, the intended beneficiary.

18   This contract as alleged herein, like every contract entered into in California, imposed duties on the

19   Cross-defendants, and each of them, to perform said contract with care, skill, reasonable expedience, and

20   faithfulness the things agreed to be done.  By entering into the aforementioned contract, Cross-

21   defendants PATRICE ANN PFITZER and FAMILY DIRECT INSURANCE SERVICES, INC.,

22   undertook professional and business engagements that required them to exercise care, skill and

23   knowledge as implied in such agreements in favor of its client, the decedent, and on behalf of the

24   intended beneficiary, Counter/Cross-complainant ROSA RIVERA KEEL.

25         80.    In addition, Cross-defendants PATRICE ANN PFITZER and FAMILY DIRECT

26   INSURANCE SERVICES, INC., as insurance agents, had the duty to exercise good faith, use reasonable

27

28

*OM FINANCIAL SERVICES COMPANY v. ROSA RIVERA KEEL, et al.*           Case No. C07-04723 MHP
DEFENDANT ROSA RIVERA KEEL'S ANSWER TO PLAINTIFF OM FINANCIAL SERVICES COMPANY'S
COMPLAINT; CROSS AND COUNTER-CLAIMS           21

care, diligence, and judgment in procuring the insurance requested by its client, the decedent, on behalf of the intended beneficiary, Counter/Cross-complainant ROSA RIVERA KEEL.

81.    The acts and/or omissions alleged herein breached these duties.    Counter/Cross-complainant suffered damages as a consequence, namely, the loss of the death benefit her husband sought for her benefit in the event of his death, the loss of economic well-being the death benefit was designed to accomplish and the mental anguish associated therewith.  It was reasonably foreseeable that had Cross-defendants, and each of them, failed to uphold their duties, decedent and his beneficiary, the Counter/Cross-complainant, would be harmed.

WHEREFORE, Counter/Cross-complainant prays for relief as hereinafter provided.

### THIRD CROSS-CLAIM
**[Constructive Fraud Against Cross-defendants' PATRICE ANN PFITZER and FAMILY DIRECT INSURANCE SERVICES, INC.]**

82.    Counter/Cross-complainant re-alleges and incorporates by reference all preceding paragraphs.

83.    Decedent reposed his utmost trust and confidence in Cross-defendants as insurance agents to help him bind and secure life insurance for his spouse in the event of his death.  Cross-defendants PATRICE ANN PFITZER and FAMILY DIRECT INSURANCE SERVICES, INC., knew, or had a duty to know, that decedent desired to obtain a life insurance policy wherein his wife would be the direct beneficiary of such policy in the event he died.

84.    Cross-defendants PATRICE ANN PFITZER and FAMILY DIRECT INSURANCE SERVICES, INC., knew, or had a duty to know, that decedent had exercised the option to pay the premiums for the purchase of  Policy No. L0531119 through the "MONTHLY PAYMENT SYSTEM" option outlined in Cross-defendants' undated letter (Exhibit "B" hereto).  Cross-defendants PATRICE ANN PFITZER and FAMILY DIRECT INSURANCE SERVICES, INC., also knew, or had a duty to know, that decedent would reasonably have relied upon the October 19, 2005 letter sent by them (Exhibit "D" hereto) informing him that the life insurance policy had been purchased, the delivery of Policy No. L0531119 to the decedent reinforcing that view and the failure to notify decedent that he had not effectively exercised the option to pay the premiums for the purchase of  Policy No. L0531119 through

the "MONTHLY PAYMENT SYSTEM" option.  Cross-defendants PATRICE ANN PFITZER and FAMILY DIRECT INSURANCE SERVICES, INC., knew, or had a duty to know, that decedent's reliance on correspondence from them and the delivery of Policy No. L0531119 to him would induce him to believe that he had bound insurance as contracted with them.

85.     Cross-defendants PATRICE ANN PFITZER and FAMILY DIRECT INSURANCE SERVICES, INC., intended to induce action by the decedent to arrange for the life insurance policy he contracted with them to obtain and decedent was so induced.  Decedent also did not have reason to believe that he had not bound the life insurance policy based upon the representations made to him by the Cross-defendants.

86.     The acts and/or omissions alleged herein breached the aforementioned duties. Counter/Cross-complainant suffered damages as a consequence, namely, the loss of the death benefit her husband sought for her benefit in the event of his death, the loss of economic well-being the death benefit was designed to accomplish  and the mental anguish associated therewith.  It was reasonably foreseeable that had Cross-defendants, and each of them, failed to uphold their duties, decedent and his beneficiary, the Counter/Cross-complainant, would be harmed.

87.     The acts and omissions of Cross-defendants alleged above demonstrated a wanton and reckless conscious disregard for the rights and well-being of the interests of the Counter/Cross-complainant, entitling her to penalties or punitive or exemplary damages based on the actual harm suffered by her.

WHEREFORE, Counter/Cross-complainant prays for relief as hereinafter provided.

### THIRD CROSS-CLAIM
**[Negligent Misrepresentation Against Cross-defendants' PATRICE ANN PFITZER and FAMILY DIRECT INSURANCE SERVICES, INC.]**

88.     Counter/Cross-complainant re-alleges and incorporates by reference all preceding paragraphs.

89.     Cross-defendants PATRICE ANN PFITZER and FAMILY DIRECT INSURANCE SERVICES, INC., as insurance agents, had the duty to disclose to its client, the decedent, that he was under a mistake as to facts basic to the transaction, namely, that his attempt to exercise the option to

1  pay the premiums for the purchase of Policy No. L0531119 through the "MONTHLY PAYMENT

2  SYSTEM" option was insufficient.  Because of the customs of the trade of insurance agents and/or

3  the other objective circumstances of the transaction as alleged herein, decedent, or any other

4  reasonable person who had engaged in such a transaction, would reasonably expect disclosure of

5  those facts.

6      90.     The acts and/or omissions alleged herein breached these duties.  Counter/Cross-

7  complainant suffered damages as a consequence, namely, the loss of the death benefit her husband

8  sought for her benefit in the event of his death, the loss of economic well-being the death benefit was

9  designed to accomplish and the mental anguish associated therewith.  It was reasonably foreseeable

10 that had Cross-defendants, and each of them, failed to uphold their duties, decedent and his

11 beneficiary, the Counter/Cross-complainant, would be harmed.

12     WHEREFORE, Counter/Cross-complainant prays for relief as hereinafter provided.

13

14                        **FOURTH CROSS-CLAIM**
                **[Negligence Based upon the Tort of Another Doctrine Against**
                     **Cross-defendants' PATRICE ANN PFITZER**
15              **and FAMILY DIRECT INSURANCE SERVICES, INC.]**

16     91.     Counter/Cross-complainant re-alleges and incorporates by reference all preceding

17 paragraphs.

18     92.     Counter/Cross-complainant originally sued Cross-defendants PATRICE ANN

19 PFITZER and FAMILY DIRECT INSURANCE SERVICES, INC., in San Francisco Superior Court,

20 Case No. CGC 06-457269, alleging causes of action for negligence, constructive fraud and negligent

21 misrepresentation as alleged herein.  Through the course of discovery in Case No. CGC 06-457269,

22 Counter/Cross-complainant discovered that decedent had omitted from his insurance application the

23 treatment he had received for substance abuse.  As a consequence of this discovery and the possible

24 effect on the outcome of Case No. CGC 06-457269 and the probable increase in the costs of

25 litigation, Counter/Cross-complainant caused a voluntary dismissal, without prejudice, to be entered

26 on the entire action in Case No. CGC 06-457269.

27

28

93.     After dismissing the action Case No. CGC 06-457269, Counter/Cross-complainant sought to hold Cross-defendants PATRICE ANN PFITZER and FAMILY DIRECT INSURANCE SERVICES, INC., responsible for failing to execute the "MONTHLY PAYMENT SYSTEM" option that they had offered to her husband, the decedent, to pay the monthly premiums through his bank account by pursuing a consumer complaint against them with the California Department of Insurance on May 20, 2007, rather than pursue costly litigation.  Counter/Cross-complainant explained in her "Request for Assistance with the DOI" that she was seeking this administrative remedy because the costs and fees to litigate her claims would be too costly.

94.     The consumer complaint that Counter/Cross-complainant initiated with the California Department of Insurance resulted in the assignment of a Senior Insurance Compliance Officer to investigate her practices which is pending and ongoing. Counter/Cross-complainant had no intention of litigating her previously dismissed claims against Cross-defendants PATRICE ANN PFITZER and FAMILY DIRECT INSURANCE SERVICES, INC., nor did she ever intend to pursue litigation against FIDELITY AND GUARANTY LIFE INSURANCE COMPANY or its successor in interest, Counter-defendant OM FINANCIAL SERVICES COMPANY regarding the acts and omissions of their agents, Cross-defendants PATRICE ANN PFITZER and FAMILY DIRECT INSURANCE SERVICES, INC.  Rather, Counter/Cross-complainant intended to pursue the low-cost administrative remedy with the California Department of Insurance.

95.     Counter-defendant OM FINANCIAL SERVICES COMPANY filed the instant lawsuit for declaratory relief under the Declaratory Judgment Act because of the controversy over Cross-defendants PATRICE ANN PFITZER and FAMILY DIRECT INSURANCE SERVICES, INC.'s acts and omissions as alleged in Counter/Cross-complainant's consumer complaint with the California Department of Insurance.  As a consequence, Counter/Cross-complainant is required to hire the services of an attorney to defend against the declaratory relief sought by Counter-defendant OM FINANCIAL SERVICES COMPANY under the Declaratory Judgment Act and to prosecute her dormant claims rather than risk waiver thereof, which has caused her damages in the form of money expended on attorneys' fees and litigation costs in an amount to be proven at trial.

1    WHEREFORE, Counter/Cross-complainant prays for relief as hereinafter provided.

2                                                    **PRAYER**

3    WHEREFORE, Counter/Cross-complainant prays for judgment against Counter/Cross-

4    defendants, and each of them, as follows:

5    **As to the First Counter-claim for Breach of Implied Contract for Temporary Insurance**

6    **and Breach of the Implied Covenant of Good Faith and Fair Dealing:**

7          1.    For monetary damages in an amount according to proof;

8          2.    For loss of the benefit of the bargain in an amount according to proof;

9          3.    For consequential damages reasonably foreseeable as a consequence of the breach of

10   contract in an amount according to proof;

11         4.    For prejudgment interest;

12         5.    For costs of suit incurred herein;

13         6.    For such further relief as the Court may deem just and proper.

14   **As to the Second Cross-claim for Negligence:**

15         1.    For general damages in an amount according to proof;

16         2.    For prejudgment interest;

17         3.    For costs of suit incurred herein;

18         4.    For such further relief as the Court may deem just and proper.

19   **As to the Third Cross-claim for Constructive Fraud:**

20         1.    For general damages in an amount according to proof;

21         2.    For prejudgment interest;

22         3.    For costs of suit incurred herein;

23         4.    For punitive and exemplary damages in an amount designed to deter the conduct of

24   Cross-defendants PATRICE ANN PFITZER and FAMILY DIRECT INSURANCE SERVICES,

25   INC., and each of them;

26         5.    For such further relief as the Court may deem just and proper.

27

28

---

**As to the Fourth Cross-claim for Negligence Based upon the Tort of Another Doctrine:**

1.    For general damages in an amount according to proof;

2.    For prejudgment interest;

3.    For costs of suit incurred herein;

4.    For costs of suit, including attorneys' fees, against Cross-defendants PATRICE ANN PFITZER and FAMILY DIRECT INSURANCE SERVICES, INC., and each of them, for the wrongful acts and omissions alleged herein which caused Counter-defendant OM FINANCIAL SERVICES COMPANY to bring suit against Counter/Cross-complainant as alleged herein;

5.    For such further relief as the Court may deem just and proper.

Dated: February 29, 2008                    Respectfully submitted,


                                            /s/ signature on file
                                            Frank S. Moore
                                            Attorney for Cross-defendant Rosa Rivera Keel

1

**PROOF OF SERVICE**

2

I, the undersigned, declare as follows:

3

I am employed in the City and County of San Francisco, State of California.  I am over the age
of eighteen (18) and am not a party to this action.  My business address is 135 Belvedere Street, San

4

Francisco, California 94117.

5

On the date set forth below, I served the document(s) entitled:

6

**DEFENDANT ROSA RIVERA KEEL'S ANSWER TO PLAINTIFF OM FINANCIAL
SERVICES COMPANY'S COMPLAINT; CROSS AND COUNTER-CLAIMS**

7

on the parties in this action as follows:

8

REED SMITH LLP

9

HENRY C. WANG
MARK J. WAKIM

10

355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071

11

  X   [BY MAIL] I placed the above document(s) in an envelope which was sealed, with postage

12

thereon fully prepaid, and placed in the United States mail in San Francisco, California.  I am
"readily familiar" with the practice of The Law Offices of Frank S. Moore for collection and

13

processing of correspondence for mailing, said practice being that in the ordinary course of
business, mail is deposited in the United States Postal Service the same day as it is placed for

14

collection.

15

___ [VIA FACSIMILE] I transmitted the above-named documents (without attachments) at

16

approximately __:__ _.m. on _____, via facsimile number (415) 292-6091 to (310)
312-4224. The facsimile machine I used conveyed no error in the transmission.  The

17

transmission report was properly issued by the transmitting facsimile machine.

18

___ [VIA FEDERAL EXPRESS] I am "readily familiar" with the practice of The Law Offices of
Frank S. Moore for collection and processing of correspondence for deposit with Federal

19

Express for overnight delivery service.  Correspondence for collection and processing is either
delivered to a courier or driver authorized by Federal Express to receive documents or

20

deposited by an employee or agent of this firm in a box or facility regularly maintained by
Federal Express that same day in the ordinary course of business.

21

___ [VIA HAND DELIVERY BY EXPRESS COURIER] I am "readily familiar" with the practice

22

of The Law Offices of Frank S. Moore for collection and processing of documents that are
hand delivered via courier (Silver Bullet Delivery) and I cause the above document(s) to be

23

delivered to Silver Bullet Delivery which in turn hand delivered the above document(s) to
counsel at the address listed above on this date.

24

I declare under penalty of perjury under the laws of the State of California that the foregoing is

25

true and correct.

26

DATED: February 29, 2008            /s/ signature on file
                                    Frank S. Moore

27

28

---

*OM FINANCIAL SERVICES COMPANY v. ROSA RIVERA KEEL, et al.*                    Case No. C07-04723 MHP
DEFENDANT ROSA RIVERA KEEL'S ANSWER TO PLAINTIFF OM FINANCIAL SERVICES COMPANY'S
COMPLAINT; CROSS AND COUNTER-CLAIMS                                                          28