*(left margin, vertical)* LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

1  PETER DIXON, SB# 39063
   ALEX GRAFT, SB# 239647
2  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   One Sansome Street, Suite 1400
3  San Francisco, California  94104
   Telephone: (415) 362-2580
4  Facsimile: (415) 434-0882

5  Attorneys for Defendants and
   Cross-defendants PATRICE ANN
6  PFITZER and FAMILY DIRECT
   INSURANCE SERVICES, INC.

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11  OM FINANCIAL SERVICES COMPANY,,    )   CASE NO. C07-04723 MHP
                                       )
12             Plaintiff,              )   **CROSS-DEFENDANTS PATRICE ANN**
                                       )   **PFITZER AND FAMILY DIRECT**
13        v.                           )   **INSURANCE SERVICES, INC. ANSWER**
                                       )   **TO CROSS-COMPLAINANT ROSA**
14  ROSA RIVERA KEEL AND DOES 1 through )  **RIVERA KEEL'S CROSS-COMPLAINT**
    10, INCLUSIVE,                     )
15                                     )
               Defendants.            )
16  _____)
                                       )
17  ROSA RIVERA KEEL,                  )
                                       )
18             Defendant and Cross-    )
               Complainant,            )
19                                     )
          v.                           )
20                                     )
    OM FINANCIAL SERVICES COMPANY, a  )
21  Maryland company and the successor in interest )
    to FIDELITY AND GUARANTY LIFE     )
22  INSURANCE COMPANY, PATRICE ANN     )
    PFITZER, an individual, FAMILY DIRECT )
23  INSURANCE SERVICES, INC., a California )
    Corporation, and ROES 1 through 25,, )
24                                     )
               Plaintiffs and Cross-Defendants. )
25  _____)

26

27

28  ///

4840-9466-8546.1

1    **TO ALL PARTIES AND THEIR ATTORNEY(S) OF RECORD:**

2       COME NOW, cross-defendants PATRICE ANN PFITZER and FAMILY DIRECT

3    INSURANCE SERVICES, INC. (hereinafter "answering cross-defendants"), answering the cross-

4    complaint of defendant and cross-complainant ROSA RIVERA KEEL (hereinafter "cross-

5    complainant"), as follows:

6       1.    With regard to the allegations set forth in paragraph 48, answering cross-defendants

7    deny that cross-complainant may assert subject matter jurisdiction over answering cross-

8    defendants; except as expressly denied herein, answering cross-defendants lack sufficient

9    information or belief to respond to the allegations contained therein, and therefore deny them.

10      2.    With regard to the allegations set forth in paragraph 49, these allegations do not

11   require an admission or denial.

12      3.    With regard to the allegations set forth in paragraph 50, answering defendants lack

13   sufficient information or belief to respond to those allegations, and therefore deny them.

14      4.    With regard to the allegations set forth in paragraph 51, answering defendants lack

15   sufficient information or belief to respond to those allegations, and therefore deny them.

16      5.    Answering cross-defendants admit the allegations contained in paragraph 52.

17      6.    Answering cross-defendants admit the allegations contained in paragraph 53.

18      7.    With regard to the allegation set forth in paragraph 54, answering cross-defendants

19   deny those allegations.

20      8.    With regard to the allegations set forth in paragraph 55, answering cross-defendants

21   lack sufficient information or belief to respond to those allegations, and therefore deny them.

22      9.    With regard to the allegations set forth in paragraph 56, answering cross-defendants

23   admit that decedent filled out an application for life insurance and delivered it to cross-defendants,

24   a true and correct copy of which is attached to the cross-complaint as Exhibit A; answering cross-

25   defendants deny that a contract was established between decedent and answering cross-defendants;

26   except as expressly admitted and denied herein, answering cross-defendants lack sufficient

27   information or belief to respond to the remaining allegations, and therefore deny them.

28      10.   Answering cross-defendants admit the allegations contained in paragraph 57.

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

11.     Answering cross-defendants admit the allegations contained in paragraph 58.

12.     Answering cross-defendants admit the allegations contained in paragraph 59.

13.     With regard to the allegations set forth in paragraph 60, answering cross-defendants admit the authenticity of the check attached as Exhibit C; except as expressly admitted herein, answering cross-defendants lack sufficient information or belief to respond to those allegations, and therefore deny them.

14.     With regard to the allegations set forth in paragraph 61, answering cross-defendants deny that they witnessed the signature of decedent, as another procedure may be used to fulfill the certification requirements in lieu of witnessing the signature; except as expressly denied, answering cross-defendants admit the remaining allegations contained in paragraph 61.

15.     With regard to the allegations set forth in paragraph 62, answering cross-defendants admit that they sent the letter attached to the cross-complaint as Exhibit D and admit the contents of the document referenced therein; except as expressly admitted herein, answering cross-defendants lack sufficient information or belief to respond to the remaining allegations, and therefore deny them.

16.     Answering cross-defendants admit the allegations contained in paragraph 63.

17.     With regard to the allegations set forth in paragraph 64, answering cross-defendants admit the contents of the page referenced therein, with the exception of cross-complainants' reference to "paragraph 12 herein," which answering cross-defendants understand to mean paragraph 61 of the cross-complaint; except as expressly admitted herein, answering cross-defendants lack sufficient information or belief to respond to the remaining allegations and therefore deny them.

18.     With regard to the allegations set forth in paragraph 65, answering cross-defendants deny that they never informed decedent that the policy had not been bound over; except as expressly denied herein, answering cross-defendants lack sufficient information or belief to respond to the remaining allegations and therefore deny them.

19.     Answering cross-defendants admit the allegations contained in paragraph 66.

20.     With regard to the allegations set forth in paragraph 67, answering cross-defendants

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

1  admit that plaintiff made payment of $378.30 as the premium for policy L0531119, and that a true

2  and correct copy of the bank transaction reflecting the payment is attached to the cross-complaint

3  as Exhibit F; except as expressly admitted herein, answering cross-defendants lack sufficient

4  information or belief to respond to the remaining allegations and therefore deny them.

5    21.  With regard to the allegations set forth in paragraph 68, answering cross-defendants

6  lack sufficient information or belief to respond to those allegations, and therefore deny them.

7    22.  With regard to the allegations set forth in paragraph 69, answering cross-defendants

8  deny those allegations.

9    23.  With regard to the allegations set forth in paragraph 70, answering cross-defendants

10  lack sufficient information or belief to respond to those allegations, and therefore deny them.

11    24.  With regard to the allegations set forth in paragraph 71, answering cross-defendants

12  lack sufficient information or belief to respond to those allegations, and therefore deny them.

### FIRST COUNTERCLAIM
(Against counter-defendant OM FINANCIAL SERVICES COMPANY)

15    25.  Answering cross-defendants incorporate by reference their responses to

16  paragraphs 1 through 24 of cross-complainant's cross-complaint, inclusive.

17    26.  With regard to the allegations set forth in paragraphs 72-77, answering cross-

18  defendants deny those allegations.

### SECOND CROSS-CLAIM
(Against answering cross-defendants)

21    27.  Answering cross-defendants incorporate by reference their responses to

22  paragraphs 1 through 26 of cross-complainant's cross-complaint, inclusive.

23    28.  With regard to the allegations set forth in paragraphs 78-81, answering cross-

24  defendants deny those allegations.

### THIRD CROSS-CLAIM
(Against answering cross-defendants)

27    29.  Answering cross-defendants incorporate by reference their responses to

28  paragraphs 1 through 28 of cross-complainant's cross-complaint, inclusive.

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

1    30.    With regard to the allegations set forth in paragraphs 82-87, answering cross-

2    defendants deny those allegations.

3                            **THIRD CROSS-CLAIM** (sic)
                        (Against answering cross-defendants)

4

5    31.    Answering cross-defendants incorporate by reference their responses to

6    paragraphs 1 through 30 of cross-complainant's cross-complaint, inclusive.

7    32.    With regard to the allegations set forth in paragraphs 88-90, answering cross-

8    defendants deny those allegations.

9                           **FOURTH CROSS-CLAIM** (sic)
                        (Against answering cross-defendants)

10

11    33.    Answering cross-defendants incorporate by reference their responses to

12    paragraphs 1 through 32 of cross-complainant's cross-complaint, inclusive.

13    34.    With regard to the allegations set forth in paragraph 92, answering cross-defendants

14    admit that cross-complainant filed suit against answering cross-defendants in San Francisco

15    Superior Court and that cross-complainant voluntarily dismissed answering cross-defendants,

16    without prejudice; except as expressly admitted herein, answering cross-defendants lack sufficient

17    information or belief to respond to the remaining allegations, and therefore deny them.

18    35.    With regard to the allegations set forth in paragraph 93, answering cross-defendants

19    lack sufficient information or belief to respond to those allegations, and therefore deny them.

20    36.    With regard to the allegations set forth in paragraph 94, answering cross-defendants

21    lack sufficient information or belief to respond to those allegations, and therefore deny them.

22    37.    With regard to the allegations set forth in paragraph 95, answering cross-defendants

23    admit that counter-defendant OM FINANCIAL SERVICES COMPANY filed the instant lawsuit

24    for declaratory relief; except as expressly admitted herein, answering cross-defendants deny the

25    remaining allegations.

26    ///

27

28    ///

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

4840-9466-8546.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

## SEPARATE AND AFFIRMATIVE DEFENSES

### First Affirmative Defense
(Statute of Limitations)

As and for a first separate and affirmative defense, the causes of action alleged in the cross-complaint are barred by virtue of the applicable statute of limitations.

### Second Affirmative Defense
(Mitigation of Damages)

As and for a second separate and affirmative defense, cross-complainant has failed to exercise reasonable care and diligence to avoid loss and to minimize damages and, therefore, cross-complainant may not recover for losses which could have been prevented by reasonable efforts on her own part, or by expenditures that might reasonably have been made.  Therefore, cross-complainant's recovery, if any, should be reduced by the failure of cross-complainant to mitigate her damages.

### Third Affirmative Defense
(Fault of Another)

As and for a third separate and affirmative defense, these answering defendants allege that the damages sustained by cross-complainant, if any, were caused, in whole or in part, by fault of others for which these answering defendants are not liable or responsible.

### Fourth Affirmative Defense
(Contributory Negligence)

As and for a fourth separate and affirmative defense, these answering defendants allege that at all times and places set forth in the cross-complaint, cross-complainant failed to exercise ordinary care on her own behalf, which negligence and carelessness was a substantial factor of some portion, up to and including the whole thereof, of the injuries and damages complained of in this action.  Cross-complainant's recovery therefore against these answering defendants should be barred or reduced according to principles of comparative negligence.

///

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

1

2

### Fifth Affirmative Defense
(Conditions Precedent)

As and for a fifth separate and affirmative defense, cross-complainant is barred from

recovery because she and/or her agents, principals or assigns have failed to perform all conditions

precedent required of her/them.

### Sixth Affirmative Defense
(Superceding and/or Intervening Cause)

As and for a sixth separate and affirmative defense, these answering defendants allege that

the loss, injury or damages, if any, incurred by cross-complainant were the result of superseding

and/or intervening causes arising from negligent or wilful acts or omissions by parties which these

answering defendants neither controlled nor had the right to control, and was not proximately

caused by answering defendants' alleged acts, omissions or other conduct.

### Seventh Affirmative Defense
(Waiver)

As and for a seventh separate and affirmative defense, these answering defendants allege

that as a result of the acts, conduct, and omissions of cross-complainant and/or decedent, each and

every cause of action of cross-complainant's cross-complaint has been waived.

### Eighth Affirmative Defense
(Estoppel)

As and for an eighth separate and affirmative defense, these answering defendants allege

that cross-complainant is barred from recovering any amounts in this action by the equitable

doctrine of estoppel because of her conduct and/or the conduct of decedent.

### PRAYER

WHEREFORE, these answering cross-defendants pray that cross-complainant take nothing

by way of her cross-complaint on file herein, that judgment be entered in the within action in favor

of these answering cross-defendants and against cross-complainant upon the issues of the cross-

///

4840-9466-8546.1

1  complaint, together with an award to this costs of suit herein incurred, and such other and further

2  relief as the court deems just.

3

4  DATED:  March 26, 2008                    LEWIS BRISBOIS BISGAARD & SMITH LLP

5

6

                                            By _____
7                                              Alex Graft
8                                              Attorneys for cross-defendants PATRICE ANN
                                               PFITZER and FAMILY DIRECT INSURANCE
9                                              SERVICES, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS BRISBOIS BISGAARD & SMITH LLP

ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

**FEDERAL COURT PROOF OF SERVICE**
Om Financial Services Company v. Keel, et al. - File No. C07-04723

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

At the time of service, I was over 18 years of age and not a party to the action. My business address is One Sansome Street, Suite 1400, San Francisco, California 94104. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On March 26, 2008, I served the following document(s):

**CROSS-DEFENDANTS PATRICE ANN PFITZER AND FAMILY DIRECT INSURANCE SERVICES, INC.  ANSWER TO CROSS-COMPLAINANT ROSA RIVERA KEEL'S CROSS-COMPLAINT**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

| | |
|---|---|
| **Counsel for Defendant/Cross-complainant**<br>**ROSA RIVERA KEEL**<br>Frank S. Moore, Esq.<br>Law Offices of Frank S. Moore, APC<br>Suzy C. Moore, Esq.<br>Law Offices of Suzy C. Moore<br>1374 Pacific Avenue<br>San Francisco, CA 94109<br>T: (415) 292-6091; F: (415) 292-6694 | |

The documents were served by the following means:

[X]    (BY U.S. MAIL)  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and I deposited the sealed envelope or package with the U.S. Postal Service, with the postage fully prepaid.

[X]    (BY E-MAIL OR ELECTRONIC TRANSMISSION)  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 26, 2008, at San Francisco, California.

Marsha L. Church

4828-0944-2306.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580