PETER DIXON, SB# 39063
ALEX GRAFT, SB# 239647
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
One Sansome Street, Suite 1400
San Francisco, California 94104
Telephone: (415) 362-2580
Facsimile: (415) 434-0882

Attorneys for Defendants and
Cross-defendants PATRICE ANN
PFITZER and FAMILY DIRECT
INSURANCE SERVICES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OM FINANCIAL SERVICES COMPANY,, <br><br> Plaintiff, <br><br> v. <br><br> ROSA RIVERA KEEL AND DOES 1 through 10, INCLUSIVE, <br><br> Defendants. <br><br> ROSA RIVERA KEEL, <br><br> Defendant and Cross-Complainant, <br><br> v. <br><br> OM FINANCIAL SERVICES COMPANY, a Maryland company and the successor in interest to FIDELITY AND GUARANTY LIFE INSURANCE COMPANY, PATRICE ANN PFITZER, an individual, FAMILY DIRECT INSURANCE SERVICES, INC., a California Corporation, and ROES 1 through 25,, <br><br> Plaintiffs and Cross-Defendants. | CASE NO. C07-04723 MHP <br><br> **CROSS-DEFENDANTS PATRICE ANN PFITZER AND FAMILY DIRECT INSURANCE SERVICES, INC. ANSWER TO CROSS-COMPLAINANT ROSA RIVERA KEEL'S CROSS-COMPLAINT** |

///

4840-9466-8546.1

ANSWER TO CROSS-COMPLAINT

**TO ALL PARTIES AND THEIR ATTORNEY(S) OF RECORD:**

COME NOW, cross-defendants PATRICE ANN PFITZER and FAMILY DIRECT INSURANCE SERVICES, INC. (hereinafter "answering cross-defendants"), answering the cross-complaint of defendant and cross-complainant ROSA RIVERA KEEL (hereinafter "cross-complainant"), as follows:

1. With regard to the allegations set forth in paragraph 48, answering cross-defendants deny that cross-complainant may assert subject matter jurisdiction over answering cross-defendants; except as expressly denied herein, answering cross-defendants lack sufficient information or belief to respond to the allegations contained therein, and therefore deny them.

2. With regard to the allegations set forth in paragraph 49, these allegations do not require an admission or denial.

3. With regard to the allegations set forth in paragraph 50, answering defendants lack sufficient information or belief to respond to those allegations, and therefore deny them.

4. With regard to the allegations set forth in paragraph 51, answering defendants lack sufficient information or belief to respond to those allegations, and therefore deny them.

5. Answering cross-defendants admit the allegations contained in paragraph 52.

6. Answering cross-defendants admit the allegations contained in paragraph 53.

7. With regard to the allegation set forth in paragraph 54, answering cross-defendants deny those allegations.

8. With regard to the allegations set forth in paragraph 55, answering cross-defendants lack sufficient information or belief to respond to those allegations, and therefore deny them.

9. With regard to the allegations set forth in paragraph 56, answering cross-defendants admit that decedent filled out an application for life insurance and delivered it to cross-defendants, a true and correct copy of which is attached to the cross-complaint as Exhibit A; answering cross-defendants deny that a contract was established between decedent and answering cross-defendants; except as expressly admitted and denied herein, answering cross-defendants lack sufficient information or belief to respond to the remaining allegations, and therefore deny them.

10. Answering cross-defendants admit the allegations contained in paragraph 57.

11. Answering cross-defendants admit the allegations contained in paragraph 58.

12. Answering cross-defendants admit the allegations contained in paragraph 59.

13. With regard to the allegations set forth in paragraph 60, answering cross-defendants admit the authenticity of the check attached as Exhibit C; except as expressly admitted herein, answering cross-defendants lack sufficient information or belief to respond to those allegations, and therefore deny them.

14. With regard to the allegations set forth in paragraph 61, answering cross-defendants deny that they witnessed the signature of decedent, as another procedure may be used to fulfill the certification requirements in lieu of witnessing the signature; except as expressly denied, answering cross-defendants admit the remaining allegations contained in paragraph 61.

15. With regard to the allegations set forth in paragraph 62, answering cross-defendants admit that they sent the letter attached to the cross-complaint as Exhibit D and admit the contents of the document referenced therein; except as expressly admitted herein, answering cross-defendants lack sufficient information or belief to respond to the remaining allegations, and therefore deny them.

16. Answering cross-defendants admit the allegations contained in paragraph 63.

17. With regard to the allegations set forth in paragraph 64, answering cross-defendants admit the contents of the page referenced therein, with the exception of cross-complainants' reference to "paragraph 12 herein," which answering cross-defendants understand to mean paragraph 61 of the cross-complaint; except as expressly admitted herein, answering cross-defendants lack sufficient information or belief to respond to the remaining allegations and therefore deny them.

18. With regard to the allegations set forth in paragraph 65, answering cross-defendants deny that they never informed decedent that the policy had not been bound over; except as expressly denied herein, answering cross-defendants lack sufficient information or belief to respond to the remaining allegations and therefore deny them.

19. Answering cross-defendants admit the allegations contained in paragraph 66.

20. With regard to the allegations set forth in paragraph 67, answering cross-defendants

admit that plaintiff made payment of $378.30 as the premium for policy L0531119, and that a true and correct copy of the bank transaction reflecting the payment is attached to the cross-complaint as Exhibit F; except as expressly admitted herein, answering cross-defendants lack sufficient information or belief to respond to the remaining allegations and therefore deny them.

21. With regard to the allegations set forth in paragraph 68, answering cross-defendants lack sufficient information or belief to respond to those allegations, and therefore deny them.

22. With regard to the allegations set forth in paragraph 69, answering cross-defendants deny those allegations.

23. With regard to the allegations set forth in paragraph 70, answering cross-defendants lack sufficient information or belief to respond to those allegations, and therefore deny them.

24. With regard to the allegations set forth in paragraph 71, answering cross-defendants lack sufficient information or belief to respond to those allegations, and therefore deny them.

**FIRST COUNTERCLAIM**
(Against counter-defendant OM FINANCIAL SERVICES COMPANY)

25. Answering cross-defendants incorporate by reference their responses to paragraphs 1 through 24 of cross-complainant's cross-complaint, inclusive.

26. With regard to the allegations set forth in paragraphs 72-77, answering cross-defendants deny those allegations.

**SECOND CROSS-CLAIM**
(Against answering cross-defendants)

27. Answering cross-defendants incorporate by reference their responses to paragraphs 1 through 26 of cross-complainant's cross-complaint, inclusive.

28. With regard to the allegations set forth in paragraphs 78-81, answering cross-defendants deny those allegations.

**THIRD CROSS-CLAIM**
(Against answering cross-defendants)

29. Answering cross-defendants incorporate by reference their responses to paragraphs 1 through 28 of cross-complainant's cross-complaint, inclusive.

30. With regard to the allegations set forth in paragraphs 82-87, answering cross-defendants deny those allegations.

### THIRD CROSS-CLAIM (sic)
(Against answering cross-defendants)

31. Answering cross-defendants incorporate by reference their responses to paragraphs 1 through 30 of cross-complainant's cross-complaint, inclusive.

32. With regard to the allegations set forth in paragraphs 88-90, answering cross-defendants deny those allegations.

### FOURTH CROSS-CLAIM (sic)
(Against answering cross-defendants)

33. Answering cross-defendants incorporate by reference their responses to paragraphs 1 through 32 of cross-complainant's cross-complaint, inclusive.

34. With regard to the allegations set forth in paragraph 92, answering cross-defendants admit that cross-complainant filed suit against answering cross-defendants in San Francisco Superior Court and that cross-complainant voluntarily dismissed answering cross-defendants, without prejudice; except as expressly admitted herein, answering cross-defendants lack sufficient information or belief to respond to the remaining allegations, and therefore deny them.

35. With regard to the allegations set forth in paragraph 93, answering cross-defendants lack sufficient information or belief to respond to those allegations, and therefore deny them.

36. With regard to the allegations set forth in paragraph 94, answering cross-defendants lack sufficient information or belief to respond to those allegations, and therefore deny them.

37. With regard to the allegations set forth in paragraph 95, answering cross-defendants admit that counter-defendant OM FINANCIAL SERVICES COMPANY filed the instant lawsuit for declaratory relief; except as expressly admitted herein, answering cross-defendants deny the remaining allegations.

///

///

## SEPARATE AND AFFIRMATIVE DEFENSES

### First Affirmative Defense
(Statute of Limitations)

As and for a first separate and affirmative defense, the causes of action alleged in the cross-complaint are barred by virtue of the applicable statute of limitations.

### Second Affirmative Defense
(Mitigation of Damages)

As and for a second separate and affirmative defense, cross-complainant has failed to exercise reasonable care and diligence to avoid loss and to minimize damages and, therefore, cross-complainant may not recover for losses which could have been prevented by reasonable efforts on her own part, or by expenditures that might reasonably have been made. Therefore, cross-complainant's recovery, if any, should be reduced by the failure of cross-complainant to mitigate her damages.

### Third Affirmative Defense
(Fault of Another)

As and for a third separate and affirmative defense, these answering defendants allege that the damages sustained by cross-complainant, if any, were caused, in whole or in part, by fault of others for which these answering defendants are not liable or responsible.

### Fourth Affirmative Defense
(Contributory Negligence)

As and for a fourth separate and affirmative defense, these answering defendants allege that at all times and places set forth in the cross-complaint, cross-complainant failed to exercise ordinary care on her own behalf, which negligence and carelessness was a substantial factor of some portion, up to and including the whole thereof, of the injuries and damages complained of in this action. Cross-complainant's recovery therefore against these answering defendants should be barred or reduced according to principles of comparative negligence.

///

#### Fifth Affirmative Defense
(Conditions Precedent)

As and for a fifth separate and affirmative defense, cross-complainant is barred from recovery because she and/or her agents, principals or assigns have failed to perform all conditions precedent required of her/them.

#### Sixth Affirmative Defense
(Superceding and/or Intervening Cause)

As and for a sixth separate and affirmative defense, these answering defendants allege that the loss, injury or damages, if any, incurred by cross-complainant were the result of superseding and/or intervening causes arising from negligent or wilful acts or omissions by parties which these answering defendants neither controlled nor had the right to control, and was not proximately caused by answering defendants' alleged acts, omissions or other conduct.

#### Seventh Affirmative Defense
(Waiver)

As and for a seventh separate and affirmative defense, these answering defendants allege that as a result of the acts, conduct, and omissions of cross-complainant and/or decedent, each and every cause of action of cross-complainant's cross-complaint has been waived.

#### Eighth Affirmative Defense
(Estoppel)

As and for an eighth separate and affirmative defense, these answering defendants allege that cross-complainant is barred from recovering any amounts in this action by the equitable doctrine of estoppel because of her conduct and/or the conduct of decedent.

#### PRAYER

WHEREFORE, these answering cross-defendants pray that cross-complainant take nothing by way of her cross-complaint on file herein, that judgment be entered in the within action in favor of these answering cross-defendants and against cross-complainant upon the issues of the cross-

///

complaint, together with an award to this costs of suit herein incurred, and such other and further relief as the court deems just.

DATED: March 26, 2008                    LEWIS BRISBOIS BISGAARD & SMITH LLP

By _____
Alex Graft
Attorneys for cross-defendants PATRICE ANN PFITZER and FAMILY DIRECT INSURANCE SERVICES, INC.

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

4840-9466-8546.1

-8-

ANSWER TO CROSS-COMPLAINT

# FEDERAL COURT PROOF OF SERVICE
Om Financial Services Company v. Keel, et al. - File No. C07-04723

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

At the time of service, I was over 18 years of age and not a party to the action. My business address is One Sansome Street, Suite 1400, San Francisco, California 94104. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On March 26, 2008, I served the following document(s):

**CROSS-DEFENDANTS PATRICE ANN PFITZER AND FAMILY DIRECT INSURANCE SERVICES, INC. ANSWER TO CROSS-COMPLAINANT ROSA RIVERA KEEL'S CROSS-COMPLAINT**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

| <u>Counsel for Defendant/Cross-complainant</u> <u>ROSA RIVERA KEEL</u><br>Frank S. Moore, Esq.<br>Law Offices of Frank S. Moore, APC<br>Suzy C. Moore, Esq.<br>Law Offices of Suzy C. Moore<br>1374 Pacific Avenue<br>San Francisco, CA 94109<br>T: (415) 292-6091; F: (415) 292-6694 | |

The documents were served by the following means:

[X] (BY U.S. MAIL) I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and I deposited the sealed envelope or package with the U.S. Postal Service, with the postage fully prepaid.

[X] (BY E-MAIL OR ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 26, 2008, at San Francisco, California.

Marsha L. Church

4828-0944-2306.1