1  Henry C. Wang (SBN 196537)
   hwang@reedsmith.com
2  Mark J. Wakim (SBN 253408)
   mwakim@reedsmith.com
3  REED SMITH LLP
   355 South Grand Avenue, Suite 2900
4  Los Angeles, CA 90071-1514
   Telephone:   +1 213 457 8000
5  Facsimile:   +1 213 457 8080

6  *Attorneys for Plaintiff and Counter-defendant*
   OM FINANCIAL LIFE INSURANCE
7  COMPANY

8                  UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OM FINANCIAL LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>ROSA RIVERA KEEL, and DOES 1 through 10, inclusive,<br><br>Defendants.<br><br>ALL RELATED CROSS ACTIONS | Case No. C07-04723 MHP<br><br>**OM FINANCIAL LIFE INSURANCE COMPANY'S ANSWER TO COUNTERCLAIM FOR BREACH OF IMPLIED CONTRACT FOR TEMPORARY INSURANCE AND BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**<br><br>Compl. Filed:   9/13/07<br>Trial Date:     None<br>Disc. Cut-Off:  None<br><br>Honorable Marilyn Hall Patel |

Plaintiff and Counter-defendant, OM FINANCIAL LIFE INSURANCE COMPANY ("OM Life") *erroneously sued herein* as Counter-defendant OM Financial Services Company, by and through its counsel, hereby answers to the counter-complaint filed in the above entitled case by Defendant and Counter-claimant ROSA RIVERA KEEL ("Defendant" or "Counter-claimant) admits, denies and alleges as follows:

48.     In answering paragraph 48 of the counter-complaint, OM Life admits that this Court has jurisdiction over this matter. Except as expressly admitted, OM Life denies each and every remaining allegation contained in paragraph 48.

49. In answering paragraph 49 of the counter-complaint, OM Life admits that Counter-claimant alleges a demand for jury trial. Except as expressly admitted, OM Life denies each and every remaining allegation contained in paragraph 49.

50. In answering paragraph 50 of the counter-complaint, OM Life admits that Counter-claimant is a resident of the City and County of San Francisco, State of California. OM Life admits that Counter-claimant was the beneficiary of under OM Life Insurance Policy L0531119 (the "Policy"), wherein Sean K. Keel was the insured. OM Life further alleges that the requisite premium payments were not made on the Policy, and consequently, the Policy was never in effect. Further answering paragraph 50 of the counter-complaint, OM Life is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 50 of the counter-complaint, and on that basis, denies each and every allegation contained in paragraph 50 of the counter-complaint

51. In answering paragraph 51 of the counter-complaint, OM Life admits that it was and is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business in the State of Maryland, and is authorized to transact and is transacting business in the State of California. OM Life further admits that it was formerly known as Fidelity and Guaranty Life Insurance Company. Except as expressly admitted, OM Life denies each and every remaining allegation contained in paragraph 51.

52. In answering paragraph 52 of the counter-complaint, OM Life admits that PATRICE ANN PFITZER ("Pfitzer") was licensed by the State of California as a life insurance agent (License No. 0E67175) and was conferred all authorities that are associated with said license. Further answering paragraph 52 of the counter-complaint, OM Life is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 52 of the counter-complaint, and on that basis, denies each and every allegation contained in paragraph 52 of the counter-complaint.

53. In answering paragraph 53 of the counter-complaint, OM Life admits that FAMILY DIRECT INSURANCE SERVICES, INC. ("Family Direct") was licensed by the State of California as a life insurance agent (License No. 0B29335) and was conferred all authorities that are

associated with said license and that Family Direct's principal place of business is located at 87-Glenn Drive, Folsom, California. Further answering paragraph 53 of the counter-complaint, OM Life is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 53 of the counter-complaint, and on that basis, denies each and every allegation contained in paragraph 53 of the counter-complaint.

54. In answering paragraph 54 of the counter-complaint, OM Life denies each and every remaining allegation contained in paragraph 54.

55. In answering paragraph 55 of the counter-complaint, OM Life admits that Counter-claimant alleges a prayer for leave of Court to insert the true names and capacities of the ROE cross-defendants. Except as expressly admitted, OM Life denies each and every remaining allegation contained in paragraph 55.

56. In answering paragraph 56 of the counter-complaint, OM Life admits that Pfitzer and Family Direct assisted Sean K. Keel to procure life insurance coverage. OM Life further admits that Exhibit "A" attached to the counter-complaint speaks for itself. Further answering paragraph 56 of the counter-complaint, OM Life is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 56 of the counter-complaint, and on that basis, denies each and every allegation contained in paragraph 56 of the counter-complaint.

57. In answering paragraph 57 of the counter-complaint, OM Life admits that Exhibit "B" attached to the counter-complaint speaks for itself. Further answering paragraph 57 of the counter-complaint, OM Life is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 57 of the counter-complaint, and on that basis, denies each and every allegation contained in paragraph 57 of the counter-complaint.

58. In answering paragraph 58 of the counter-complaint, OM Life admits that Exhibit "B" attached to the counter-complaint speaks for itself. Except as expressly admitted, OM Life denies each and every remaining allegation contained in paragraph 58.

59. In answering paragraph 59 of the counter-complaint, OM Life admits that Exhibit "B" attached to the counter-complaint speaks for itself. Except as expressly admitted, OM Life denies each and every remaining allegation contained in paragraph 59.

60. In answering paragraph 60 of the counter-complaint, OM Life admits that Exhibits "B" and "C" attached to the counter-complaint speak for themselves. Further answering paragraph 60 of the counter-complaint, OM Life is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 60 of the counter-complaint, and on that basis, denies each and every allegation contained in paragraph 60 of the counter-complaint.

61. In answering paragraph 61 of the counter-complaint, OM Life admits that Exhibits "A" and "E" attached to the counter-complaint speak for themselves. OM Life further admits that the application for the Policy was attached to the Policy and made part of the Policy. Except as expressly admitted, OM Life denies each and every remaining allegation contained in paragraph 61.

62. In answering paragraph 62 of the counter-complaint, OM Life admits that Exhibits "D" and "E" attached to the counter-complaint speak for themselves. OM Life further admits that Exhibits "D" and "E" were delivered to Sean Keel, and that Pfitzer and Family Direct were authorized to deliver Exhibit "E" to the counter-complaint to Sean Keel. Except as expressly admitted, OM Life denies each and every remaining allegation contained in paragraph 62.

63. In answering paragraph 63 of the counter-complaint, OM Life admits that Exhibit "E" attached to the counter-complaint speaks for itself. Except as expressly admitted, OM Life denies each and every remaining allegation contained in paragraph 63.

64. In answering paragraph 64 of the counter-complaint, OM Life admits that Exhibits "C" and "E" attached to the counter-complaint speak for themselves. Except as expressly admitted, OM Life denies each and every remaining allegation contained in paragraph 64.

65. In answering paragraph 65 of the counter-complaint, OM Life is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 65 of the counter-complaint, and on that basis, denies each and every allegation contained in paragraph 65 of the counter-complaint

66. In answering paragraph 66 of the counter-complaint, OM Life admits that DECEDENT died January 21, 2006. Further answering paragraph 66 of the counter-complaint, OM

Life is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 66 of the counter-complaint, and on that basis, denies each and every allegation contained in paragraph 66 of the counter-complaint.

67. In answering paragraph 67 of the counter-complaint, OM Life alleges that the Policy was not in effect as of January 21, 2006. Further answering paragraph 67 of the counter-complaint, OM Life is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 67 of the counter-complaint, and on that basis, denies each and every allegation contained in paragraph 67 of the counter-complaint.

68. In answering paragraph 68 of the counter-complaint, OM Life admits that on or about January 23, 2006, Defendant called OM Life and the status of the Policy was discussed with her. Further answering paragraph 68, OM Life admits that Exhibit "G" attached to the counter-complaint speaks for itself. Except as expressly admitted, OM Life denies each and every remaining allegation contained in paragraph 68.

69. In answering paragraph 69 of the counter-complaint, OM Life alleges that the Policy was not in effect as of January 21, 2006. Further answering paragraph 67 of the counter-complaint, OM Life is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 69 of the counter-complaint, and on that basis, denies each and every allegation contained in paragraph 69 of the counter-complaint.

70. In answering paragraph 70 of the counter-complaint, OM Life admits that Exhibit "H" attached to the counter-complaint speaks for itself. Except as expressly admitted, OM Life denies each and every remaining allegation contained in paragraph 70.

71. In answering paragraph 71 of the counter-complaint, OM Life admits that Exhibit "H" attached to the counter-complaint speaks for itself. OM Life further admits that it did not respond to Defendant's February 9, 2007 letter because on or about January 23, 2007 and in a letter dated January 27, 2007, OM Life had already advised Defendant that the Policy was not activated prior to January 21, 2006. Further answering paragraph 71 of the counter-complaint, OM Life is without knowledge or information sufficient to form a belief as to the truth of the remaining

1  allegations contained in paragraph 71 of the counter-complaint, and on that basis, denies each and
2  every allegation contained in paragraph 71 of the counter-complaint.

### FIRST COUNTERCLAIM
[Breach of Implied Contract for Temporary Insurance and
Breach of the Implied Covenant of Good Faith and Fair Dealing
Against Counter-defendant OM FINANCIAL SERVICES COMPANY]

6   72.     In answering paragraph 72 of the counter-complaint, OM Life realleges and
7  incorporates by reference paragraphs 48 through 71 of the Answer as set forth above.

8   73-77.   In answering paragraphs 73 through 77, OM Life denies each and every remaining
9  allegation contained in paragraphs 73 through 77.

### SECOND COUNTERCLAIM
[Professional Negligence Against Cross-defendants PATRICE ANN PFITZER
and FAMILY DIRECT INSURANCE SERVICES, INC.]

13   78.    In answering paragraph 78 of the counter-complaint, OM Life realleges and
14  incorporates by reference paragraphs 48 through 77 of the Answer as set forth above.

15   79-81.  In answering paragraphs 79 through 81, OM Life alleges that these allegations are
16  not directed at OM Financial. Accordingly, on that basis, OM Life denies each and every allegation
17  contained in paragraphs 79 through 81 of the counter-complaint.

### THIRD COUNTERCLAIM
[Constructive Fraud Against Cross-defendants PATRICE ANN PFITZER
and FAMILY DIRECT INSURANCE SERVICES, INC.]

21   82.    In answering paragraph 82 of the counter-complaint, OM Life realleges and
22  incorporates by reference paragraphs 48 through 81 of the Answer as set forth above.

23   83-87.  In answering paragraphs 83 through 87, OM Life alleges that these allegations are
24  not directed at OM Financial. Accordingly, on that basis, OM Life denies each and every allegation
25  contained in paragraphs 83 through 87 of the counter-complaint.

## THIRD [sic] COUNTERCLAIM
### [Negligent Misrepresentation Against Cross-defendants PATRICE ANN PFITZER and FAMILY DIRECT INSURANCE SERVICES, INC.]

88. In answering paragraph 88 of the counter-complaint, OM Life realleges and incorporates by reference paragraphs 48 through 87 of the Answer as set forth above.

89-90. In answering paragraphs 89 through 90, OM Life alleges that these allegations are not directed at OM Financial. Accordingly, on that basis, OM Life denies each and every allegation contained in paragraphs 89 through 90 of the counter-complaint.

## FOURTH [sic] COUNTERCLAIM
### [Negligence Against Cross-defendants PATRICE ANN PFITZER and FAMILY DIRECT INSURANCE SERVICES, INC.]

91. In answering paragraph 91 of the counter-complaint, OM Life realleges and incorporates by reference paragraphs 48 through 90 of the Answer as set forth above.

92. In answering paragraph 92 of the counter-complaint, OM Life admits that Defendant filed suit against Cross-defendants Pfitzer and Family Direct in San Francisco Superior Court and voluntarily dismissed the action without prejudice. Further answering paragraph 92 of the counter-complaint, OM Life is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 92 of the counter-complaint, and on that basis, denies each and every allegation contained in paragraph 92 of the counter-complaint.

93-94. In answering paragraphs 93 and 94 of the counter-complaint, OM Life admits that Defendant filed a consumer complaint with the California Department of Insurance in connection with the Policy. Further answering paragraphs 93 and 94 of the counter-complaint, OM Life is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraphs 93 and 94 of the counter-complaint, and on that basis, denies each and every allegation contained in paragraphs 93 and 94 of the counter-complaint.

95. In answering paragraph 95, OM Life admits that it filed the instant action alleging, among other things, a cause of action for declaratory relief. Except as expressly admitted, OM Life denies each and every remaining allegation contained in paragraph 95.

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

96.  Defendant's counter-complaint and each cause of action contained therein fail to state facts sufficient to constitute a cause of action against OM Life.

## SECOND AFFIRMATIVE DEFENSE

### (Uncertainty)

97.  Defendant's counter-complaint and each cause of action contained therein against OM Life are uncertain, ambiguous and unintelligible.

## THIRD AFFIRMATIVE DEFENSE

### (Waiver)

98.  Defendant's counter-complaint and each cause of action contained therein against OM Life are barred by the doctrine of waiver.

## FOURTH AFFIRMATIVE DEFENSE

### (Laches)

99.  Defendant's counter-complaint and each cause of action contained therein against OM Life are barred by the equitable doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

### (Causation)

100.  Defendant's counter-complaint and each cause of action contained therein failed to show that any alleged acts or omissions of OM Life caused the injuries or damages claimed by Defendant.

## SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

101.  Defendant's counter-complaint and each cause of action contained therein against OM Life are barred by the equitable doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

102. Defendant's counter-complaint and each cause of action contained therein against OM Life are barred by the doctrine of estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

103. Defendant failed to mitigate her damages, if any, and Defendant's counter-complaint and each cause of action contained therein against OM Life are thus barred or diminished, in an amount to be ascertained upon proof at time of trial.

## NINTH AFFIRMATIVE DEFENSE

### (Consent)

104. Defendant acquiesced in and/or consented to the acts and omissions alleged in the counter-complaint.

## TENTH AFFIRMATIVE DEFENSE

### (Fault of Defendant/Counter-defendant)

105. If Defendant/Counter-claimant suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the breach of duty, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of Defendant and/or Sean K. Keel.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Fault of Others)

106. If Defendant suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of others, and not by OM Life.

## TWELFTH AFFIRMATIVE DEFENSE

### (Intervening Acts)

107. The damages complained of were the result of the intervening actions of others and were not proximately caused by the actions or omissions of OM Life.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Material Misrepresentation/Omission)

108. Defendant's counter-complaint and each cause of action contained therein against OM Life are barred because Sean Keel misrepresented and/or omitted material information from the application for the Policy.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Contribution)

109. Any harm alleged can be attributed to several causes, and the damages for this harm, if any, should be apportioned among the various causes according to the contribution of each cause to the harm sustained.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Ratification)

110. Defendant expressly, ostensibly and/or implicitly authorized or ratified the acts and omissions alleged in the Counter-complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Contributory Negligence)

111. Damages, if any, sustained by Defendant/Counter-claimant were caused and/or contributed to, in whole or in part, through the acts, conduct, omissions, activities, carelessness, recklessness, negligence and/or intentional misconduct of third parties, and not through any acts or conduct by OM Life.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Good Faith)

112. The acts and statements of OM Life to and with reference to Defendant were fair and reasonable and were performed in good faith based on all relevant facts known to OM Life.

### NINETEENTH AFFIRMATIVE DEFENSE

### (*In Pari Delicto*)

113. Defendant's counter-complaint and each cause of action contained therein against OM Life are barred by the doctrine of *in pari delicto*.

### TWENTIETH AFFIRMATIVE DEFENSE

114. OM Life reserves its right to allege other affirmative defenses as they may become known during the course of discovery, and hereby specifically reserves the right to amend its answer to allege said affirmative defenses at such time as they become known.

WHEREFORE, OM Life prays for judgment as follows:

1. That Defendant takes nothing by reason of her counter-complaint on file herein;
2. That OM Life be awarded its costs of suit incurred in defense of this counteraction; and
3. For such other and further relief as this Court may deem proper.

DATED: April 9, 2008

REED SMITH LLP

By ___/S/___
Mark J. Wakim
*Attorneys for Plaintiff and Counter-defendant*
OM FINANCIAL LIFE INSURANCE COMPANY

# PROOF OF SERVICE

*OM Financial Services Company v. Rosa Rivera Keel, et al.*

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and am not a party to the within action; my business address is Reed Smith, 355 South Grand Avenue, Suite 2900, Los Angeles, California 90071.

On April 9, 2008, I served the following document(s) described as om financial life insurance company's **ANSWER TO COUNTERCLAIM FOR BREACH OF IMPLIED CONTRACT FOR TEMPORARY INSURANCE AND BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING** on interested parties in this action by placing a true copy thereof enclosed in sealed envelopes as follows:

Frank S. Moore, Esq.
**LAW OFFICES OF FRANK S. MOORE, APC**
Suzy C. Moore, Esq.
**LAW OFFICES OF SUZY C. MOORE**
1374 Pacific Avenue
San Francisco, CA 94109

Telephone: (415) 292-6091
Facsimile: (415) 292-6694

*Attorneys for Plaintiff*
**ROSA RIVERA-KEEL**

Peter Dixon
Alex Graft
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
One Sansome Street, Suite 1400
San Francisco, California 94104

Telephone: (415) 362-2580
Facsimile: (415) 434-0882

*Attorneys for Defendants and Cross Defendants*
**PFITZER and FAMILY DIRECT INSURANCE SERVICES, INC.**

[X] **(BY U.S. Mail)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit. I deposited such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at Los Angeles, California.

[ ] **(By Facsimile)** I served a true and correct copy by facsimile pursuant to C.C.P. 1013(e), calling for agreement and written confirmation of that agreement or court order, to the number(s) listed above or on attached sheet. Said transmission was reported complete and without error.

[ ] **(By Overnight Courier)** served the above referenced document(s) enclosed in a sealed package, for collection and for delivery marked for next day delivery in the ordinary course of business, addressed to the office of the addressee(s) listed above or on attached sheet.

[X] **(FEDERAL)** I declare that I am employed in the office of a member of the Bar of this Court as whose direction the service is made.

Executed on April 9, 2008, at Los Angeles, California.

/S/
_____
SANDRA GARCIA

PROOF OF SERVICE